IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM HEATH HORNADY, CHRISTOPHER MILLER and TAKENDRIC STEWART, individually and on behalf of all other similarly situated,     Plaintiffs, | ) ) ) ) ) ) ) |
| v. | )   CIVIL ACTION NO. 18-00317-JB-N |
| OUTOKUMPU STAINLESS USA, LLC,     Defendant. | ) ) ) ) ) |

## ORDER

This action is before the Court on the "Consolidated Motion (and Incorporated Brief) to Strike Certain Affirmative Defenses and Motion to Compel Discovery Responses" (Doc. 96) filed by the Plaintiffs.[1]  Despite having been given 28 days to do so, which included a 14-day extension granted on the Defendant's motion (*see* Docs. 97, 102, & 103), the Defendant has filed no response in opposition to the motion, nor has it requested additional time to do so.  Upon consideration of the representations in the Plaintiffs' motion, and the Defendant's lack of a response,[2]

---

[1] The assigned District Judge has referred this motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a).  See S.D. Ala. GenLR 72(b); (6/12/2019 electronic reference).

[2] *See* S.D. Ala. CivLR 7(c) ("Failure to file a brief in opposition to any motion, other than one under Fed. R. Civ. P. 12(b) or 56, may be sufficient cause to grant the motion.").

the Plaintiffs' motion to strike and compel (Doc. 96) is **GRANTED**.³

Accordingly, the Defendant's defenses labeled as "First Defense," "Third Defense," "Fourth Defense," "Ninth Defense," and "Tenth Defense" in its answer (Doc. 54) to the operative complaint are hereby **STRICKEN** pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(iii) as a sanction under Federal Rules of Civil Procedure 16(f)(1)(C) (permitting the district court to "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney…fails to obey a scheduling or other pretrial order.").⁴ Further, under Federal Rule of Civil Procedure 37(a), the Defendant is **ORDERED** to serve the Plaintiffs with (1) the information required by Section 3 of the Phase I Scheduling Order (Doc. 91), and (2) complete responses to the Plaintiff's First Set of

---

³ The Plaintiffs' motion for the Court to take their motion to strike and compel under submission early due to the lack of Defendants' response (Doc. 107) is **GRANTED**.

⁴ The Plaintiffs' motion requests that the defenses be stricken as a sanction under Federal Rule of Civil Procedure 37(c)(1)(C), which permits a district court to impose Rule 37(b)(2)(A)(iii) sanctions in where "a party fails to provide information or identify a witness as required by Rule 26(a) or (e)." The default deadlines for making Rules 26(a)(2) or 26(a)(3) disclosures have not yet run, and the Court has not set different deadlines for such disclosures. The Plaintiffs also do not claim that the Defendant failed to properly supplement a previously served discovery response under Rule 26(e). As for the initial disclosures requirement of Rule 26(a)(1), the Federal Rule of Civil Procedure 16(b) Phase I Scheduling Order directed the Defendant to "serve the plaintiffs with a description, by category and location, of the information required by Fed. R. Civ. P. 26(a)(1)(A)(ii) concerning the subjects of Phase 1 Discovery," but otherwise exempted all parties from Rule 26(a)(1)'s initial disclosures requirement. (Doc. 91, § 3). It is at least debatable whether the Defendant's failure to provide "a description…of the information required by Fed. R. Civ. P. 26(a)(1)(A)(ii)" constitutes a failure to provide "information…as required by Rule 26(a)." However, because that directive was clearly included in a Rule 16(b) scheduling order, the undersigned finds that Rule 37(b)(2)(A)(iii) sanctions are more appropriately imposed under Rule 16(f) than Rule 37(c)(1).

Interrogatories and Requests for Production (Doc. 96-1), with the exception of Interrogatories 4, 5, and 6, as the Plaintiffs concede that the striking of the aforementioned defenses moots the need for responses to those interrogatories (*see* Doc. 96 at 7 n.4).  The Defendant is **ORDERED** to comply with the foregoing directive no later than **Friday, July 26, 2019**, unless the Plaintiffs agree to a later date for compliance.

    **DONE** and **ORDERED** this the 12th day of July 2019.

                                         */s/ Katherine P. Nelson*
                                         **KATHERINE P. NELSON**
                                         **UNITED STATES MAGISTRATE JUDGE**