IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

| | |
|---|---|
| **WILLIAM HEATH HORNADY, CHRISTOPHER MILLER and TAKENDRIC STEWART, Individually and on behalf of all others similarly situated,,**<br><br>Plaintiffs,<br><br>vs.<br><br>**OUTOKUMPU STAINLESS USA, LLC,**<br><br>Defendant. | CIVIL ACTION NO.<br>1:18-CV-00317-JB-N |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS, RELATED MOTION TO COMPEL WITH INCORPORATED BRIEF (AND REQUEST FOR EXPEDITED BRIEFING SCHEDULE)**

In accordance with the Court's Order (Doc 218), Defendant hereby files its response in opposition to Plaintiffs' Motion for Sanctions, Related Motion to Compel with Incorporated Brief (And Request for Expedited Briefing Schedule).  (Doc. 216).

Plaintiffs seek unjustifiable, extraordinary sanctions and Defendant's conduct, even as purported by Plaintiffs in the worst light in an attempt to show misconduct, does not warrant the sanctions sought.  Certainly finding for Plaintiffs in a collective action where discovery is continuing and important disagreement exists regarding both law and fact would be a determination outside the farthest reach of a court.  Simply put, unlike the cases relied on by Plaintiffs, Defendant has not refused to participate in discovery.  *Thornton v. Hosp. Mgmt. Assocs.,*

*Inc.*, 787 F. App'x 634, 638 (11th Cir. 2019).  Nor is there any evidence to suggest a willful or bad faith failure to comply with discovery orders.  *Id*.  Instead, Defendant has been actively engaged in discovery and been trying to provide Plaintiffs with applicable time and pay data.  As described by Plaintiffs in their motion and shown in the exhibits attached to their motion, Defendant has been providing pay and time data for named plaintiffs since the outset of the action.  Although Plaintiffs now take issue with the information that have been produced, it clearly cannot be said that Defendant has refused to participate in discovery.  Moreover, Defendant's repeated production of time and pay data, including all the data it believed was necessary for all opt-in plaintiffs cannot be construed as a willful or bad faith failure to obey a discovery order.  *Id.*   To date, Defendant has provided approximately 2,189 documents (not including initial data that was not Bates-stamped), provided 3 deponents, including three different corporate representatives so as to ensure that Plaintiffs requests for areas of questioning could be met, and even agreed to modify documents and data to fit Plaintiffs' counsel's desire to have information provided through one specific format rather than another.  The sanctions requested by Plaintiffs are wholly inappropriate in this matter and Defendant respectfully requests the Court to deny Plaintiffs' motion.

To provide some context and clarification, the information required by early Orders in the previously associated *Hartery* matter is not all easily or readily available on one Excel document as Plaintiffs would like.  For payroll, Defendant has always used ADP but for timekeeping, Defendant used an SAP system until August 2017 and then switched its timekeeping to an ADP system.  To obtain the time and pay information it has been providing throughout this litigation, Defendant's payroll specialist, Melissa Pledger, has run an extraordinary number of reports for the requested employees/former employees from both the respective ADP and/or SAP systems.  As demonstrated in the exhibits in Plaintiffs' motion, there are varying formats in which the reports

display, related to the two differing systems. Frankly, there has been some trial and error as this litigation has progressed because collecting this time and pay data in a "usable" format is not a regularly conducted activity by Defendant. That is not to suggest that the Defendant does not maintain the requisite information as Plaintiffs baselessly contend. In fact, the employees themselves have access to their time and pay information on an application of ADP and therefore, Defendant does not regularly collect and display this data for each of its employees or provide that data in a manner that is prudent for complex calculations, such as the manner in which Plaintiffs demand the information.

     For the initial summaries, in its good faith effort to comply with the Court's Order and to provide the information to Plaintiffs in a clear manner, Defendant compiled the information into one document and to do so, Defendant input the pay rate and pay date into the document. Subsequently, Defendant continued to provide pay and time data and worked with Plaintiffs' counsel to provide any missing information once it was identified (for example, if there was months missing due to the switch in timekeeping systems). Notably, Plaintiffs prepared damage calculations based on the information provided to them as recently as October 2019 and as a result, Defendant was not aware of any missing information in what it had been providing to Plaintiffs. It is also worth mentioning that Defendant has always been willing to provide the data because Defendant believed the data would assist the parties in discussing the potential for early resolution.

     In Plaintiffs' written discovery requests, they request "Pay Statements" and Defendant sought to provide same. The "Pay Statements," however, are not created by Defendant. Instead they are automatically done in PDF format when Ms. Pledger runs them from the ADP system and Defendant advised Plaintiffs of that process and these facts. Plaintiffs then asserted that they did not want the "Pay Statements" because they wanted the information in an Excel format rather than

PDF and pointed out that they previously received pay information in an Excel format. The pay information in question was referred to as "Check Details" and is not the same as "Pay Statements," but it does include amounts paid to employees. Once Plaintiffs specified that the "Check Details" was the information they sought, Defendant agreed to provide this format for pay for every one of the 200 plus opt-in Plaintiffs. Defendant also found a way to provide all time information in the Excel format requested by Plaintiff. As such, Defendant complied with the Court's Order to provide such time and pay information for all opt-in Plaintiffs, beginning with former employees, in thirds as set out by Judge Nelson. (Doc. 172). To obtain the information for more than two hundred individuals, Ms. Pledger had to spend substantial hours running all the reports for each employee from 2015 to present, for current employees and lesser but still substantial time for former employees. Defendant's commitment of substantial hours of its employees' time to run thousands of pages of reports with time and pay information for more than two hundred opt-in Plaintiffs is evidence that Defendant has been fully engaged in discovery. To the degree that there are issues with the production, any errors or oversight were inadvertent and clearly not any willful or bad faith conduct by Defendant.

Plaintiffs particularly focus on the lack of noted pay rates. Importantly, the "Pay Statements" do indicate a pay rate and had Plaintiffs accepted the production of those documents, Plaintiffs would have pay rate information they claim that Defendant tried to conceal. However, Plaintiffs instead explicitly demanded that they wanted a different set of information and therefore, Defendant complied with their request for the Check Details in Excel format instead. Defendant did not realize that the switch in format would leave the Plaintiffs without the pay rate information. Unsurprisingly, looking at the time and pay records alone does not provide a full understanding of the Defendant's time and pay practices and explanation by Ms. Pledger at her deposition and

otherwise highlighted some of the Defendant's practices that are not readily evident on the face of the documents that had been provided. For example, Ms. Pledger explained that employees have timecards which are electronic records in the timekeeping system and employees can see their schedule and their manager can modify the time card to reflect any overtime worked and any time that an employee worked at a different rate of pay. Those nuanced issues do not appear in the regular clock in/clock out time records or the Check Details information that had been requested by Plaintiffs. Ms. Pledger also tried to explain her understanding of how the ADP system (**not any process created by Defendant**) handles regular rate of pay and "trues up" payments to employees. As she testified, she did not create and does not have the formula used by ADP. From her understanding, she sees a regular rate of pay on her payroll register but it is not explicitly reflected on the reports she has provided. Defendant was certainly not trying to conceal any of this information but rather these irregularities were not explicitly contemplated, by Plaintiffs or Defendant, when trying to gather all the time and pay information provided to date. Further, Plaintiffs themselves know their rates of pay. Defendant has asked ADP to provide information as to how and why its system does the "true up."

As the Court is aware, in the weeks following Ms. Pledger's testimony, Plaintiffs filed a Motion for Partial Summary Judgment. (Doc. 191). The parties also attended a telephone conference with Judge Nelson wherein some of the above discovery issues were discussed and the Court entered its most recent Scheduling Order in this matter extending factual discovery to allow the parties to resolve these pending issues. (Doc. 201). Plaintiffs then proposed a Stipulated Order on some of these discovery issues. (Doc.212). Since that time, in addition to the ongoing briefing occurring in this matter, Defendant has been working to comply with the Stipulated Order. As Ms. Pledger testified, the time card data is an electronic record and Defendant has worked to

determine how it could best obtain the information contained in the time card to provide it to Plaintiffs. To that end, Defendant determined it could run a timecard report which shows when an employee worked at a different pay rate code and Defendant ran that for the exemplar Plaintiffs and provided the reports to Plaintiffs. Defendant also provided the pay rate codes for the last few years that correspond with the pay rate codes shown on the reports. Nevertheless, Plaintiffs again are unhappy with the PDF format of the information and as such, Defendant has been spent time looking into other methods of obtaining such timecard information. Defendant also provided an older policy testified to by Ms. Pledger and enlisted assistance of its IT department to obtain an email that Ms. Pledger was asked about during her deposition as well, which was also provided to Plaintiffs. Subsequent to its initial production, Defendant conducted an additional search to determine pay rate codes for 2015, 2016 and 2017 and sought a way to obtain just pay rate data, exclusive of the timecard step up rates, and Defendant has since located same and will provide to Plaintiffs contemporaneously with the filing of this response.

With regard to the "true up" information, in accordance with the Stipulated Order, Defendant advised Plaintiffs that there was no corporate representative of Defendant that could testify as requested regarding how the ADP system works. Instead it prepared correspondence to ADP seeking the information that Plaintiffs requested. Defendant provided a copy of that correspondence to Plaintiffs. Defendant then sent that correspondence and is still seeking information from ADP to obtain a full response and understanding of the ADP process of setting regular rates of pay as raised by Ms. Pledger. Thus far ADP has not been very helpful. Again, there is absolutely no evidence to suggest that Defendant is acting in bad faith or willfully refusing to participate in discovery or comply with a discovery order. To the contrary, as evidenced by Defendant's ongoing efforts to obtain the information sought and the language of the Order itself,

Defendant has been actively engaged and participating in discovery in good faith.

Further, Plaintiffs note previous hearings on their motions to compel to imply difficulties with Defendant participating in discovery, but Plaintiffs fail to mention that much of the discussion in those hearings centered on the overly broad and unclear language used by Plaintiffs in their discovery requests and objected to by Defendant. Judge Nelson is familiar with the nature of the requests and after argument by all counsel, Judge Nelson repeatedly requested Plaintiffs narrow and clarify the information sought by the request.

Lastly, Plaintiffs make multiple unfounded comments suggesting that Defendant is somehow benefitted from concealment of information and that delay in litigation is beneficial to Defendant. Defendant wholly disagrees – with every discovery issue and lengthy brief filed by Plaintiffs in this action, Defendant incurs the legal costs and fees associated with defense of same and it is not practical to suggest in this very active litigation that "prolonged delay in adjudication provides a significant benefit to Defendant…" (Doc. 216, Page ID #2459).

For the foregoing reasons and because there is no evidence to support the sanctions requested by Plaintiffs, Defendant respectfully requests the Court deny Plaintiffs' motion (Doc. 216).

Respectfully submitted this 22nd day of June, 2020.

                                */s/ Gavin S. Appleby*
                                Jennifer F. Swain, ASB-7761-I67J

**OF COUNSEL:**
**LITTLER MENDELSON, P.C.**
420 20th Street North, Suite 2300
Birmingham, AL 35203-3204

Telephone: (205) 421-4700
jswain@littler.com

                                                Gavin S. Appleby, GA Bar 020825
                                                (Admitted *pro hac vice*)

**OF COUNSEL:**
**LITTLER MENDELSON, P.C.**
3344 Peachtree Road N.E., Suite 1500
Atlanta, GA 30326
Phone: (404) 233-0330
Facsimile: (404) 233-2361
gappleby@littler.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2020, **Defendant's Response in Opposition to Plaintiffs' Motion for Sanctions, Related Motion to Compel with Incorporated Brief (And Request for Expedited Briefing Schedule)** was filed electronically through the ECF system, is available for viewing and downloading from the ECF system and will be sent electronically to the registered participants identified on the Notice of Electronic Filings, including Plaintiffs' counsel of record as follows:

Ian D. Rosenthal
HOLSTON, VAUGHAN & ROSENTHAL, LLC
P. O. Box 195
Mobile, AL  36601
idr@holstonvaughan.com

Patrick H. Sims
SIMS LAW FIRM, LLC
P. O. Box 7112
Mobile, AL  36670
Tel: 251.725.1316
patrick@simslawfirm.net

*/s/ Gavin S. Appleby*
Gavin S. Appleby
Counsel for Defendant

9