IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM HEATH HORNADY, CHRISTOPHER MILLER and TAKENDRIC STEWART, individually and on behalf of all other similarly situated, Plaintiffs, v. OUTOKUMPU STAINLESS USA, LLC, Defendant. | ) ) ) ) ) ) ) ) ) CIVIL ACTION NO. 18-00317-JB-N ) ) ) ) |

## REPORT AND RECOMMENDATION

This action is before the Court on the "Plaintiffs' Renewed Motion for Sanctions, and/or Related Motion to Compel" filed September 3, 2020 (Doc. 238). The assigned District Judge has referred said motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (9/4/2020 electronic reference). The Defendant filed a response (Doc. 241) in opposition to said motion, and the Plaintiffs' filed a reply (Doc. 247) to the response. The undersigned held a hearing for said motion on the record with the parties on October 8, 2020.

The present motion is the latest salvo in a long-running discovery dispute over the Defendants' production of its payroll records in this conditionally certified Fair Labor Standards Act collective action. On October 15, 2018, by agreement of the parties, the Court entered a "Superseding Preliminary Scheduling Order" (Doc. 64) allowing for limited discovery prior to holding a settlement conference on January

31, 2019. The "Superseding Preliminary Scheduling Order" directed the Defendant to produce, among other things, the following material by October 31, 2018:

> A separate Excel Data file for each Plaintiff reflecting the following information as set out in the "Earnings Statements" provided to each employee every two weeks: pay date; pay period ending date; gross pay; total overtime earnings; regular shift hourly rate(s), including multiple regular shift hourly rates if applicable. To the extent the corresponding "Earnings Statements" are also readily available, they are to be produced, and if they are not produced, the Plaintiffs may request documents that would be reasonable to produce and that may be helpful before the settlement conference. If this becomes an area of dispute, any party may request appropriate relief from the Court by filing a motion. This data shall be for July 1, 2015 –present (or employment termination date). This information shall be verified by the Defendant.

(Doc. 64, PageID.461-462). After the January 31, 2019 conference did not result in settlement, the Court directed the parties to meet and confer under Federal Rule of Civil Procedure 26(f), and further discovery ensued, which has included several other motions to compel brought by the Plaintiffs (Docs. 96, 146, 160). On May 28, 2020, at the parties' request, the Court also entered a stipulated order directing production of certain specified information. (Docs. 207, 208).

On June 15, 2020, the Plaintiffs filed a "Motion for Sanctions [with] Related Motion to Compel" (Doc. 216), detailing a plethora of purported deficiencies in the Defendant's production of payroll records. Particularly of note, the motion represented that, at her March 11, 2020 deposition, Melissa Pledger, the Defendant's Senior Payroll Specialist and Federal Rule of Civil Procedure 30(b)(6) representative, revealed (for the first time, according to the Plaintiffs), that there is

a process "built into [the Defendant's] payroll system that the payroll provider trues up the regular rate of pay…" (Doc. 216-11, PageID.2531 [Pledger Depo., p. 38]). As the Plaintiffs explain this process, the accuracy of which the Defendant does not challenge, the Defendant "sometimes does not pay overtime rates on its regular paychecks every two weeks at the proper rate of 1.5 X regular rates. So, … each month [the Defendant] runs an analysis which includes whether overtime in earlier pay periods was underpaid. If so, [the Defendant] includes an additional amount in the first regular paycheck of the next calendar month which includes a 'trued up' amount." (Doc. 216, PageID.2470). Pledger admitted that third-party payroll servicer ADP's system handles the "truing up" calculations, and that she "rel[ies] on them to do it." (Doc. 216-11, PageID.2532 [Pledger Depo., p. 39]).

In its response to that motion (Doc. 220), the Defendant denied most of the Plaintiffs' claims of deficient discovery responses, but acknowledged "that there was no corporate representative of Defendant that could testify as requested regarding how the ADP system works." (Doc. 220, PageID.2628). The Defendant represented that it had engaged in informal efforts to obtain relevant information from ADP but that "[t]hus far ADP has not been very helpful." (*Id.*). After holding a hearing on the Plaintiffs' June 15, 2020 motion for sanctions and to compel, the undersigned entered an order on July 22, 2020, denying that motion "at this time to allow the Defendant an opportunity to subpoena relevant information from third-party payroll timekeeping servicer ADP[,]" but preserving the Plaintiffs' ability to "renew that motion at an appropriate time if the Defendant fails to timely

subpoena ADP, or if its efforts are unsuccessful." (Doc. 229, PageID.2697). The Defendant was ordered to issue a subpoena to ADP by July 29, 2020. (*Id.*).

On September 3, 2020, the Plaintiffs filed their present renewed motion for sanctions and to compel (Doc. 238),[1] asserting that ADP has produced nothing in response to the Defendant's subpoena, and that the Defendant has otherwise failed to remedy any of the deficiencies pointed out in their previous motion for sanctions and to compel (Doc. 216). In response, the Defendant stated, in relevant part:

> [I]n response to the subpoena, ADP explained that the reports it provides in response to pay document and pay system requests are in PDF, which is an unacceptable format to Plaintiffs … Further, ADP advised that if its data was extracted, it would be useless to anyone who does not have the ADP interface. Additionally, ADP advised that it could not provide reports on an individualized basis, which is also unacceptable to Plaintiffs … ADP did advise that Defendant could work directly with its assigned contact to seek individualized reports in an Excel format … Defendant sought to do so, however, the contact has been unable to speak with Defendant without first coordinating with its managers and legal department … Therefore, despite Defendant's clear efforts in the subpoena and in subsequent communications with ADP to obtain clarification from ADP on regular rate of pay and potential for individualized reports, Defendant is without any additional information from ADP at this time … It is Defendant's understanding that ADP is willing to schedule a call to discuss this situation, but ADP has not sought to schedule such call yet.

To date, the Defendant has made no formal attempts to enforce its subpoena under Federal Rule of Civil Procedure 45.

"It is the employer's duty to keep records of the employee's wages, hours, and

---

[1] The Plaintiffs' renewed motion incorporates by reference their initial motion for sanctions and/or to compel (Doc. 216).

other conditions and practices of employment. The employer is in a superior position to know and produce the most probative facts concerning the nature and amount of work performed and employees seldom keep such records themselves." *Allen v. Bd. of Pub. Educ. for Bibb Cty.*, 495 F.3d 1306, 1315 (11th Cir. 2007) (citation and quotation omitted). "The obligation is the employer's and it is absolute. He cannot discharge it by attempting to transfer his statutory burdens of accurate record keeping, 29 U.S.C.A. 211(c), and of appropriate payment, to the employee. The employer at its peril, had to keep track of the amount of overtime worked by those of its employees in fact within the Act." *Caserta v. Home Lines Agency, Inc.*, 273 F.2d 943, 946 (2d Cir. 1959) (Friendly, J.) (quotation omitted). *Accord Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 363 (2d Cir. 2011) ("[A]n employer's duty under the FLSA to maintain accurate records of its employees' hours is non-delegable.").

The upshot of the Plaintiffs' myriad complaints is that the payroll records the Defendant has produced thus far are inaccurate and unreliable. The undersigned finds it unnecessary to address each and every one of the Plaintiffs' complaints. For purposes of the sanctions the undersigned finds it appropriate to impose, it is enough to conclude that the Defendant's failure to timely obtain information from ADP renders the payroll information it has produced unreliable. As Pledger testified, and as the Defendant appears to concede, ADP was responsible for calculating "trued up" payments in the first paychecks of each month, and she does not know how this was done. The Defendant does not seriously contest that information from ADP is necessary to fully understand the pay records it has already produced, although

discovery has been closed since September 11, 2020. (*See* Doc. 201, PageID.2050).

While recognizing that the Court has "substantial discretion" in imposing discovery sanctions (*see* Doc. 216, PageID.2452), the Plaintiffs specifically request entry of a default judgment both as to liability and as to the method for calculating back pay, along with a 3% increase of all amounts awarded. (*See id.*, PageID.2459-2460). However, "a default judgment sanction requires a willful or bad faith failure to obey a discovery order. Violation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a … default judgment…" *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993) (citation omitted). Moreover, "the severe sanction of a … default judgment is appropriate only as a last resort," when lesser sanctions will not suffice. *Id.*

Here, the undersigned is not persuaded by the record that the Defendant's discovery deficiencies were the result of anything more than negligence.[2] And even if the record arguably could support a finding of willfulness or bad faith, the undersigned finds that there are lesser sanctions available to sufficiently remedy the Defendant's deficient production. Specifically, the United States Supreme Court has already established a remedy for an employer's failure to produce accurate payroll records in an FLSA action, which the Eleventh Circuit Court of Appeals has explained as follows:

---

[2] The undersigned is persuaded that the current discovery impasse has been somewhat exacerbated by the Plaintiffs' broad-ranging and shifting complaints regarding the Defendant's production. Having presided over several discovery hearings in this matter, the undersigned has often found it difficult to pinpoint exactly what it is that the Plaintiffs have wanted the Defendant to produce.

> Although a FLSA plaintiff bears the burden of proving that he or she worked overtime without compensation, "[t]he remedial nature of this statute and the great public policy which it embodies ... militate against making that burden an impossible hurdle for the employee." *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687, 66 S. Ct. 1187, 90 L. Ed. 1515 (1946)...
>
> In *Anderson*, the Court noted that if an employer has failed to keep proper and accurate records and the employee cannot offer convincing substitutes,
>
>> [t]he solution ... is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work. Such a result would place a premium on an employer's failure to keep proper records in conformity with his statutory duty; it would allow the employer to keep the benefits of an employee's labors without paying due compensation as contemplated by the Fair Labor Standards Act.
>
> *Id.*
>
> Thus, in situations where the employer's records cannot be trusted and the employee lacks documentation, the Supreme Court held "that an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Id.* The burden then becomes the employer's, and it must bring forth either evidence of the precise amount of work performed or evidence to negate the reasonableness of the inference to be drawn from the employee's evidence. *Id.* at 687–88, 66 S. Ct. 1187. "If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate." *Id.* at 688, 66 S. Ct. 1187.

*Allen v. Bd. of Pub. Educ. for Bibb Cty.*, 495 F.3d 1306, 1315–16 (11th Cir. 2007).

*Accord Tyson Foods, Inc. v. Bouaphakeo*, -- U.S. --, 136 S. Ct. 1036, 1047, 194 L. Ed. 2d 124 (2016).

Under Federal Rule of Civil Procedure 37(b)(2), a district court may sanction a party that fails to obey an order to provide or permit discovery by, among other things, "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence…" Fed. R. Civ. P. 37(b)(2)(A)(ii). Instead of or in addition to such a sanction, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). The undersigned finds that appropriate sanction in this case are (1) finding that the Plaintiffs are entitled to prove the amount and extent of the work for which they were allegedly improperly compensated utilizing the remedial procedure outlined in *Anderson*, *supra*, (2) prohibiting the Defendant under Rule 37(b)(2)(A)(ii) from introducing any evidence to challenge the Plaintiffs' case that has not already been produced in this action, and (3) also allowing the Plaintiffs to apply for "reasonable expenses" under Rule 37(b)(2)(C), in an amount to be determined following the Plaintiffs' submission of evidence supporting the amount and reasonableness of such expenses, and the Defendant's being allowed an opportunity to respond.

In accordance with the foregoing analysis, and pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b)(1), and S.D. Ala. GenLR 72(a)(2)(S), the undersigned **RECOMMENDS** that the Court **DENY** the "Plaintiffs' Renewed

Motion for Sanctions" (Doc. 238) as to the specific sanctions requested, but **GRANT** it as to the imposition of lesser sanctions, as follows:

1. Ruling that the Plaintiff is entitled to utilize the remedial procedure set forth in *Anderson* to prove the amount and extent of their alleged improperly compensated work;

2. Under Rule 37(b)(2)(A)(ii), the Defendant is prohibited utilizing any evidence not already produced in this action from challenging the Plaintiffs' proof under the *Anderson* procedure; and

3. That the Plaintiffs also be permitted an opportunity to apply for "reasonable expenses" under Rule 37(b)(2)(C).

In the event the Court adopts the first two sanctions recommended above, the undersigned further recommends that the Court **MOOT** the "Plaintiffs' Renewed Related Motion to Compel" (Doc. 238), as the imposition of those sanctions pretermits the need for the Court to compel the Defendant to produce the information sought.

**DONE** and **ORDERED** this the 23rd day of October 2020.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.