IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM HEATH HORNADY, CHRISTOPHER MILLER and TAKENDRIC STEWART, Individually and on behalf of all others similarly situated,<br>    Plaintiffs,<br><br>v.<br><br>OUTOKUMPU STAINLESS USA, LLC,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. 1:18-00317-JB-N<br>)<br>)<br>)<br>) |

## REPORT AND RECOMMENDATIONS

This action is before the Court on Plaintiffs' "Motion to Strike Defenses from Answer to Third Amended Complaint" (Doc. 233). Defendant Outokumpu Stainless, USA, LLC ("Outokumpu") filed a response (Doc. 236) to which Plaintiffs filed a reply (Doc. 237). The Court referred both motions to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)–(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (9/24/2020 electronic referral). Upon consideration, the undersigned **RECOMMENDS** that the Plaintiffs' motion to strike (Doc. 233) be **GRANTED in part** and **DENIED in part**.

### I. Background

This is a Fair Labor Standards Act ("FLSA") case. Plaintiffs' filed the present suit against Outokumpu alleging various violations of the FLSA. After two years of motion practice, the Court granted Plaintiffs leave to file a third amended complaint

(Doc. 221). Plaintiffs' subsequently filed their amended complaint (Doc. 223) to include allegations of a "truing-up" payment process. Outokumpu filed an answer. (Doc. 228). This answer is the subject of Plaintiffs' motion to strike. While this motion to strike has been pending, the parties have filed competing motions for summary judgment. (*See* Docs. 245, 253).

## II. Discussion

Plaintiffs seek to strike Outokumpu's affirmative defenses because (1) some of the defenses have previously been ordered stricken as a sanction, and (2) the remaining defenses have either been waived or are legally deficient. Each category is discussed in turn.

A. Defenses Stricken as a Sanction

Plaintiffs argue that Outokumpu's First, Third, Fourth, Ninth, and Tenth Affirmative Defenses should be stricken from their answer to the third amended complaint because they have previously been ordered stricken as a sanction for its discovery failure. (Doc. 237, PageID.2734). The Court previously ordered Outokumpu's First, Third, Fourth, Ninth, and Tenth Affirmative Defenses to be stricken from its answer to Plaintiffs' second amended complaint due to its failure to comply with the scheduling order. (Doc. 108, PageID.631). These previously stricken defenses are identical to the defenses Outokumpu filed in its answer to Plaintiffs' third amended complaint. *Compare* (Doc. 54, PageID.393–95) *with* (Doc. 228, PageID.2689–92).

2

While Outokumpu does not address its refiling of previously stricken defenses, it does argue generally that it should be free to amend its answer because Plaintiffs have substantively changed their complaint. (Doc. 236, PageID.2723). To support this assertion, Outokumpu cites the general rule that once a party substantively amends a pleading, the opposing party is free to file new defenses as well. *See, e.g.*, *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1202 (11th Cir. 2011) ("[T]he defendant will be allowed to plead anew in response to an amended complaint, as if it were the initial complaint, when the 'amended complaint . . . changes the theory or scope of the case.'" (quoting *Brown v. E.F. Hutton & Co.*, 610 F. Supp. 76, 78 (S.D. Fla. 1985)). However, Outokumpu has not cited any authority that purports to show that a party's amended pleading lifts a previously imposed sanction. The Plaintiffs' amended pleading may have opened the door for new defenses related to the amendment to be filed, but it did not affect the sanctions previously entered by the Court against Outokumpu for its failure to comply with the scheduling order. *Cf. Krinsk*, 654 F.3d at 1202 ("[T]he filing of an amended complaint does not automatically revive all defenses or objections that the defendant may have waived in response to the initial complaint.") Accordingly, the Court should strike Outokumpu's First, Third, Fourth, Ninth, and Tenth Affirmative Defenses.

B. Remaining Defenses

Plaintiffs move to strike Outokumpu's remaining affirmative defenses as either waived or legally insufficient, but the Court should decline to do so. Under

Federal Rule of Civil Procedure 12(f), "an insufficient defense" or "any redundant, immaterial, impertinent, or scandalous matter" may be stricken from pleadings. Courts are generally reluctant to grant motions to strike, as summarized below:

> The primary purpose of a 12(f) motion to strike is to avoid the unnecessary expenditure of judicial resources and the parties' time and money addressing spurious issues. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010); *Kennedy v. City of Cleveland*, 797 F.2d 297, 305 (6th Cir. 1986); *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Striking material from "a party's pleadings is an extreme measure, and, as a result," courts have held that motions " 'to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted.' " *Stanbury Law Firm v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000) (quoting *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977)).
> 
> Courts look unfavorably on motions to strike material from pleadings when the material at issue is merely impertinent or irrelevant. *Brown v. Maxwell*, 929 F.3d 41, 51 n.42 (2d Cir. 2019). This disfavor arises from the law's preference for ensuring that cases are decided on their merits and the reluctance to tamper with pleadings absent a strong reason for doing so. *See* [*Foman v. Davis*, 371 U.S. 178, (1962)]; *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1342 (11th Cir. 2014); *Harris v. Garner*, 216 F.3d 970, 997 (11th Cir. 2000); *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976) (The "courts should not tamper with the pleadings unless there is a strong reason for so doing.").
> 
> There is a danger that in striking a portion of a pleading a court will inadvertently strike relevant material or thereby fail to address a relevant dispute. As the Fifth Circuit noted, courts "generally are not willing to determine disputed and substantial questions of law upon a motion to strike . . ." and instead prefer to resolve them "on the merits." *Augustus v. Bd. of Public Instruction of Escambia Cty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962). Courts also cast a skeptical eye upon motions to strike pleadings "because striking a portion of a pleading is a drastic remedy and because it often is sought by the movant simply as a dilatory or harassing tactic . . . ." Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1380 (3d ed. 2004).

*Silva v. Swift*, 333 F.R.D. 245, 247 (N.D. Fla. 2019). Many courts also require the party seeking to have a pleading stricken demonstrate that it is "prejudiced by the

4

inclusion of the defense." *E.g.*, *United States v. E. River Hous. Corp.*, 90 F. Supp. 3d 118, 131 (S.D.N.Y. 2015) (quoting *Specialty Minerals, Inc. v. Pluess–Staufer AG*, 395 F.Supp.2d 109, 111 (S.D.N.Y. 2005)); *see also Evonik Degussa Corp. v. Quality Carriers, Inc.*, No. 07-cv-00833-WS-B, 2007 WL 4358260, at *1 (S.D. Ala. Dec. 13, 2007) (declining to strike pleadings where, among other deficiencies, there was "no allegation (much less a showing) of prejudice"). Rather than weighing the merits of defenses at the pleading stage on a motion to strike, the validity of defenses is generally "best determined only after further development by way of discovery and a hearing on the merits, either on a summary judgment motion or at trial." Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1381 (3d ed. 2020).

Here, Plaintiffs make no showing of prejudice by the inclusion of the allegedly deficient affirmative defenses in Outokumpu's answer. While Plaintiffs offer a detailed explanation of the alleged legal deficiencies with each of Outokumpu's affirmative defenses, they include no explanation of why allowing these defenses to remain in the answer prejudices their position. Plaintiffs acknowledge that a motion for summary judgment would also resolve any issues with the legal sufficiency of Outokumpu's defenses. (*See, e.g.*, Doc. 233, PageID.2708; Doc. 237, PageID.2735). After filing the present motion to strike, the parties filed competing motions for summary judgment with attached exhibits reflecting information acquired through discovery. (*See* Docs. 244, 265). These motions are better suited to address the merits of Outokumpu's affirmative defenses. *See* Charles Alan Wright & Arthur R. Miller,

5

Federal Practice and Procedure § 1381 (3d ed. 2020). Accordingly, the Court should deny Plaintiffs' motion to strike Outokumpu's remaining affirmative defenses.

### III. Conclusion

Therefore, in accordance with the foregoing analysis, and pursuant to 28 U.S.C. § 636(b)(1)(B)–(C), Federal Rule of Civil Procedure 72(b)(1), and S.D. Ala. GenLR 72(a)(2)(S), the undersigned **RECOMMENDS** that Plaintiffs' Motion to Strike (Doc. 233) be **GRANTED in part** and **DENIED in part**, and that:

- Outokumpu's First, Third, Fourth, Ninth, and Tenth Affirmative Defenses be **STRICKEN** from its answer (Doc. 228); and

- Plaintiffs' motion to strike Outokumpu's remaining Affirmative Defenses be **DENIED**.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district

court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this 4th day of February 2021.

/s/ *Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**