IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **WILLIAM HEATH HORNADY, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) CIVIL ACTION NO. 1:18-00317-JB-N |
| | ) |
| **OUTOKUMPU STAINLESS USA,** | ) |
| | ) |
| **Defendant.** | ) |

### ORDER

Following a hearing to address Defendant OUTOKUMPU STAINLESS USA, LLC's ("Defendant") continuing failure to produce basic and essential documentation relating to its employees who have filed this lawsuit[1], the United States Magistrate Judge denied Plaintiffs' Motion for Sanctions "to allow the Defendant an opportunity to subpoena relevant information from [its] third-party payroll timekeeping servicer ADP . . .." (Doc. 229, PageID.2697). Defendant was Ordered to issue a subpoena to ADP by July 29, 2020. (*Id*.). On July 29, 2020, Defendant certified the Subpoena had been issued. (Doc. 230).

The Court's record indicates ADP has filed neither an objection nor a motion to quash the subpoena. By all accounts, including the representations of the Defendant when pressed by the Court, ADP has failed and/or refused to comply with this Court's Subpoena. Furthermore, the Court notes that it "is the employer's duty to keep records of the employee's wages, hours, and other conditions and practices of employment. The employer is in a superior position to know and produce the most probative facts concerning the nature and amount of work performed and employees seldom keep such records

---

[1]

themselves." *Allen v. Bd. of Pub. Educ. For Bibb Cty.*, 495 F.3d 1306, 1315 (11th Cir. 2007) (citation and quotation omitted). "The obligation is the employer's and it is absolute.  He cannot discharge it by attempting to transfer his statutory burdens of accurate record keeping, 29 U.S.C.A. 211(c), and of appropriate payment, to the employee.  The employer at its peril, had to keep track of the amount of overtime worked by those of its employees in fact within the Act." *Caserta v. Home Lines Agency, Inc.*, 273 F.2d 943, 946 (2d Cir. 1959) (Friendly, J.) (quotation omitted).  *Accord Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 363 (2d Cir. 2011) ("[A]n employer's duty under the FLSA to maintain accurate records of its employees' hours is non-delegable.").

**A corporate representative of ADP, as well as counsel for the parties, shall appear before this Court with counsel at 1:30 PM in Courtroom 4A on March 5, 2021.**  At the hearing, ADP shall show cause for its failure to comply with the Subpoena attached as Exhibit A.  Said representative shall be prepared to provide a detailed chronology if its efforts to comply (if any) and all communications with Defendant, through the date of the hearing, concerning the Subpoena.

**DONE and ORDERED** this 19th day of February 2021.

/s/ JEFFREY U. BEAVERSTOCK
UNITED STATES DISTRICT JUDGE

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Alabama

| | |
|---|---|
| WILLIAM HEATH HORNADY, et al<br>*Plaintiff*<br>v.<br>OUTOKUMPU STAINLESS USA, LLC<br>*Defendant* | )<br>)<br>)  Civil Action No. 18-cv-00317-JB-N<br>)<br>)<br>) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: ADP, INC.
One ADP Boulevard, Roseland, NJ 07068
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Exhibit A

| Place: Littler Mendelson, PC<br>1085 Raymond Blvd, 8th Floor<br>Newark, NJ 07102 | Date and Time:<br>August 14, 2020 at 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 7/29/2020

CLERK OF COURT                        OR     *Jennifer F Swain*

_____                    _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Defendant, Outokumpu Stainless USA, LLC_____, who issues or requests this subpoena, are:
Jennifer Swain, Littler Mendelson, PC, 420 20th St, Suie 2300, Birmingham, AL 35203 JSwain@littler.com 205.421.4700

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

OUTOKUMPU_002434

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 18-cv-00317-JB-N

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

OUTOKUMPU_002435

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

*William Heath Hornady v. Outokumpu Stainless USA, LLC.*
United States District Court for the Southern District of Alabama, Case No. 1:18-cv-00317

### SUBPOENA EXHIBIT A

By way of background, Outokumpu Stainless USA, LLC ("Outokumpu") utilizes the payroll and time and attendance services offered by ADP. At this time, some current and former employees ("Plaintiffs") have brought a claim against Outokumpu for alleged violations of the Fair Labor Standards Act ("FLSA"). Among the allegations, Plaintiffs claim that Outokumpu has not properly paid them for overtime. To assist the parties with obtaining the necessary records and an understanding of how pay calculations are done, the Court ordered Outokumpu to serve ADP with a subpoena for the following information to be provided **as promptly as possible**:

1) For payroll services, Outokumpu uses an electronic/software payroll program developed and provided by ADP ("the program"). The program is used by Outokumpu to determine pay for its employees.

(a) Provide whatever documentation explains how the program formulates and calculates pay, including regular rates of pay for varying rates and how the program uses a work week to define pay for that week; and

(b) Include whether the calculations that are used in the program modify weekly pay based upon information that is not part of the work week being computed but is part of a previous work week.

(c) If there is such modification, provide whatever information explains why and how such modification occurs.

2) For each of the enumerated Plaintiffs below[1], who are current or former employees of Outokumpu, please comply with the requests in sections (a) through (c).

- Napoleon Clausell – File #1548/ Company IDL3I0001548
- Clayton Crane – File #916 / Company IDL3I000916
- Perry Gross – File #1256/ Company IDL3I0001256
- Colin Hartery – File #647/ Company ID L3I000647
- William Heath Hornady – File #748/ Company ID L3I000748
- Major Jackson – File #1152/ Company IDL3I001152
- Kyle Lapp – File #1436/ Company IDL3I001436
- Christopher Miller – File #1059/ Company ID L3I001059
- William Joseph Phillips – File #435/ Company ID L3I000435
- Jeff Redding – File #1343/ Company ID L3I001343
- Takendric Stewart – File #1306/ Company ID L3I001306

a) Please produce copies of any and all native and excel formats data files reflecting pay rates, start date and time, for each shift worked by each Plaintiff (named above) from June 15, 2015 – present. If that data does not include pay rates in dollars and cents, then please provide information showing the monetary amounts that correspond to each pay rate code. To the extent possible, please provide the files separately for each Plaintiff.

b) Please produce all documents and data reflecting the amounts, and underlying calculations for the regular rate of pay that is applied and reflected in payments made to Plaintiffs from July 1, 2015 to present.

c) Please produce the colorized, electronic data files of time cards from July 1, 2015 to present, or if not available from July 1, 2015, then from then initial date available to present.

---

[1] If you need additional information to identify the individuals, please let us know what information is needed to complete these requests.

## CERTIFICATE OF CUSTODIAN OF RECORDS

My name is _____ and I certify that I am the Custodian of Records for _____, and that the attached records (_____ pages) are true and correct copies of records maintained under my care, custody, and control in the ordinary course of business.

_____
Custodian of Records

Subscribed and sworn to before me
this _____ day of _____, 2020.

_____
Notary Public
My Commission Expires: _____

OUTOKUMPU_002439