**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **WILLIAM HEATH HORNADY, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) |
| | ) **CIVIL ACTION NO. 1:18-00317-JB-N** |
| **OUTOKUMPU STAINLESS USA,** | ) |
| | ) |
| **Defendant.** | ) |

<u>**SECOND ORDER TO SHOW CAUSE**</u>

ADP, Inc. violated this Court's February 19, 2021 order to appear, with counsel, on March

5, 2021 to show cause for its failure to comply with a subpoena.  (Doc. 288 ("Order")).  The Order

was clear:

> **A corporate representative of ADP, as well as counsel for the parties, shall
> appear before this Court with counsel at 1:30 PM in Courtroom 4A on March 5,
> 2021.**  At the hearing, ADP shall show cause for its failure to comply with the
> Subpoena attached as Exhibit A.  Said representative shall be prepared to provide
> a detailed chronology if its efforts to comply (if any) and all communications with
> Defendant, through the date of the hearing, concerning the Subpoena.

(Id. (emphasis in original)).  Notwithstanding the clarity of the Order and the absence of any

language allowing for electronic appearance, ADP called Court's Chambers less than four (4)

hours before the hearing to confirm its purported understanding that it could appear

electronically.  ADP's understanding strains credulity.  Moreover, the Order was entered two

1

weeks prior to the hearing.  If ADP believed its "understanding" required confirmation, ADP could have sought it more that 4 hours before the hearing.[1]

No ADP representative appeared at the hearing.  Although Garrett Zoghby attended as counsel, ADP had retained him only two (2) hours prior to the hearing.  As a consequence of ADP's untimely retention of Mr. Garrett, he was unable to make the showings required by the Order.

To be clear once again:

Following a hearing to address Defendant OUTOKUMPU STAINLESS USA, LLC's ("Defendant") continuing failure to produce basic and essential documentation relating to its employees who have filed this lawsuit, the United States Magistrate Judge denied Plaintiffs' Motion for Sanctions "to allow the Defendant an opportunity to subpoena relevant information from [its] third-party payroll timekeeping servicer ADP . . .." (Doc. 229, PageID.2697). Defendant was Ordered to issue a subpoena to ADP by July 29, 2020. (*Id*.).  On July 29, 2020, Defendant certified the Subpoena had been issued. (Doc. 230).

The Court's record indicates ADP has filed neither an objection nor a motion to quash the subpoena.  By all accounts, including the representations of the Defendant when pressed by the Court, ADP has failed and/or refused to comply with this Court's Subpoena. Furthermore, the Court notes that it "is the employer's duty to keep records of the employee's

---

[1] Defendant OTK called Court's Chambers at 4:58 on the evening before the hearing and was disabused of a similar purported misunderstanding of the Order it had for some two weeks prior.

wages, hours, and other conditions and practices of employment.  The employer is in a superior position to know and produce the most probative facts concerning the nature and amount of work performed and employees seldom keep such records themselves."  *Allen v. Bd. of Pub. Educ. For Bibb Cty.*, 495 F.3d 1306, 1315 (11th Cir. 2007) (citation and quotation omitted).  "The obligation is the employer's and it is absolute.   He cannot discharge it by attempting to transfer his statutory burdens of accurate record keeping, 29 U.S.C.A. 211(c), and of appropriate payment, to the employee.  The employer at its peril, had to keep track of the amount of overtime worked by those of its employees in fact within the Act." *Caserta v. Home Lines Agency, Inc.*, 273 F.2d 943, 946 (2d Cir. 1959) (Friendly, J.) (quotation omitted).  *Accord Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 363 (2d Cir. 2011) ("[A]n employer's duty under the FLSA to maintain accurate records of its employees' hours is non-delegable.").

**A corporate representative of ADP, as well as counsel for the parties, shall appear before this Court with counsel at 1:30 PM in Courtroom 4A on March 12, 2021.**  At the hearing, ADP shall show cause for its failure to comply with the Subpoena attached as Exhibit A.  Said representative shall be prepared to provide a detailed chronology if its efforts to comply (if any) and all communications with Defendant, through the date of the hearing, concerning the Subpoena.

Additionally, ADP shall show cause for its violation of the Court's February 19, 2021 Order.  (Doc. 288).

Additionally, Defendant OTK shall also appear with a corporate representative familiar with ADP and the production of documents and ADP data.

To eliminate any confusion, ADP and the parties shall assume the hearing is going forward unless this Court orders otherwise.   All persons required to attend shall do so physically, in the Courtroom.  Electronic attendance, appearance, or participation is not permitted.

Counsel for Plaintiffs shall prepare an application for reasonable expenses related to pursuing their motions to compel and motions for sanctions under Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure as the Court set out during the March 5th hearing.  Obviously, counsel for Plaintiffs shall attend the March 12th hearing in person.

**DONE and ORDERED** this 5th day of March, 2021.

/s/ JEFFREY U. BEAVERSTOCK            
UNITED STATES DISTRICT JUDGE