| | |
|---|---|
| **From:** | Matt Jackson |
| **Sent:** | Thursday, March 11, 2021 2:06 PM |
| **To:** | 'Daly, Sinead'; 'Appleby, Gavin' |
| **Subject:** | RE: Hornady, et al v. OTK - ADP Subpoena |

Sinead and Gavin:

ADP has located potentially responsive information that will address the remaining questions/requests that you sent this morning, but understandably, ADP needs a reasonable time to review the information for responsiveness, privilege, confidentiality, etc. Will you agree to give us until next Friday, March 19th, to provide the information? Please let me know as soon as possible.

If there's not already a protective order in place, we will need one entered prior to producing the information on Friday. With respect to the information that ADP sent to you this morning in response to 2(c), please keep that information confidential and subject to "attorneys' eyes only" between now and the time we can have a protective order entered.

Thanks,

Matt

---

**From:** Matt Jackson
**Sent:** Thursday, March 11, 2021 11:55 AM
**To:** 'Daly, Sinead' <SDaly@littler.com>; Appleby, Gavin <GAppleby@littler.com>
**Subject:** RE: Hornady, et al v. OTK - ADP Subpoena

Sinead and Gavin:

ADP is sending you both a link in just a moment that will contain the information we're producing in response to 2(c). We hope to have the rest of the information shortly. I'll keep you posted.

Thanks,

Matt

---

**From:** Daly, Sinead <SDaly@littler.com>
**Sent:** Thursday, March 11, 2021 8:36 AM
**To:** Appleby, Gavin <GAppleby@littler.com>; Matt Jackson <Matt.Jackson@arlaw.com>
**Subject:** RE: Hornady, et al v. OTK - ADP Subpoena

Matt,

Attached is the document referred to by Gavin in this email.

**Sinead Daly**
Attorney at Law
404.760.3954 direct, 470.409.3623 mobile
SDaly@littler.com



Labor & Employment Law Solutions | Local Everywhere
3424 Peachtree Rd NE, Suite 1200, Atlanta, GA 30326

---

**From:** Appleby, Gavin <GAppleby@littler.com>
**Sent:** Thursday, March 11, 2021 9:31 AM
**To:** Matt Jackson <Matt.Jackson@arlaw.com>
**Cc:** Daly, Sinead <SDaly@littler.com>
**Subject:** FW: Hornady, et al v. OTK - ADP Subpoena

Matt, I appreciate the help and I agree that ADP is definitely helping. However, our call yesterday, for good reason, was focused on Ian's list of issues. The fact that we've responded to his concerns is important because he was the source of the issues that led to the subpoena in the first place  In short, I think we can say that we've handled most if not all, of the items in that list now (Ian may disagree, but that's Ian and the email that houses Ian's list does make a reference to time information). The concern that I raised yesterday is that Ian's list isn't the same as the subpoena. Frankly, some of which is in the subpoena may not be that important, but it's still in the subpoena. Given that parts of the subpoena haven't been addressed, I can't honestly say to the court that all is done. I can say that ADP has effectively addressed Ian's list of concerns and I want to say that the subpoena has been complied with but that isn't accurate. Sinead is going to follow-up with a document that shows the parts of the subpoena that haven't been addressed. I don't think that they may be too difficult except for c). That's the one that I mentioned in my email yesterday. My understanding is that ADP has the information related to c) but it resides in a different part of the company. I don't know whether that will satisfy the judge or not.

I'm not sure why Ian didn't include in his list to Sinead the areas of the subpoena that haven't been addressed. It may be that he simply doesn't need them, but I don't know where his mind is on those parts of the subpoena. We didn't expressly ask ADP for the data because Ian didn't push for that information. However, I can't say that those parts of the subpoena don't exist and I don't know if Ian will say that those parts don't matter. At the current time, I can (and will) write a statement that ADP has addressed most of Ian's concerns to Sinead, but I can't honestly tell the court that all elements of the subpoena have been complied with. If the missing pieces can't be resolved by tomorrow, we might explain to the court that we addressed what Ian asked to be addressed and, if need be, ask for additional time to resolve the other parts of the subpoena, and/or we can ask Ian if he still needs those parts.

I'm not trying to be difficult and we will help in whatever we can. I'm about to drive for two and a half hours to get to the Atlanta airport. Feel free to call my cell – 770-356-3896.

**From:** Matt Jackson <Matt.Jackson@arlaw.com>
**Sent:** Thursday, March 11, 2021 7:32 AM
**To:** Daly, Sinead <SDaly@littler.com>; Appleby, Gavin <GAppleby@littler.com>
**Cc:** Garrett Zoghby <Garrett.Zoghby@arlaw.com>
**Subject:** RE: Hornady, et al v. OTK - ADP Subpoena

Gavin and Sinead:

I am also disappointed that, during the call, Gavin said you all "absolutely would" confirm in writing that ADP has fully complied with the subpoena, but you inexplicably still have not provided that and have not responded to my follow up requests for it.  I plan on notifying ADP if I don't have that confirmation by 8 am CST.  That is going to set off alarm bells, especially since OTK has still done nothing to formally retract the negative statements it has made in court filings, which Gavin acknowledged in a recent phone call with ADP as being untrue.

Thanks,

Matt

---

**From:** Matt Jackson
**Sent:** Thursday, March 11, 2021 6:24 AM
**To:** 'Daly, Sinead' <SDaly@littler.com>; Appleby, Gavin <GAppleby@littler.com>
**Cc:** Garrett Zoghby <garrett.zoghby@arlaw.com>
**Subject:** RE: Hornady, et al v. OTK - ADP Subpoena

Sinead:

During our call at 2:30 pm CST yesterday, you and Gavin mentioned that there might be one more thing that you need from ADP, even though there is no correspondence where you all have requested anything additional.  Your correspondence of February 17 and March 1 stated that you needed only the spreadsheet, and yet here we are again right before a show-cause hearing being told there's something else.  When you mentioned that yesterday, we were surprised, and I asked you to please email me stating what it is you need so I can forward that to ADP for expedited handling, and you and Gavin both said that you would.  However, roughly 16 hours later, you all still have not sent that to me, resulting in more valuable time lost.  I'm happy to talk to Gavin, but that is not helpful at the moment.  So in the meantime, I need you to send me an email stating in plain English what it is you need so ADP can start working to obtain it?  I don't mean to be overly critical, but I think this further illustrates why the parties find themselves in the present situation.  I know it goes without saying, but ADP is not happy about this.

Thanks,

Matt

**From:** Daly, Sinead <SDaly@littler.com>
**Sent:** Wednesday, March 10, 2021 11:07 PM
**To:** Matt Jackson <Matt.Jackson@arlaw.com>; Appleby, Gavin <GAppleby@littler.com>
**Cc:** Garrett Zoghby <Garrett.Zoghby@arlaw.com>
**Subject:** RE: Hornady, et al v. OTK - ADP Subpoena

Per Gavin's last email, I believe he intends to touch base with you in the morning.  But I have not actually heard you reference the subpoena nor have I asked if you have a copy so I am attaching Exhibit A of the subpoena for your easy reference.

**Sinead Daly**
Attorney at Law
404.760.3954 direct, 470.409.3623 mobile
SDaly@littler.com



Fueled by ingenuity. Inspired by you.

Labor & Employment Law Solutions | Local Everywhere
3424 Peachtree Rd NE, Suite 1200, Atlanta, GA 30326

**From:** Matt Jackson <Matt.Jackson@arlaw.com>
**Sent:** Wednesday, March 10, 2021 11:44 PM
**To:** Appleby, Gavin <GAppleby@littler.com>
**Cc:** Daly, Sinead <SDaly@littler.com>; Garrett Zoghby <Garrett.Zoghby@arlaw.com>
**Subject:** Re: Hornady, et al v. OTK - ADP Subpoena

That's fine, but I need you to tell me specifically what's needed so I can forward the request to ADP.  That's what I asked for during our 2:30 CST call today and via email thereafter, and I still don't have a specific request for information that I can forward to ADP.

> On Mar 10, 2021, at 6:59 PM, Appleby, Gavin <GAppleby@littler.com> wrote:
>
> Matt, I'm still checking parts 2(a) and (c) of the subpoena.  If I understand properly based on today's call, that data is housed in a different part of ADP, but that wouldn't seem to eliminate the issue.  Let's discuss in the morning.  I'll give you a call if that's ok.

**From:** Matt Jackson <Matt.Jackson@arlaw.com>
**Sent:** Wednesday, March 10, 2021 7:07 PM
**To:** Appleby, Gavin <GAppleby@littler.com>; Daly, Sinead <SDaly@littler.com>
**Cc:** Garrett Zoghby <Garrett.Zoghby@arlaw.com>
**Subject:** RE: Hornady, et al v. OTK - ADP Subpoena

**[EXTERNAL E-MAIL]**

Gavin and Sinead:

Since it's been a couple of hours and I haven't heard from you, I'm assuming there is no further information that you need from ADP. Please confirm as soon as possible that ADP has, without exception, fully complied with the subpoena.

Thanks,

Matt

**Matt Jackson**
Partner

11 North Water Street, Suite 23200 | Mobile, AL 36602
**main** 251.433.3234 | **direct** 251.650.0875 | **mobile**
**efax** 251.650.2070 | **fax** 251.438.7733

**matt.jackson@arlaw.com**

**website bio vCard map**

**Information related to our COVID-19 resources** Here

**From:** Matt Jackson
**Sent:** Wednesday, March 10, 2021 4:08 PM
**To:** 'Appleby, Gavin' <GAppleby@littler.com>; Daly, Sinead <SDaly@littler.com>
**Cc:** Garrett Zoghby <garrett.zoghby@arlaw.com>
**Subject:** Hornady, et al v. OTK - ADP Subpoena

Gavin and Sinead:

As I said during the call we had this afternoon, ADP has always promptly provided whatever documentation OTK's counsel have requested relating to the subpoena, including the PDFs that ADP originally produced in early August 2020; the spreadsheet that was requested on March 1, 2021 and produced on March 3, 2021; and the revised spreadsheet that was requested

thereafter and produced this morning. As of right now, we have not received any additional requests from you, but you mentioned during the call that there might be one more thing (which, before today, we were not aware of). If that is correct and there is additional documentation that you need relating to the subpoena, please let me know as soon as possible so I can provide the request to ADP for them to begin working on it. Once we provide that information, I will want a certification from you that ADP has, without exception, fully complied with the subpoena.

Thanks,

Matt

------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.


------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.


------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.