## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **WILLIAM HEATH HORNADY,** | ) | |
| **CHRISTOPHER MILLER, and** | ) | |
| **TAKENDRIC STEWART,** | ) | |
| | ) | |
| Plaintiffs, | ) | CASE NO.: 18-cv- 317-JB-N |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| **OUTOKUMPU STAINLESS USA, LLC,** | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFFS' APPLICATION FOR REASONABLE EXPENSES RELATED TO MOTIONS TO COMPEL AND MOTIONS FOR SANCTIONS

In compliance with the Court's Order dated March 5, 2021 (Doc. 298) Plaintiffs submit the following to be considered as expenses related to Plaintiffs' Motion(s) to Compel and Motion(s) for Sanctions filed since the May 28, 2020 Stipulated Order. (Doc. 212)

1. Declaration of Ian Rosenthal, with attached itemization of time;

2. Declaration of Pat Sims with attached itemization of time; and

3. Declaration of Matt McDonald concerning reasonable attorneys' fee rates.

As set out in the attachments, Plaintiffs' counsel describe 106.1 hours of work since June 1, 2020 directly related to the underlying motions to compel and for sanctions, and an additional 54.0 hours of work since June 1, 2020 in connection with pleadings and hearings that the same discovery issues were a part of, but which cannot be cleanly differentiated from inter-related work. Explicitly **omitted** is time associated with preparing and revising damages calculations and alternate damages calculations even though the main impact of Defendant's discovery failures is on the Plaintiffs' ability to calculate damages.

Sanctions which include a reasonable attorneys' fee imposed mid-litigation necessarily cannot reflect all of the factors which typically go into evaluating a reasonable attorneys' fee at the conclusion of litigation. As reflected in the attached Declaration of Matt McDonald, given the nature of the litigation and the factors which can be considered at this time, hourly fees up to $450.00 are reasonable in this context and based on the relevant factors that can currently be calculated.  By way of comparison, this is also the fee awarded to lead counsel in the FLSA collective action *Harris v. JMC Steel Group, Inc.*, 1:15-cv-00607-WS-C (See Doc. 70, PageId.1038, Doc. 70-2, PageId.1076) In that case a Collective of 236 Plaintiffs recovered an average of approximately $1,700.00 based on allegations that they were required to clock in 10 or more minutes before each shift, and to remain on the clock 10 or more minutes after each shift without being paid for that time.  That case was somewhat similar to this one in terms of the number of Plaintiffs and the time-rounding claim.  It was dissimilar in that the amounts involved per-Plaintiff were much less, time-rounding was the only claim, and it appears that the litigation itself proceeded towards eventual settlement smoothly and without undue delay.

Plaintiffs recognize that:

> "[D]eeply rooted in the common law tradition is the power of any court to 'manage its affairs [which] necessarily includes the authority to impose reasonable and appropriate sanctions upon errant lawyers practicing before it.' " *Carlucci v. Piper Aircraft Corp.,* 775 F.2d 1440, 1447 (11th Cir.1985) (citation omitted). Courts' inherent power also extends to parties to litigation. *Chambers v. NASCO, Inc.,* 501 U.S. 32, ——, 111 S.Ct. 2123, 2133, 115 L.Ed.2d 27 (1991). A court may appropriately sanction a party or attorney who "shows bad faith by delaying or disrupting the litigation or by hampering enforcement *1546 of a court order." *Hutto v. Finney,* 437 U.S. 678, 689 n. 14, 98 S.Ct. 2565, 2573 n. 14, 57 L.Ed.2d 522 (1978). However, because a court's inherent powers are so potent, they must be exercised with restraint and discretion. *Chambers,* 501 U.S. at ——, 111 S.Ct. at 2132.

*Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1545–46 (11th Cir. 1993)

Systemic policy concerns about these issues in the context of ongoing litigation are discussed in *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S. Ct. 2778, 2781, 49 L. Ed. 2d 747 (1976), and *Carlucci v. Piper Aircraft Corp.*, 775 F.2d 1440, 1450 (11th Cir. 1985) among other authorities.  See *Caribbean I Owners' Ass'n, Inc. v. Great Am. Ins. Co. of New York*, 2009 WL 857439, at *1 (S.D. Ala. Mar. 25, 2009) (discussing Rule 37 and 26 sanctions);  *Akzo Nobel Coatings, Inc. v. Johnston Paint & Body Supplies, LLC*, 2009 WL 10704417, at *2 (S.D. Ala. Mar. 27, 2009)

Fees associated with this Court-ordered submission are **not** sought.  See, *Weaver v. Stringer*, No. CV 1:18-00052-N, 2019 WL 1495279, at *6 (S.D. Ala. Apr. 4, 2019)

This submission is strictly limited to events since entry of the Stipulated Order dated May 28, 2020. (Doc. 212) Non-compliance with that Order was the triggering event for the Motion for Sanctions and Related Motion to Compel that was filed, and then the renewed motion for the same. (Doc. 216, Doc. 238)  The first motion led to the issuance of the Court-Ordered subpoena to ADP, then to the submissions about the Magistrate Judge's Report & Recommendations, and then to the current Show Cause Orders.

The time at Exs. 1B and 2B is separately itemized because while the Court might expect counsel to include it, the Court also might not. In Plaintiffs' summary judgment submissions the Plaintiffs took positions premised on the information Defendant had provided during discovery and also based on Defendant's failure or inability to provide other information.  There has been substantial overlap, therefore, between summary judgment filings and the various issues which remain relating to sanctions.  This Court scheduled hearings on all pending motions on both June

24, 2020 and February 17, 2021.[1]  As a result, to some extent  those filings and those hearings applied to both the matters which are still the subject of potential sanctions.  Attachments 1B and 2B, itemize work done which in real-time did not apply strictly and solely to what are now sanctions issue.  In real-time Plaintiffs could not anticipate that they might someday have to separate out the time that now relates to potential sanctions.  Because of the overlap with the substance of the summary judgment submissions a strict division would probably have been impossible in real-time.

Plaintiffs are **not** at this time submitting itemized time relating to efforts at damages quantifications but can do so if requested by the Court.  Virtually all of the information that remains at issue through the motions for sanction / compel impact damages quantifications because the information involves records of actual pay rates, step-up pay rates, approved / unapproved time, and "trued-up" payments made to Plaintiffs (versus amounts paid for contemporaneously worked overtime).

While the entries on the attached itemization do not contain any privileged information, Plaintiffs formally assert that the attached filing is not to be mis-construed as any waiver of any privilege applicable to other time records.

---

[1] The June 24, 2020 hearing ultimately resulted in no ruling on the Plaintiffs' then-filed summary judgment submission and the Plaintiffs' Motion for Sanctions was referred to the Magistrate Judge.

Respectfully submitted,

**HOLSTON, VAUGHAN & ROSENTHAL, LLC.**

By: /s/ Ian D. Rosenthal
Ian D. Rosenthal – ROSEI6905
Attorney for Plaintiffs
P.O. Box 195
Mobile, AL 36601
(251) 432-8883 (office)
(251) 432-8884 (fax)
Email:  idr@holstonvaughan.com

**SIMS LAW FIRM, LLC.**

Patrick H. Sims – SIMSP8145
Attorney for Plaintiffs
P.O. Box 7112
Mobile, AL 36670
(251) 725-1316 (office)
Email: patrick@simslawfirm.net

## CERTIFICATE OF SERVICE

I hereby certify that I have on this the 11th day of March, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jennifer F. Swain, Esq.
LITTLER MENDELSON, P.C.
420 20th Street North, Suite 2300
Birmingham, Alabama 35203-3204

Gavin S. Appleby, Esq.
Sinead Daly, Esq.
LITTLER MENDELSON, P.C.
3344 Peachtree Road, N.E., Suite 1500
Atlanta, GA 30326

/s/ Ian Rosenthal
OF COUNSEL

## DECLARATION OF IAN D. ROSENTHAL



EXHIBIT

_1_

1.      I, **IAN D. ROSENTHAL**, am over the age of nineteen (19) years, am fully competent to testify to and have personal knowledge of the matters stated herein.

2.      I am a partner in Holston, Vaughan & Rosenthal, LLC, located in Mobile, Alabama. I have been practicing law since 1996.

3.      For at least eighteen (18) years, my practice has including advising employers on FLSA compliance.  To date, none of those clients have been named as Defendants in FLSA litigation, and therefore, the confidential representation provided has remained confidential.  I have also from time to time represented employers (for whom I had not previously provided FLSA compliance advice) in response to claims asserted by the Department of Labor Wage and Hour Division.

4.      I have also represented employees in FLSA matters in this District Court.  This includes as counsel in concluded matters such as Kent v. Gulf Coast Security Enterprises, et. a., 1:18-cv-00106-CG-C, O'Neal v. Eagle Marine, LLC, 1:16-cv-00401-KD-B (certified collective); Hayes v. Ruby Tuesday, Inc., 1:17-cv-0051-C, and Scheerer v. Handy-Lock, LLC, 1:17-cv-00366-KD-B.  Each of these matters involved sums claimed by Plaintiffs which were significant to each Plaintiff, but because of the number of Plaintiffs, and the amount and nature of the (alleged) FLSA violations each Defendant effectively conceded liability and settled quickly (except the Kent matter in which the Defendants only appeared and attempted to litigate after a default was entered). Accordingly, none of those matters triggered many of the factors that sometimes justify higher hourly rates under lodestar approaches.

5.     I have also served as co-counsel for Plaintiffs in the following certified class actions all of which resulted in sizeable court-approved recoveries by the classes:  Marquez v. Oasis Legal Finance, LLC, Circuit Court of Mobile County, Alabama CV 2014-00248,  Brannan  et al  v. Wells Fargo Home  Mortgage, Inc. Case No. 04-01037 (S.D. Ala. Bkrptcy),  Sturdivant  et al  v. Mortgage  Electronic  Registration Systems,  Case  No.  09-01076 (S.D. Ala. Bkrptcy) and Tate et al  v. CitiMortgage, Inc.  Case  No. 09-01059 (S.D. Ala. Bkrptcy)

6.     During my legal career, I have handled a substantial number of other types of employment cases, and other employment matters, primarily representing employers but occasionally representing employees involving various facets of employment law.

7.     In addition to employment and FLSA matters since 1996, I have handled a broad array of other types of legal matters and have substantial trial and appellate experience.

8.     I am currently licensed to practice law in the States of Alabama and Florida, the District Courts for the Southern and Northern Districts of Florida, the United States Court of Appeals for the Eleventh Circuit , and the Supreme Court of the United States.

9.     I am aware of the fees customarily charged, and awarded, in this locality for legal services in the area of employment law in similar atypical high-stakes litigation by attorneys with qualifications and skill similar to mine.  I am also aware that those fees are somewhat higher that what is more commonly charged, and awarded, in more typical cases in which the amounts in dispute are substantially less than in this case, and / or the complexity of the litigation is substantially less.  Therefore, I respectfully request the Court consider in connection with any sanctions fees based on an hourly rate of $450.00 per hour.

10.     Attached as Exhibit "A" is a record of time worked since the May 28, 2020 Stipulated Order that is directly and solely in connection with the issues presented in the Motions

for Sanctions and Related Motion to Compel.  Exhibit "B" is a separate record of time incurred in connection with filings and hearings that included the same substance but was intertwined with, and which cannot be retroactively separated from, related work on summary judgment filings and consolidated hearings. The items on Exhibit "A" total 95.9 hours from June 1, 2020 – March 8, 2021.  The items on Exhibit "B" total 43.6 hours over the same period.  These records were compiled on a contemporaneous basis with the time worked.  It is my professional judgment that the time was necessary and reasonable and was worked in an efficient manner, consistent with our professional duty to competently and vigorously represent the Plaintiffs.

I declare under penalty of perjury that the foregoing is true and correct. This this 11th day of March, 2021.

_____

**IAN D. ROSENTHAL**

EXHIBIT

*tabbies* _1-A_____

| Date | Name | Description | Time |
|------|------|-------------|------|
| 3/8/2021 | Rosenthal, Ian | Review email and correspondence files to provide Matt Jackson (atty for ADP) with communications with OTK about ADP information. | 2.4 |
| 3/8/2021 | Rosenthal, Ian | Prep. letter to Matt Jackson about communications with OTK about ADP info, | 0.6 |
| 3/8/2021 | Rosenthal, Ian | T.C. with Matt Jackson (atty for ADP) re: chronology leading up to sanctions show cause order. | 1 |
| 3/5/2021 | Rosenthal, Ian | Attend Hearing on Show Cause Order | 0.8 |
| 3/5/2021 | Rosenthal, Ian | Revise outline of presentation and / or examination for Show Cause hearing to encompass inadequacies of Def. production on 3/4/21. | 1.5 |
| 3/5/2021 | Rosenthal, Ian | Renewed efforts to reconcile formula RROP with existing pay / time records in light of additional info from S. Daly. | 0.6 |
| 3/4/2021 | Rosenthal, Ian | TC with S. Daly re: info provided by / through ADP, attempts to reconcile RROP, still missing data. | 0.9 |
| 3/4/2021 | Rosenthal, Ian | Conf. with Pat Sims to prep. for Show Cause hearing. | 0.6 |
| 3/4/2021 | Rosenthal, Ian | Extensive attempts to reconcile ADP's prior explanation of "RROP" formula with available comparison wage and time records. Attempts to re-assess damages formulas if ADP's information means that hours worked over multiple workweeks are being averaged / vs. wage rates being averaged. Study sample spreadsheet of Wage data columns provided by OTK and prep. response email about which columns will be helpful. Attempts to reconcile information provided for sample employees. | 6.2 |
| 2/28/2021 | Rosenthal, Ian | Study Defendant's spreadsheet re: sample employees and RROP. Compare to actual prior pay and time records previously produced. Analyze apparent discrepancies in Defendant's spreadsheet indicating manual preparation and not actual business records. Chart out apparent patterns in RROP adjustment which cannot coincide with night / day pay. Compare RROP pay rates, and actual pay rates, to amounts Defendants records show for OT pay during pay periods - cannot reconcile. | 2.6 |
| 2/5/2021 | Rosenthal, Ian | Work on Court Ordered submission on missing discovery in advance of 2/17 hearing. | 1.4 |
| 2/5/2021 | Rosenthal, Ian | Review pending pleadings that describe discovery deficiencies in advance of teleconference set by Judge Beaverstock. | 0.6 |
| 12/28/2020 | Rosenthal, Ian | Study records produced by OTK 12/14/20 and prep. email to Def. counsel re: (a) omissions in this supp. production, and (b) continued un-addressed discrepancies in pay rate data. | 2.3 |
| 11/16/2020 | Rosenthal, Ian | Work on motion to strike Scheid declaration and OTK's R & R Objection and research re: same. | 1.9 |
| 11/12/2020 | Rosenthal, Ian | Meet with Pat Sims to discuss approach to responses / motion practice regarding Defendant's new Declarations and unsupported statements in Objections. | 0.8 |
| 11/11/2020 | Rosenthal, Ian | Continue to work on extrapolating / calculating wage rates. Study and respond to emails from defense counsel about missing Pl. data and unsuccessful attempts to reconcile pay rates for some Plaintiffs using the methodology and comparative pay record columns Defense counsel represented reflected pay rates.. | 5.9 |
| 11/9/2020 | Rosenthal, Ian | Work on Objections to Report & Recommendation | 4 |
| 11/8/2020 | Rosenthal, Ian | Work on Objections to R & R | 7.8 |
| 10/26/2020 | Rosenthal, Ian | Initial review of Report and Recommendation | 0.2 |
| 10/8/2020 | Rosenthal, Ian | Attend Motion for Sanctions Hearing. | 2.5 |
| 10/7/2020 | Rosenthal, Ian | Prep. for hearing on sanctions motion: review pleadings, underlying Orders and discovery, sanctions cases, documents to illustrate scope of violations. | 4.3 |
| 9/23/2020 | Rosenthal, Ian | Work on sanction motion reply brief. | 3.7 |
| 9/22/2020 | Rosenthal, Ian | Work on reply submission re: sanctions | 2.8 |
| 9/20/2020 | Rosenthal, Ian | Study rough transcript of December 2019 hearing. | 0.7 |
| 9/20/2020 | Rosenthal, Ian | Work on reply re: sanctions motion. | 1.4 |
| 9/19/2020 | Rosenthal, Ian | Work on sanctions reply. | 1 |
| 9/11/2020 | Rosenthal, Ian | Attempt to reconcile criteria described in ADP communications with overtime rate discrepancies. | 0.8 |
| 9/3/2020 | Rosenthal, Ian | Work on renewed motion for sanctions | 1.1 |
| 9/3/2020 | Rosenthal, Ian | Review audio files of prior hearings for representations about Dave Scheib emails, personnel file productions, and time / pay record productions | 1.2 |
| 9/2/2020 | Rosenthal, Ian | Work on renewed motion for sanctions | 0.4 |

| 9/1/2020 | Rosenthal, Ian | Work on Renewed Motion for Sanctions | 3.2 |
|---|---|---|---|
| 8/21/2020 | Rosenthal, Ian | Compare Defendant's production of pay rate codes 2015 - 2020 to calculations of pay rates from check detail spreadsheets.  Prep. email to Defense counsel about apparent discrepancies in which pay rates do not correspond to any code. | 0.4 |
| 8/20/2020 | Rosenthal, Ian | Work on letter to defense counsel about various discrepancies, deficiencies and potential ADP info. | 0.6 |
| 8/20/2020 | Rosenthal, Ian | Work on trying to reconcile spreadsheet pay rate codes from OTK on exemplar employees with previous data and hard copy productions, and incorporating step up rate information. | 3.5 |
| 8/14/2020 | Rosenthal, Ian | Review / respond to email from S. Daly about ADP subpoena. | 0.4 |
| 8/11/2020 | Rosenthal, Ian | Listen to audio file of July 2020 sanctions hearing . | 0.4 |
| 8/7/2020 | Rosenthal, Ian | Study OTK's subp. to ADP. Review underlying discovery.  Prep. email to Defense counsel about potential problems and deficiencies. | 0.6 |
| 7/16/2020 | Rosenthal, Ian | Attend Sanctions Hearing. | 1.6 |
| 7/16/2020 | Rosenthal, Ian | Prepare for hearing on sanctions motion. | 1.1 |
| 7/15/2020 | Rosenthal, Ian | Work on letter to Defense counsel about missing pay data sets for 56 employees | 0.3 |
| 7/15/2020 | Rosenthal, Ian | Work on preparing, and shortening, oral presentation on sanctions issue | 2.7 |
| 7/14/2020 | Rosenthal, Ian | Prep ltr to defense counsel about missing sets of data. | 0.2 |
| 7/10/2020 | Rosenthal, Ian | Outline comments for sanctions hearing | 0.5 |
| 7/7/2020 | Rosenthal, Ian | Study Ajomale Sanctions Order on Motion to Reconsider | 0.6 |
| 7/7/2020 | Rosenthal, Ian | Review notes and partial transcripts on past hearings on motions to compel | 0.6 |
| 6/15/2020 | Rosenthal, Ian | Work on Sanctions motion to incorporate Pat Sims' input.  Work on identifying sample pages from potential exhibits to motion.  Finalize motion. | 1.2 |
| 6/14/2020 | Rosenthal, Ian | Work on Motion re: sanctions | 4.5 |
| 6/12/2020 | Rosenthal, Ian | Work on motion for sanctions. | 3.8 |
| 6/11/2020 | Rosenthal, Ian | Work on motion re: sanctions. | 3 |
| 6/7/2020 | Rosenthal, Ian | Work on Motion for Sanctions. | 4.3 |
| 6/1/2020 | Rosenthal, Ian | Initial review of information from Defendant regarding inability to produce data and prepare initial response email. | 0.4 |
| Total | | | 95.9 |

**EXHIBIT**

tabbies®   _1-B_

| | | | |
|---|---|---|---|
| 2/17/2021 | Rosenthal, Ian | Attend hearing on all pending issues. | 3.5 |
| 2/17/2021 | Rosenthal, Ian | Meet with Pat Sims before / after hearing on pending motions to prepare, discuss presentation approach, discuss Judge Beaverstock's Order at hearing. | 1.8 |
| 2/16/2021 | Rosenthal, Ian | Continue to review pleadings, cases, as-filed record materials in prep. for hearings on all pending motions. | 3.5 |
| 2/15/2021 | Rosenthal, Ian | Study pleadings, evidentiary submissions in prep. for 2/17/21 hearing on all pending motions. | 4.5 |
| 2/13/2021 | Rosenthal, Ian | Review briefs / evidentiary submissions / cited cases in prep for hearing on all pending motions. | 4.8 |
| 2/11/2021 | Rosenthal, Ian | Review pleadings / evidentiary submissions in prep. for hearing on all pending motions. | 2.5 |
| 2/8/2021 | Rosenthal, Ian | TC with Pat Sims covering pending motions and content of working draft pleadings, upcoming 2/17 hearing. | 0.4 |
| 2/5/2021 | Rosenthal, Ian | Conference call with Judge Beaverstock. | 0.2 |
| 6/24/2020 | Rosenthal, Ian | Prepare for / attend hearing on multiple motions. | 3.8 |
| 6/23/2020 | Rosenthal, Ian | Prepare for sj, sanctions, equitable tolling.  Continue review of caselaw, parties' briefs and outling arguments, potential arguments. | 4.6 |
| 6/22/2020 | Rosenthal, Ian | Meet with Pat Sims to conference about upcoming hearing on SJ Motion, sanctions motion, equitable tolling motion. | 1.7 |
| 6/22/2020 | Rosenthal, Ian | Update research on S.D. Ala. cases on discovery motions, summary judgment, sanctions, FLSA | 1.5 |
| 6/22/2020 | Rosenthal, Ian | Prepare for hearings on SJ Motion, Sanctions, Equitable tolling.  Review / read cases cited by Defendant with regard to same.  Review all pleadings, outline arguments and anticipated arguments. | 5.5 |
| 6/18/2020 | Rosenthal, Ian | Review prior pleadings and briefs / audio recordings and cited cases in prep for scheduled hearing on equitable tolling motions, sanctions motion. | 4.7 |
| 6/22/2020 | Rosenthal, Ian | Initial review of discovery responses produced by Defendant in advance of hearing on sanctions etc. | 0.6 |
| Total | | | 43.6 |

## DECLARATION OF PATRICK H. SIMS



1.  I, Patrick H. Sims, am over the age of nineteen (19) years, and fully competent to testify to have personal knowledge of the matters stated herein.

2.  I graduated from the University of Alabama School of Law in 1974. There I served as Articles Editor of the Alabama Law Review. Following graduation, I served for one year as law clerk to Honorable Frank M. Johnson, Jr. in the Middle District of Alabama.

3.  After the clerkship, I moved to Mobile and have been here since, largely in private practice though from 1981-1986 I was a full-time U. S. Magistrate in this Court. In private practice, my focus, though not exclusive, was on litigation of employment-related claims in U. S. District Courts. In my 40-plus years of experience, I have presided over or been a lawyer in a significant number of trials in federal courts.

4.  I have prepared papers for and presented CLE program segments on matters of federal jurisdiction and procedure, including discovery, removal, jury selection and other topics.

5.  In the Outokumpu FLSA litigation, I was not originally a lawyer for the Plaintiffs. Mr. Rosenthal contacted me about providing limited assistance to the Plaintiffs in prosecuting their claims. I would not be duplicating any of his work, and I would not be doing the detail work in attempting to calculate the claims of the individual Collective litigants. Instead, I would work alongside him in dealing with the legal defenses asserted by Defendant, addressing the various motions filed by Defendant, collaborating with him in evaluating legal positions on both sides, working with him on Plaintiffs' briefs and other filings, attending Court proceedings, and participating in trial preparation and trial.

6.   In particular, I worked with Mr. Rosenthal in various aspects of Plaintiffs' efforts to obtain FLSA-required time and pay records from OTK and its hired recordkeeper, ADP. This included work on various motions to compel and responses to them, hearings on same, subpoenas to ADP, and ultimately sanctions Orders against ADP.

7.   Attached as Exhibit A is a record of time I devoted to the Motions for Sanctions and related Motions to Compel since June 1, 2020.  Exhibit "B" is a separate record of time incurred in connection with filings and hearings that included the same substance but was intertwined with, and which cannot be retroactively separated from, related work on summary judgment filings and consolidated hearings. The items on Exhibit "A" total 10.2 hours from June 1, 2020 – March 8, 2021.  The items on Exhibit "B" total 10.4 hours over the same period.  These records were compiled on a daily basis. It is my professional judgment that the time recorded was necessary and reasonable and that we conducted this litigation in an efficient manner, consistent with our professional duty to competently and vigorously represent the Plaintiffs.

8.   I respectfully request that the Court consider, in connection with sanctions, an award of fees based on an hourly rate of $450.00 per hour for my time. I am aware of the fees customarily charged, and awarded, in this locality for legal services in the field of employment law in similar litigation by attorneys with qualifications and skill similar to mine, which are significantly higher than those which are much more frequently awarded in cases in which the amounts in dispute, or the complexity of the litigation, are substantially less.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 11th day of March, 2021.

_Patk H Sm_

**PATRICK H. SIMS**

EXHIBIT A

SIMS TIME ENTRIES

| DATE | TIME | DESCRIPTION |
|------|------|-------------|
| 06/14/20 | 1.1 | Review motion for sanctions and transmit comments to IDR |
| 07/16/20 | 1.6 | Attend sanctions hearing |
| 09/01/20 | 1.1 | Review draft renewed sanctions motion; transmit comments to IDR |
| 09/03/20 | .8 | Review and comment on revised sanctions motion |
| 09/23/20 | .9 | Review response to renewed motion; comments on same to IDR |
| 10/08/20 | 2.5 | Attend sanctions hearing |
| 11/12/20 | .8 | Meet with IDR to discuss parties' objections to sanctions R&R |
| 03/04/21 | .6 | Conference with IDR in prep for show cause hearing |
| 03/05/21 | .8 | Attend show cause hearing |

10.2 hrs

EXHIBIT B

SIMS TIME ENTRIES

| DATE | TIME | DESCRIPTION |
|------|------|-------------|
| 06/22/20 | 1.8 | Meet with IDR about presentations for 06/24/20 hearing |
| 06/24/20 | 2.5 | Attend hearing on pending motions |
| 02/08/21 | .5 | Telephone conference with IDR about approaches to scheduled hearing and draft filings |
| 02/17/21 | 5.6 | Attend hearing; meet with IDR before and after hearing |
| | 10.4 hrs | |

## DECLARATION OF MATT McDONALD

EXHIBIT

3

1.      My name is Matt McDonald.  I am over the age of nineteen (19) years.  I currently reside in Mobile, Alabama.

2.      I am an attorney admitted to practice in this Court since 1985.  I graduated *cum laude* from Vanderbilt University in 1981 and I graduated from the University of Alabama School, of Law in 1985 where I served on the Editorial Board of the *Alabama Law Review* and was a member of the Order of the Coif and a Hugo L. Black Scholar.

3.      I understand that this Declaration will be filed in the lawsuit styled <u>Hornady et. al.</u> <u>v. Outokumpu Stainless USA, LLC</u>, Case No. 18-cv-317-JB-N.  I have not been compensated, or offered compensation, for providing this Declaration.  I know Pat Sims and Ian Rosenthal professionally, but I do not have any family relationship with either of them.  Nor do I have any particularly close social or professional relationship with either of those attorneys or their firms.

4.      Since 1985 I have been exclusively engaged in the practice of law.  Between 1985 – 2008 I practiced with Miller, Hamilton, Snider & Odom where I was a Partner from 1991 – 2008.  That firm merged into Jones Walker LLP in 2008.  I was admitted as a Partner at that time and am currently a Partner.  My practice includes litigating in the federal and state courts of Alabama, primarily in complex litigation, usually on behalf of defendants.  This includes defense of consumer class action lawsuits, high-stakes tort and commercial litigation, and municipal liability litigation.  I practice in Alabama circuit and appellate courts as well as the United States District Courts for the Southern and Middle Districts of Alabama, and the Eleventh Circuit Court of Appeals.

5.      I have served in various positions in the Alabama Bar Association, most recently as Chair of the Ethics, Elections and Government Relations Section.

1

6.      I am personally familiar with the prevailing market rate for fees charged in this community by firms such as my own, and by other law firms, in complex and / or high-stakes litigation.

7.      I have been asked to offer my understanding of the historical market rates that are charged and paid for legal work performed in cases similar to the instant one within the Mobile area.  I understand that the litigation has not been resolved, and that Plaintiffs' counsel were ordered by the Court to prepare an application for reasonable expenses in connection with motions to compel and motions for sanctions.  I am generally aware that there is a very long and extensive court record in this matter.  Because the request for this opinion was made March 8, 2021 my review of available file materials is not comprehensive, and correspondingly the opinion I have to offer is somewhat limited.

8.      I have reviewed, and was already generally familiar with, applicable case law such as *Peebles v. Miley*, 439 So. 2d 137 (Ala. 1983), *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714 (5th Cir. 1974), *Faught v. American Home Shield Corp.* 668 F. 3d 1233, 1242-1243 (11th Cir. 2011)  and *Breland v. Levada EF Five, LLC*, 2016 WL 1717207 (S.D. Ala. 2016) which addressed fees in similarly high-stakes litigation.  I am not aware of any FLSA case in this community with a comparable combination of scope, monetary stakes, and factual complexity. There are, however, opinions from this District Court involving smaller collectives, lower per-employee monetary claims, and fewer alleged FLSA violations.  Mr. Rosenthal provided me for review the Orders entered in *Harris v. JMC Steel Group, Inc.*, 1:15-cv-00607-WS-C (Doc. 70, PageId.1038, along with the underlying motion concerning settlement Doc. 70-2, PageId.1076) *O'Neal v. Eagle Marine Contracting, LLC,* 2017 WL 6759423 (S.D. Ala. Aug. 2, 2017), *Smith v. Werner Enterprises, Inc.*, 2015 WL 7185503 (S.D. Ala. Nov. 13, 2015) as well as *Kent v. Gulf*

2

*Coast Security Enterprises, Inc.,* 2018 WL 6933393 (S.D. Ala. Dec. 10, 2018) and I am generally familiar with the outcomes of other litigation in this community involving the FLSA and statutes with similar fee provisions.

9.  Specifically, I am only providing an opinion as to reasonable hourly rates in this legal market for attorneys of commensurate skill and experience as Mr. Sims and Mr. Rosenthal as if legal services were being contracted for at the outset of litigation and without considering any of the factors that might otherwise justify either an upwards or downwards variation from such fees. Because this litigation is ongoing and some of the 12 factors which might be considered at the conclusion of litigation cannot be fully evaluated at this time, my opinion reflects reasonable market rates in this community to provide representation in this type of complex litigation on an hourly basis. I have taken into account the stakes that are in dispute but, of course, cannot yet consider the results achieved.

10.  As a basis for an informed opinion on the nature of the representation as would have been apparent to the litigants early on in the litigation, I have reviewed for context:

The collective action allegations in the First Amended Complaint which I understand were largely re-asserted in the subsequent amended Complaints;

The Answer to Second Amended Complaint and Affirmative Defenses;

Plaintiffs' Motion for Conditional Certification filed August 31, 2018;

Defendant's Limited Opposition to Plaintiffs' Motion for Conditional Certification filed October 19, 2018;

The Joint Motion to Modify or Set Aside Preliminary Scheduling Order filed September 21, 2018;

The Superseding Preliminary Scheduling Order dated October 25, 2018; and

The Rule 16(b) Scheduling Order dated April 8, 2019.

3

11.     I have also reviewed for general context, but I have not closely examined, the Plaintiffs' pending partial summary judgment brief as well as the Renewed Motion for Sanctions filed in 2020. While it is impossible to predict with confidence at the outset of a litigated matter how it will progress, the factual complexity and hotly contested nature of the litigation as reflected in the more recent filings could fairly be anticipated from the outset. I understand that this action involves more than 270 Plaintiffs and that the alleged FLSA violations potentially involve significantly greater sums than FLSA actions typically litigated in the Southern District of Alabama.

12.     Specific factors I considered (which are phrased somewhat differently in relevant state court and federal court precedents) are: (1) Nature and Value of the Subject Matter of the Case (including difficulty of the issues), (2) Learning, Skill and Labor Required to Properly Perform the Legal Services, (3) Professional Experience, Reputation and Ability of the Lawyers, (4) Fee Customarily Charged in the Locality for Similar Legal Services, (5) The Amount Involved – but not The Results Obtained, (6) The Weight of the Attorneys' Responsibility, and (7) awards in somewhat similar cases.[1]

13.     Specific factors I did not, or could not, consider at this point are: (1) Time Consumed,  (2) Likelihood That the Particular Case May or Will Preclude Other Employment by the Lawyer, (3) Results Obtained, (4) Time Limitations Imposed on the Attorneys by the Client or Circumstances, (5) Nature and Length of the Professional Relationship with the Client, (6)

---

[1] Specifically, the reasonable fees awarded in somewhat comparable high-stakes commercial litigation such as *Harris v. JMC Steel Group, Inc.*, 1:15-cv-00607-WS-C  and *Breland v. Levada EF Five, LLC*, 2016 WL 1717207 (S.D. Ala. 2016) for lead counsel were $450.00 and $400.00 an hour respectively. The *Werner Enterprises* case involved a much smaller Collective and in assessing the issue of reasonable attorneys' fees Judge Steele noted that because there was essentially identical prior litigation in which the Defendant's only complete defense has already been rejected in 2013, it was "essentially certain" the Plaintiffs would prevail and  "the only question was by how much."

Whether the Attorneys' Fees Agreement With the Client Was Fixed or Contingent[2] (7) Reasonable Expenses Incurred by the Attorney.

14.     I understand that the relevant analysis is to customary rates in this community. During more recent years, the reality is that regional law firms with cross-community practices have become much more common. I practice with that sort of regional law firm, and for the most part in 2021 most sizeable business entities doing business and litigating high-stakes cases here are represented by regional law firms with attorneys whose practices extend across multiple communities. The rates and fees charged by such regional firms to such clients generally do not vary with the venue of the suit. The same rates are now customarily charged for the same (or similarly qualified) lawyers for the same sort of matters whether they are litigated in Mobile, Pensacola, New Orleans, Biloxi, Jackson (Mississippi) or Tallahassee.

15.     Since I began practicing law in this community in 1985, former Magistrate Pat Sims has always had the highest reputation in this legal community for both substantive legal knowledge, federal practice and procedure experience, and efficiency. For many years, Ian Rosenthal has had an excellent reputation as a litigator in this legal community, as well as for providing legal guidance to employers on employment law matters. While class and sizeable collective actions are no longer as frequently litigated in the Courts of this community as was true in prior years, Mr. Rosenthal is one of a small group of local lawyers with substantial, substantive experience in such representations, and I have personally handled representations adverse to Mr. Rosenthal's clients in such matters.

---

[2] Because in an FLSA matter, attorneys' fees paid by a defendant to its counsel would normally be fixed, and attorneys' fees potentially recovered by counsel for employees are contingent my opinion essentially is based on the sort of fixed fee that would customarily be charged by counsel for employers, rather than the higher fees that consideration of the contingent nature of employee representation would lead to.

16.     I understand and appreciate that by custom and often for good reason, in this community, reasonable hourly rates are often linked to years of practice as well as specific subject matter expertise.  Based upon the factors that I am able to consider at this time, my opinion is that an hourly rate of $375 - $450 would be fair and reasonable for this engagement for both Mr. Sims and Mr. Rosenthal without regard for additional considerations that might support an upward adjustment such as Total Time Eventually Consumed, Preclusion of Other Employment, Results Obtained, Time Limitations, Nature / Length of Client Relationship, Contingency of Results-Based Fee, and Reasonable Expenses Incurred.  In my opinion, in light of his particular expertise and experience in federal litigation, a reasonable hourly fee for Mr. Sims would be at the upper end of the stated range, although Mr. Rosenthal has more specialized experience in Fair Labor Standards Act matters.  How to weigh the merits of each of those factors is, inherently, a judgment call.

17.     My opinion is based to some degree on the experience and reputation of these attorneys, as well as my own personal observation of their skill level compared to other attorneys handling disputes of similar stakes and complexity.  It is also based on my own personal knowledge of my own rates (and those of my partners) and of our competitors, for matters of a similar nature in this community.

Executed this the __11ᵗʰ__ of March, 2021.

**Matt McDonald, Esq.**