**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| WILLIAM HEATH HORNADY, et al., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Case No. 1:18-cv-00317 |
| | * | |
| OUTOKUMPU STAINLESS USA, | * | |
| | * | |
| Defendant. | * | |

**ADP, INC.'S MOTION FOR ATTORNEYS' FEES AND COSTS**

ADP, Inc. respectfully moves this Court for an Order awarding ADP its reasonable attorneys' fees and costs against the Defendant and/or its counsel ("Defense Counsel") related to ADP's expenses incurred in this matter due to Defense Counsel's misrepresentations to the Court.[1]

### INTRODUCTION

In the summer of 2020, Defense Counsel issued a subpoena seeking documents from ADP, which was Defense Counsel's current client in other matters. Although ADP produced responsive documents just five business days later, Defense Counsel never produced those documents to Plaintiffs. And to hide that fact when faced with sanctions motions, Defense Counsel threw their client, ADP, under the bus by misrepresenting to the Court (both verbally and in writing) that ADP had never responded to the subpoena. These misrepresentations led the Court to believe that ADP never "bothered to respond at all" to the subpoena.[2] Consequently, this Court entered a show-cause order requiring ADP to appear in court to explain itself.

---

[1] At the second show-cause hearing on March 12, 2021, the Court directed ADP to file this motion. (Doc. 303, PageID #: 3936, Tr. 46:8-11).

[2] (Doc. 299, PageID #: 3709, Tr. 15:12-13).

Although the Court ordered Defense Counsel to timely serve the first show-cause order on ADP, they did not do that. Instead, they let almost two weeks pass without even mentioning the show-cause order or the hearing. Because Defense Counsel waited until the last minute to inform ADP about the hearing, ADP was unable to attend in person, which caused the Court more frustration and resulted in a second show-cause order that set a second hearing.

Because ADP had promptly responded to the subpoena, ADP was puzzled as to why it was being ordered to appear in court for what the Court deemed to be noncompliance. ADP retained counsel to investigate what had happened, present the findings to the Court, and defend ADP against sanctions at the second show-cause hearing.

ADP was shocked to learn that its own attorneys at Littler Mendelson had made repeated material misrepresentations about their own client, ADP, subjecting it to potential contempt sanctions. On March 11, 2021, ADP filed a brief advising the Court what had happened, and on March 12, 2021, ADP appeared in person and with counsel at the second show-cause hearing. At the hearing, the Court's questioning made clear that the Defendant repeatedly failed to produce basic information in discovery, represented that ADP had the information, and then falsely represented that ADP had never responded to the subpoena.

Defense Counsel's misrepresentations resulted in ADP having to retain counsel to investigate this matter on an expedited and emergency basis and defend ADP against contempt sanctions, and they also caused ADP to involve numerous employees and have a company representative travel from New Jersey to Alabama to attend the second show-cause hearing. The only reason ADP has suffered this significant burden and expense is because of Defense Counsel's misrepresentations. (Doc. 303, PageID #: 3909, Tr. 19:19-22; 19:14-22; PageID #: 3939, Tr. 49:13-22; PageID #: 3936-37, Tr. 46:24-47:1).

Defense Counsel's misrepresentations also caused ADP to have to perform subsequent document production projects within very short windows of time, which required the assistance of outside counsel and paralegals.

This is not Defense Counsel's first rodeo when it comes to discovery misconduct in this District. In a previous case before Judge Steele – which he characterized as "litigation overkill" and a "case [that] went horribly wrong" – Defense Counsel was personally sanctioned twice for withholding documents, causing inexcusable delay, and repeatedly thwarting a plaintiff's discovery efforts. *White v. Thyssenkrupp Steel USA, LLC*, Civil Action No. 09-286-WS-N at Docs. 38 and 60.[3] Here, this Court should sanction the Defendant and their counsel due to their misrepresentations and to prevent the unjust consequence of ADP having to incur these unnecessary costs.

## ARGUMENT

This Court has the authority to enter this award under Rules 11, 37, and 45,[4] the Court's inherent authority, 28 U.S.C. § 1927, and/or any other grounds upon which this Court chooses to

---

[3] (Doc. 38, PageID #: 314) ("The protestations of defendant's counsel about their willingness to cooperate with plaintiff" to schedule depositions were "not supported by the record."); *id.* at PageID #: 325 ("Even a cursory review of the record reveals a pattern on the part of defendant's counsel to thwart every effort of plaintiff's counsel to schedule the depositions critical to plaintiff's case …"); *id.* at PageID #: 326 ("The conduct of defendant's counsel, as established by the numerous emails and other communications attached to the parties briefs, clearly prevented plaintiff from completing her depositions in a timely fashion, already necessitated one continuance of the discovery deadline in this case without permitting the completion of a single firstround deposition, will no doubt necessitate a further continuance to complete the discovery likely to be required by the testimony of defendant's aforementioned employees and representative and, despite the contentions of defendant's counsel to the contrary, without question necessitated plaintiff's motion to compel."); (Doc. 60, PageID #: 603) ("The undersigned must first observe that the attempt of defendant's counsel to divert responsibility for missing and withheld documents to their clients is problematic.").

[4] *Fed. R. Civ. P.* 11 (applicable to Defense Counsel's misrepresentations in briefs); *Fed. R. Civ. P.* 45(d)(1) (authorizing sanctions against "a party or attorney" who fails to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena").

do so.  As of today, ADP has incurred a total of $63,668.02 in expenses related to the two show-cause orders and subsequent related work.  Those expenses include $60,754.50 in attorneys' fees and paralegal fees and $2,913.52 in costs.  In support of this motion, ADP submits:

    1.    Declaration of Matthew R. Jackson, with attached itemization of time;

    2.    Declaration of Matt McDonald concerning reasonable attorneys' fees rates; and

    3.    Declaration of R. Scott Hetrick concerning reasonable attorneys' fees rates.

## I.    Reasonable Attorneys' Fees

Generally, "[t]he starting point for calculating a reasonable attorney's fee is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate" for the attorney's services.  *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).  To make this determination, the district court should consider the relevant factors among the twelve identified in *Johnson v. Georgia Highway Express, Inc.*, which are:

    (1)    the time and labor required;

    (2)    the novelty and difficulty of the questions;

    (3)    the skill requisite to perform the legal service properly;

    (4)    the preclusion of other employment caused by accepting the case;

    (5)    the customary fee;

    (6)    whether the fee is fixed or contingent;

    (7)    time limitations imposed by the client or circumstances;

    (8)    the amount involved and the results obtained;

    (9)    the attorney's experience, reputation, and ability;

    (10)    the undesirability of the action;

    (11)    the nature and length of the relationship between the attorney and client; and

    (12)    awards in similar cases.

*Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (citing *Johnson*, 488 F.2d 714, 717–719 (5th Cir. 1974)).  The product of these two numbers is referred to as the "lodestar," and there is a strong presumption that the lodestar represents a reasonable fee.  *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010).

After calculating the lodestar, "[t]he court may then adjust the lodestar to reach a more appropriate attorney's fee, based on a variety of factors." *Assoc. of Disabled Americans v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 n.1 (11th Cir. 2006).[5] The lodestar may be enhanced "in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee."  *Perdue*, 559 U.S. at 554 (citations omitted). The fee applicant must produce evidence that the "enhancement was necessary to provide fair and reasonable compensation."  *Id.* at 553 (citations omitted).

    **a.**    ***Reasonable Rate***

The reasonable hourly rate is generally "the prevailing market rate in the legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895–896 n. 11 (1984); *Norman*, 836 F.2d at 1299. The "relevant market" is the "place where the case is filed." *American Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) (citation and internal quotation marks omitted).

---

[5] Although the "*Johnson* factors are to be considered in determining the lodestar figure; they should not be reconsidered in making either an upward or downward adjustment to the lodestar — doing so amounts to double-counting." *Bivins*, 548 F.3d at 1349 (citing *Burlington v. Dague*, 505 U.S. 557, 562–563 (1992)); *Perdue*, 559 U.S. at 553 ("an enhancement may not be awarded based on a factor that is subsumed in the lodestar calculation."); *Barnes v. Zaccari*, 592 F. App'x 859, 871 (11th Cir. 2015) (citing *Bivins*, 548 F.3d at 1349).

"Put simply, the reasonable hourly rate is the rate a paying client would be willing to pay." *Lavatec Laundry Tech. GmbH v. Voss Laundry Sols.*, No. 3:13-CV-00056, 2018 WL 2426655, at *15 (D. Conn. Jan. 9, 2018) (quotations omitted). When "a sophisticated client pays attorneys' fees that it does not know it will necessarily recover, the rate paid is presumptively reasonable." *Id.* (citations omitted); *see Stonebrae, L.P. v. Toll Bros.*, No. C-08-0221-EMC, 2011 WL 1334444, at *6 (N.D. Cal. Apr. 7, 2011), *aff'd*, 521 F. App'x 592 (9th Cir. 2013).[6]

In the present case, ADP has agreed to pay their counsel and paralegals the following hourly rates:

| Matt Jackson | Partner | $425.00 |
| Garrett Zoghby | Associate | $315.00 |
| Blake Richardson | Associate | $315.00 |
| Becky Gibson | Paralegal | $220.00 |
| Joy Massey | Paralegal | $220.00 |
| Leigh Lods | Paralegal | $220.00 |

ADP's counsel will invoice ADP for the hours worked at these hourly rates, and ADP has agreed to pay those amounts. Because ADP – a sophisticated client – has agreed to pay these hourly rates and will pay them, they are presumed reasonable.

Moreover, the *Johnson* factors weigh in favor of these rates. ADP's counsel accepted this case just hours before the first show-cause hearing, at which it appeared ADP would likely be sanctioned.[7] When the second show-cause order was entered setting a second show-cause hearing

---

[6] *See also Crescent Publ'g Grp. v. Playboy Enters.*, 246 F.3d 142, 144 (2d Cir. 2001) ("[A]ny evidence of the actual billing arrangement between [the party seeking fees] and its counsel should be considered a significant, though not necessarily controlling, factor in the determination of what fee is 'reasonable' ....").

[7] Under these circumstances, the action was "undesirable" within the meaning of the tenth *Johnson* factor.

in just one week, sanctions appeared even more likely,[8] so ADP's counsel worked tirelessly over the weekend and all week to investigate the matter[9] and present the findings to the court, and then represent ADP at the second show-cause hearing.  During this time, ADP's lead counsel worked almost exclusively on this case due to its importance, emergency and time-sensitive nature, the apparent likelihood of sanctions, and the severity of potential adverse consequences.[10]  This took an extraordinary amount of time and effort within a very short timeframe and under extreme pressure, and it was complicated and required extraordinary skill.[11]  Even so, ADP's counsel's efforts fully exonerated ADP and shined a spotlight on Defense Counsel's misrepresentations, which would have gone undetected without the undersigned's efforts.[12]  This excellent result may also warrant an upward adjustment to the lodestar.  *Norman*, 836 F.2d at 1302 ("If the results obtained were exceptional, then some enhancement of the lodestar might be called for.") (citation omitted).

Under these circumstances, the hourly rates being charged by ADP's counsel should be considered reasonable.

---

[8] (Doc. 298) (stating, in the very sentence, that ADP had "violated this Court's February 19, 2021 order to appear … to show cause for its failure to comply with a subpoena.").

[9] Among other things, the undersigned's investigation included reviewing the filings (which, at that time, were almost 300 docket entries) and hearing transcripts in this case, having discussions with counsel, reviewing their correspondence, and reviewing correspondence between ADP and Defense Counsel.

[10] *Johnson* factor four (preclusion of other employment caused by accepting the case).

[11] *Johnson* factors one (time and labor required), two (the novelty and difficulty of the questions), three (the skill requisite to perform the legal service properly), and seven (time limitations imposed by the client or circumstances).

[12] *Johnson* factor eight (what's at stake and the results obtained).  Although this paragraph does not address *Johnson* factor five, six, nine, eleven, or twelve, those factors are addressed in the supporting declarations and are met as well.

**b.**     *Hours Reasonably Expended*

After determining the reasonable rates, courts then determine the hours reasonably expended. *Nat'l Comm'n for Certification of Crane Operators, Inc. v. Nationwide Equip. Training, LLC*, No. CV 17-0152-CG-M, 2021 WL 149846, at *2–3 (S.D. Ala. Jan. 15, 2021). Counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). A district court should not allow any hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *Norman*, 836 F.2d at 1301 (emphasis omitted). "To determine the hours reasonably expended, the Court may consider the first and second *Johnson* factors: the time and labor required and the novelty and difficulty of the question." *Nat'l Comm'n for Certification of Crane Operators, Inc.*, 2021 WL 149846, at *3.

In the present case, as of today, the following attorneys and paralegals expended the following hours on legal tasks benefitting ADP in this matter:

| | | |
|---|---|---|
| Matt Jackson | Partner | 102.4 |
| Garrett Zoghby | Associate | 24.3 |
| Blake Richardson | Associate | 0.8 |
| Becky Gibson | Paralegal | 17.3 |
| Joy Massey | Paralegal | 14.8 |
| Leigh Lods | Paralegal | 10.3 |
| | **TOTAL** | **169.9** |

Attached hereto are the undersigned detailed billing records that demonstrate exactly what work was being performed. As reflected within those records and the attached declarations, the work performed was not excessive, redundant, or otherwise unnecessary. Consequently, the Court should find these hours were reasonably expended in this matter.

    **c.**    **Lodestar Calculation**

Based on the foregoing, ADP requests reasonable attorneys' fees in the amount of $**60,754.50**, based on the following calculation:

| Name | Title | Rate | Hours | Award |
|---|---|---|---|---|
| Matt Jackson | Partner | $425 | 102.4 | $43,520.00 |
| Garrett Zoghby | Associate | $315 | 24.3 | $7,654.50 |
| Blake Richardson | Associate | $315 | 0.8 | $252.00 |
| Becky Gibson | Paralegal | $220 | 17.3 | $3,806.00 |
| Joy Massey | Paralegal | $220 | 14.8 | $3,256.00 |
| Leigh Lods | Paralegal | $220 | 10.3 | $2,266.00 |
|  |  |  | **TOTAL** | **$60,754.50** |

**II.**    **Other Expenses**

ADP also seeks an additional $2,913.52 in costs, which are based on the following calculation and are supported by the attached declarations and billing records:

| Cost | Amount |
|---|---|
| Transcript Fees | $890.87 |
| ADP Travel/Lodging | $813.68 |
| Overtime Pay | $1,208.97 |
| **TOTAL** | **$2,913.52** |

In total, ADP seeks an award of its reasonable attorneys' fees and costs in the amount **$63,668.02**.

Since ADP is still performing work on this matter, ADP reserves the right to petition the Court to award additional expenses related thereto.

                                              Respectfully submitted,

                                              */s/ Matthew R. Jackson*
                                              MATTHEW R. JACKSON (JACKM7882)
                                              GARRETT ZOGHBY (ZOGHG7748)
                                              *Attorneys for ADP, Inc.*

**OF COUNSEL:**
ADAMS AND REESE LLP
11 N. Water Street, Suite 23200
Mobile, Alabama 36602
(251) 433-3234 Main
(251) 438-7733 Fax
matt.jackson@arlaw.com
garrett.zoghby@arlaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that, on **March 29th, 2021**, I served a copy of the foregoing pleading upon all counsel of record by electronically filing same with the Clerk of Court using the CM/ECF System.

      */s/ Matthew R. Jackson*
      OF COUNSEL