# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **WILLIAM HEATH HORNADY, et al.,** | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Case No. 1:18-cv-00317 |
| | * | |
| **OUTOKUMPU STAINLESS USA,** | * | |
| | * | |
| Defendant. | * | |

## DECLARATION OF MATTHEW C. McDONALD

Pursuant to 28 U.S.C. § 1746, I hereby declare the following:

1.  My name is Matt McDonald. I am over the age of nineteen (19) years. I currently reside in Mobile, Alabama.

2.  I am an attorney admitted to practice in this Court since 1985. I graduated cum laude from Vanderbilt University in 1981 and I graduated from the University of Alabama School, of Law in 1985 where I served on the Editorial Board of the Alabama Law Review and was a member of the Order of the Coif and a Hugo L. Black Scholar.

3.  I understand that this Declaration will be filed in the lawsuit styled Hornady et. al. v. Outokumpu Stainless USA, LLC, Case No. 18-cv-317-JB-N. I have not been compensated, or offered compensation, for providing this Declaration.

4.  Since 1985 I have been exclusively engaged in the practice of law. Between 1985 — 2008, I practiced with Miller, Hamilton, Snider & Odom where I was a Partner from 1991 — 2008. That firm merged into Jones Walker LLP in 2008. I was admitted as a Partner at that time and am currently a Partner. My practice includes litigating in the federal and state courts of Alabama, primarily in complex litigation, usually on behalf of defendants. This includes defense

{MB420652.1}

of consumer class action lawsuits, high-stakes tort and commercial litigation, and municipal liability litigation. I practice in Alabama circuit and appellate courts as well as the United States District Courts for the Southern and Middle Districts of Alabama, and the Eleventh Circuit Court of Appeals.

5. I have served in various positions in the Alabama Bar Association, most recently as Chair of the Ethics, Elections and Government Relations Section.

6. I am personally familiar with the prevailing market rate for fees charged in this community by firms such as my own, and by other law firms, in complex and / or high-stakes litigation.

7. I have been asked to offer my understanding of the historical market rates that are charged and paid for legal work performed within the Mobile area in cases similar to the instant one – and, in particular, the work performed by Adams and Reese LLP attorneys and paralegals on behalf of non-party ADP, Inc.

8. I previously provided a declaration in support of the Plaintiffs' counsel's application for fees, and in connection with that, I reviewed certain case materials and became familiar with certain aspects of this litigation. In order to provide this declaration, I additionally reviewed ADP's brief responding to the Court's show-cause order and the relevant filings referenced therein, as well as ADP's motion for attorneys' fees and costs. Because the request for this opinion was just recently made, my review of available file materials is not comprehensive, and correspondingly the opinion I have to offer is somewhat limited.

9. I have reviewed, and was already generally familiar with, applicable case law such as *Peebles v. Miley*, 439 So. 2d 137 (Ala. 1983), *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *Faught v. American Home Shield Corp.*, 668 F. 3d 1233, 1242-1243

(11lh Cir. 2011) and *Breland v. Levada EF Five, LLC*, 2016 WL 1717207 (S.D. Ala. 2016) which addressed fees in similarly high-stakes litigation. I am not aware of any FLSA case in this community with a comparable combination of scope, monetary stakes, and factual complexity. I have also reviewed the Orders entered in *Harris v. JMC Steel Group, Inc.*, 1:15-cv-00607-WS-C (Doc. 70, PageId.1038, along with the underlying motion concerning settlement Doc. 70-2, PageId.1076) *O'Neal v. Eagle Marine Contracting, LLC*, 2017 WL 6759423 (S.D. Ala. Aug. 2, 2017), *Smith v. Werner Enterprises, Inc.*, 2015 WL 7185503 (S.D. Ala. Nov. 13, 2015) as well as *Kent v. Gulf Coast Security Enterprises, Inc.*, 2018 WL 6933393 (S.D. Ala. Dec. 10, 2018) and I am generally familiar with the outcomes of other litigation in this community involving the FLSA and statutes with similar fee provisions. The work that ADP's counsel was required to perform in this matter was unique, and consequently, I am not aware of any fee awards made in this District for the defense of a nonparty in contempt proceedings.

10. In forming an opinion as to reasonable hourly rates in this legal market for attorneys of commensurate skill and experience as ADP's counsel and paralegals, specific factors I considered were: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; and (10) the undesirability of the action.[1]

---

[1] It is my understanding that Matthew R. Jackson and R. Scott Hetrick have provided declarations addressing many of these factors, including factors four (the preclusion of other employment caused by accepting the case), nine (the attorney's experience, reputation, and ability), and eleven the nature and length of the relationship between the attorney and client, so I do not address those three factors here. Additionally, I do not address factor twelve (awards in similar cases) because, as stated above, I am not aware of any fee awards made in situations similar to ADP's counsel's representation.

11. I understand that the relevant analysis is to customary rates in this community. During more recent years, the reality is that regional law firms with cross-community practices have become much more common. I practice with that sort of regional law firm, and for the most part in 2021 most sizeable business entities doing business and litigating high-stakes cases here are represented by regional law firms with attorneys whose practices extend across multiple communities. The rates and fees charged by such regional firms to such clients generally do not vary with the venue of the suit. The same rates are now customarily charged for the same (or similarly qualified) lawyers for the same sort of matters whether they are litigated in Mobile, Pensacola, New Orleans, Biloxi, Jackson (Mississippi) or Tallahassee.

12. Based upon the factors that I am able to consider at this time, my opinion is that an hourly rate of $350 - $425 would be fair and reasonable for this engagement for Matthew R. Jackson, hourly rates of $250 - $315 would be fair and reasonable for the associates, Garrett Zoghby and Blake Richardson, and hourly rates of $160 - $220 would be fair and reasonable for the paralegals. Additionally, I understand that these rates are similar to the rates contained in ADP's engagement of Adams Reese, LLP. I further opine that an upward adjustment should be considered due to the excellent results that Adams and Reese LLP obtained for ADP.

13. My opinion is based to some degree on the experience and reputation of these attorneys, as well as my own personal observation of their skill level compared to other attorneys handling disputes of similar stakes and complexity. It is also based on my own personal knowledge of my own rates (and those of my partners) and of our competitors, for matters of a similar nature in this community.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 29th day of March, 2021.

_/s/ Matt McDonald_
MATTHEW C. McDONALD