IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| WILLIAM HEATH HORNADY, CHRISTOPHER MILLER and TAKENDRIC STEWART, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>OUTOKUMPU STAINLESS USA, LLC,<br><br>    Defendants. | CIVIL ACTION NO.:<br><br>1:18-cv-00317-JB-N |

**DEFENDANT'S MOTION FOR RECONSIDERATION OF DENIAL OF DEFENDANT'S PARTIAL MOTION FOR SUMMARY JUDGMENT AND SUPPORTING BRIEF**[1]

By Order dated February 24, 2021 [Doc. 291], the Court denied Defendant's Motion for Partial Summary Judgment. [Docs. 253].[2] Based on the Regulations applicable to the Fair Labor Standards Act and cases interpreting those Regulations, Defendant Outokumpu Stainless USA, LLC ("Defendant") hereby moves the Court for reconsideration of that Order. The grounds on which this motion is based are set forth below in the accompanying brief.

---

[1] Defendant also submits this authority as a supplement to its opposition to Plaintiffs' Motion for Partial Summary Judgment. [Docs. 257-258].
[2] The other pleadings relating to Defendant's motion were Docs. 254, 260, and 265.

1

## I.     Introduction

Plaintiffs' arguments in their summary judgment briefing characterize the FLSA's overtime requirements as rigid demands that leave employers with no latitude whatsoever when incorporating nondiscretionary bonuses into overtime calculations. But their legal theory ignores the considerable flexibility the statute and its regulatory framework gives employers in crafting their bonus payments to suit their business needs. Contrary to Plaintiffs' contentions, Defendant's bonus easily fits within the range of permissible methods under the FLSA, and Plaintiffs have not met their burden to prove otherwise.[3] Accepting Plaintiffs' erroneous legal theory in ruling on Defendant's Motion for Partial Summary Judgment constitutes clear error, and the Court should therefore reconsider its prior decision.

## II.    Summary of Relevant Facts

Defendant incorporates by reference its "Summary of Relevant Facts" section of Defendant's Memorandum of Law in Support of its Motion for Partial Summary Judgment [Doc. 254].

---

[3] Contrary to Plaintiffs' position that the regulations cited above operate as affirmative defenses, it is *Plaintiffs'* burden—not Defendant's—to prove that they were not properly paid overtime under the FLSA. *Minor v. Cent. Forest Prods.*, No. 3:19-CV-01631-CLS, 2021 U.S. Dist. LEXIS 54046, at *13 (N.D. Ala. Mar. 23, 2021) (stressing that in any FLSA case, "the burden of proving he worked overtime without the proper compensation rests upon the plaintiff-employee.").

### III. Legal Standard

A district court should grant a party's motion for reconsideration when the party demonstrates the need to correct clear error. *King v. CVS Caremark Corp.*, No. 1:12-CV-1715-VEH, 2015 WL 12778436, at *4 (N.D. Ala. Feb. 8, 2015) (citing *Summit Medical Center of Ala., Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003)). In addition, a district court has the power to modify or vacate any non-final order at any point before final judgment. *Id.* (citing *Spellman v. Haley*, No. 97-T-640-N, 2004 WL 866837, at *2 (M.D. Ala. Feb. 22, 2002)).

### IV. Argument

#### A. The FLSA and its interpretive regulations and guidance offer employers several options for complying with its overtime requirements.

The FLSA requires an employer to compensate its employees for all hours worked over 40 hours each workweek "at a rate not less than one and one-half times the regular rate at which [they are] employed." 29 U.S.C. § 207(a)(1). The statute defines the "regular rate" for purposes of calculating this overtime pay as including "all remuneration for employment paid to, or on behalf of, the employee." The Act goes on to specify certain categories of payments that may be excluded from the regular rate calculation, including certain discretionary bonuses. 29 U.S.C. § 207(e)(3). Nondiscretionary bonuses, on the other hand, count as "remuneration"

3

that an employer must include in the regular rate of pay. 29 U.S.C. § 207(e); *see also* 29 C.F.R. § 778.208.

But while the FLSA requires employers to include nondiscretionary bonuses in calculating the regular rate for overtime purposes, the statute does not specify what method an employer should use in doing so. The Department of Labor, however, has issued regulations and interpretive guidance that shed light on the array of options available to employers in this area. One such regulation is 29 C.F.R. § 778.209, titled "Method of inclusion of bonus in regular rate." 29 C.F.R. § 778.209. The first section of that regulation provides:

> **§ 778.209 Method of inclusion of bonus in regular rate.**
> **(a) General rules.** Where a bonus payment is considered a part of the regular rate at which an employee is employed, it must be included in computing his regular hourly rate of pay and overtime compensation. No difficulty arises in computing overtime compensation if the bonus covers only one weekly pay period. The amount of the bonus is merely added to the other earnings of the employee (except statutory exclusions) and the total divided by total hours worked. Under many bonus plans, however, calculations of the bonus may necessarily be deferred over a period of time longer than a workweek. In such a case the employer may disregard the bonus in computing the regular hourly rate until such time as the amount of the bonus can be ascertained. Until that is done[,] he may pay compensation for overtime at one and one-half times the hourly rate paid by the employee, exclusive of the bonus. When the amount of the bonus can be ascertained, it must be apportioned back over the workweeks of the period during which it may be said to have been earned. The employee must then receive an additional amount of compensation for each workweek that he worked overtime during the period equal to one-half of the hourly rate of pay allocable to the bonus for that week multiplied by the number of statutory overtime hours worked during the week.

*Id.* at § 778.209(a).

This regulation illustrates the flexibility the FLSA provides employers. If a bonus covers just one workweek, an employer can simply add the bonus to the employee's other earnings in that period when calculating overtime. *Id.* But § 778.209(a) also recognizes that many employers pay bonuses based on work performed during multiple workweeks. *See id.* If an employer does so, it may exclude that bonus from its calculations of the employee's regular rate until the amount of the bonus can be ascertained. *Id.* Then, once the employer can determine the bonus amount, the employer can apportion the bonus back over the workweeks in which it was earned. *Id.*

The FLSA's regulatory scheme also acknowledges that some bonuses will not necessarily align with specific workweeks. In another example of the latitude afforded employers, rather than demand that employers allocate bonuses to the exact workweeks in which they were earned, the regulations give employers multiple options for complying with the statute. To that end, the second section of 29 C.F.R. § 778.209 states:

> **(b) Allocation of bonus where bonus earnings cannot be identified with particular workweeks.** If it is impossible to allocate the bonus among the workweeks of the period in proportion to the amount of the bonus actually earned each week, some other reasonable and equitable method of allocation must be adopted. For example, it may be reasonable and equitable to assume that the employee earned an equal amount of bonus each week of the period to which the bonus relates, and if the facts support this assumption additional compensation for each overtime week of the period may be computed and paid in an amount equal to one-half of the

5

> average hourly increase in pay resulting from bonus allocated to the week, multiplied by the number of statutory overtime hours worked in that week. Or, if there are facts which make it inappropriate to assume equal bonus earnings for each workweek, it may be reasonable and equitable to assume that the employee earned an equal amount of bonus each hour of the pay period and the resultant hourly increase may be determined by dividing the total bonus by the number of hours worked by the employee during the period for which it is paid. The additional compensation due for the overtime workweeks in the period may then be computed by multiplying the total number of statutory overtime hours worked in each such workweek during the period by one-half this hourly increase.

*Id.* at § 778.209(b).

So when a bonus, by its nature, does not match up with particular workweeks, an employer need only use "some other reasonable and equitable method of allocation" to satisfy its obligations under the FLSA. *Id.* And while the regulation lays out several examples of how an employer can accomplish this, its permissive language makes plain that other methods of allocation could satisfy this standard as well. *See id.; see also Vazquez v. TWC Admin. LLC*, 245 F. Supp. 3d 1220, 1233 (C.D. Cal. 2015) (emphasizing that § 778.209(b) uses conditional and permissive language); WHD Opinion Letter FLSA 2020-1, 2020 WL 122922, at *2 (Jan. 7, 2020) (explaining an example of how an employer can use a "reasonable and equitable" allocation method to comply with § 778.209(b)).

There is yet another option available to employers under the DOL's regulations that does not require employers to retrospectively recalculate the regular rate at all. Specifically, 29 C.F.R. § 778.10 provides:

6

> **§ 778.210 Percentage of total earnings as bonus.**
> In some instances[,] the contract or plan for the payment of a bonus may also provide for the simultaneous payment of overtime compensation due on the bonus. For example, a contract made prior to the performance of services may provide for the payment of additional compensation in the way of a bonus at the rate of 10 percent of the employee's straight-time earnings, and 10 percent of his overtime earnings. In such instances, of course, payments according to the contract will satisfy in full the overtime provisions of the Act and no recomputation will be required. This is not true, however, where this form of payment is used as a device to evade the overtime requirements of the Act rather than to provide actual overtime compensation, as described in §§ 778.502 and 778.503.

29 C.F.R. § 778.210.

The rationale behind this additional alternative is clear:  In paying a percentage bonus inclusive of overtime worked, the bonus simultaneously pays overtime compensation due on the bonus. *See id.*  Thus, an appropriately calculated percentage bonus that increases all an employee's total straight time earnings and overtime earnings for the period over which the bonus was earned would not require a recalculation of the weekly regular rate. *See id.*  In short, a percentage bonus accomplishes in one mathematical step an increase in the regular rate and a corresponding increase in the amount of overtime paid. *See id.; see also* WHD Opinion Letter, 1997 WL 998000, at *1 (Jan. 23, 1997) (explaining that "[p]ayment of a bonus and simultaneous payment of the overtime compensation due on the bonus satisfies the overtime requirements of the FLSA[,] and no recomputation is required.").

In sum, while the FLSA mandates that employers account for nondiscretionary bonuses when paying employees overtime, its regulations and interpretive guidance allow employers substantial flexibility in what method they use when doing so. *See* WHD Opinion Letter FLSA2019-7, 2019 WL 2914103, at *2 (July 1, 2019) (explaining some of the options available to employers under §§ 778.209 and 778.210).

> B.  **Recognizing the flexibility given to employers in this area, courts across the nation consistently uphold similar bonuses under the FLSA.**

Caselaw from federal courts across the country bears out this point, as courts consistently uphold a variety of bonus allocation methods as FLSA-compliant. For instance, in *Vazquez v. TWC Admin. LLC*, the plaintiff employees brought FLSA overtime claims based in part on their legal theory that TWC violated the statute by misallocating incentive payments. 245 F. Supp. 3d at 1222-24. The plaintiffs worked Friday through Thursday workweeks but received incentive pay (in the form of both commissions and bonuses) determined for periods running from the 19th of one month through the 18th of the next. *Id.* at 1228-29. The incentive payment periods therefore often began and ended in the middle of defined workweeks. *Id.* at 1229. TWC allocated the incentive payments to employees equally across the workweeks chronologically closest to the incentive payment period. *Id.*

8

The plaintiffs claimed that TWC's method violated the FLSA because it artificially lowered the regular rate in certain workweeks. *Id.* They argued that the Company could and should have determined the number of hours worked during each incentive payment cycle and allocated the incentive pay evenly among those hours for overtime calculation purposes. *Id.* As here, the plaintiffs cited no caselaw showing that TWC's specific approach was unlawful, relying on the applicable FLSA regulations instead. *Id.*

The Court rejected the plaintiffs' arguments and granted summary judgment in TWC's favor. *Id.* at 1233. The Court was unpersuaded that TWC's allocation method, while imperfect, was not "reasonable and equitable" under the circumstances and emphasized the latitude afforded employers under § 778.209(b). *Id.* at 1229, 1233. The Court also noted multiple times in its analysis that the plaintiffs relied entirely on the DOL's interpretive regulations and cited no applicable caselaw supporting their misallocation theory—just like the Plaintiffs here. *Id.* Overall, *Vasquez* demonstrates that even when an employer's method of allocating bonus payments is not perfect—such as when bonus periods do not precisely align with pay periods—it can still satisfy the "reasonable and equitable" standard under FLSA regulations.

Similarly, courts will not hesitate to rule in the employer's favor when the plaintiffs' bonus misallocation theory fails to account for the alternative method

9

provided under § 778.210. In *Russell v. Gov't Empls. Ins. Co.*, for example, the plaintiffs contended that GEICO's cash bonuses violated the FLSA because they were not "apportioned back over the workweeks during which they may be said to have been earned" and thus "could not satisfy the logically intertwined 29 C.F.R. § 778.210 as bona fide percentage bonuses." No. 17-CV-672 JLS (WVG), 2018 WL 1210763, at *4 (S.D. Cal. Mar. 8, 2018) (cleaned up).

But the court was quick to point out that "this argument ignored the distinction between sections 778.209 and 778.210" and stressed that "Section 778.210 is an alternative to Section 778.209 and Defendant need only fit under one of the two sections." *Id.* (cleaned up). The court also rejected the plaintiffs' argument premised on the fact that GEICO paid bonuses as a percentage of twelve months' wages even though employees earned the bonus over fourteen months, concluding that this did not render the cash bonus unlawful under § 778.210. *Id.* at *4-5; *see also Harris v. Best Buy Stores, L.P.*, No. 15-cv-00657-HSG, 2016 WL 4073327, at *4 (N.D. Cal. Aug. 1, 2016) (explaining that "778.210 permits employers to satisfy FLSA's overtime compensation requirements by calculating the bonus as a 'percentage of total earnings' by multiplying the employee's pay by the same fixed percentage of both the employee's straight-time earnings and overtime earnings. 778.210" and that

10

"[u]nder this provision, recomputation is not needed and the bonus is excluded from the employee's regular rate of pay for overtime purposes.").[4]

At bottom, this caselaw demonstrates how courts have consistently interpreted the FLSA's requirements in line with the freedom provided to employers by 29 C.F.R. §§ 778.209 and 778.210. While still effectuating the FLSA's goal of protecting employees against underpayment of overtime owed, these cases recognize the substantial flexibility employers have in determining how to allocate bonuses. *See also Castillo v. Bank of America Nat'l Ass'n*, No. SA CV 17-0580-DOC, 2019 WL 3818954 (C.D. Cal. July 16, 2019) (denying class certification where defendant had a policy of dividing the incentive pay amount by the number of total hours worked in the previous two pay periods, even if those two pay periods did not coincide with the month the incentive pay compensated, then multiplied that amount by the overtime hours worked in those pay periods, reasoning that individualized inquiry was necessary because sometimes an overpayment of overtime could occur with specific employees).

---

[4] Indeed, courts have long upheld bonuses paid as a percentage of total earnings under the FLSA. *See, e.g.*, *Brock v. Two R Drilling Co., Inc.*, 789 F.2d 11177 (5th Cir. 1986) ("payment of a bonus calculated as a percentage of the employee's total wages . . . does not require recomputation of the 'regular' rate"); *Adams v. Macklin Co.*, 69 F. Supp. 262, 267 (E.D. Mich. 1946) (dismissing claim for improper calculation of overtime where percentage bonus applied equally to both straight time and overtime).

  **C. Defendant's bonus fits well within the myriad options available under the FLSA's regulatory scheme.**

Against that background, it is plain that Defendant's bonus meets the FLSA's requirements, as it is compliant under both § 778.209 and § 778.210.  First, as illustrated in *Vasquez*, Defendant's method of allocating bonuses to the employee's earnings in the month in which the bonus is paid is a "reasonable and equitable" arrangement that comports with § 778.209(b).  Because the bonuses are based on complex data gathered across multiple departments across the steel mill over the course of an entire month, it is impossible to attribute the bonus to any particular workweek.  (Doc. 189-15, Doc. 223).  Thus, that Defendant did not do so does not violate § 778.209(a)'s commands.  *See* 29 C.F.R. §§ 778.209(a), (b).  Rather, as the caselaw cited above clarifies, Defendant's chosen method is one of a variety of options it could have used under the FLSA's regulatory scheme.

As in *Vasquez*, that Defendant's bonus period of a calendar month does not perfectly align with specific workweeks is immaterial, as such perfect alignment is unnecessary to satisfy the standard of "reasonable and equitable" under § 778.209(b).  *See Vasquez*, 245 F. Supp. 3d at 1228-29, 1233 (rejecting the plaintiffs' misallocation theory even though TWC's bonus periods did not align with its pay periods).  And just like in *Vasquez*, Plaintiffs have failed to point to any caselaw concluding that a method like Defendant's did not meet this definition.  *See id.* at

1229, 1233. Defendant's bonus is therefore a "reasonable and equitable" method consistent with the FLSA and its interpretive regulations and guidance.

Defendant's bonus also complies with the FLSA because it is a permissible percentage bonus under 29 C.F.R. § 778.210. Defendant pays its bonus monthly and multiplies the percentage against an employee's gross earnings that month. (Doc. 189-15, Doc. 223). There is no evidence that this method omits any potential earnings or impermissibly lowers overtime payments to employees. In addition, as explained above and contrary to Plaintiffs' arguments, this method requires no allocation or recomputation of the regular rate at all. *See* 29 C.F.R. § 778.210; WHD Opinion Letter, 1997 WL 998000, at *1 (explaining that "[p]ayment of a bonus and simultaneous payment of the overtime compensation due on the bonus satisfies the overtime requirements of the FLSA[,] and no recomputation is required."); *Russell*, 2018 WL 1210763, at *4.

In the end, Defendant's bonus readily meets the FLSA's demands under either § 778.209 or § 778.210. Defendant's bonus not only complies with the relevant regulatory language, courts confronting similar bonuses (and legal theories similar to those raised by Plaintiffs) have not hesitated to find them FLSA-compliant—and Plaintiffs have not met their burden to show why this case should turn out any different. This Court should therefore follow its sister courts across the country in

rejecting Plaintiffs' arguments here and conclude that Defendant's bonus fulfills the FLSA's requirements.

## V.  Conclusion

For the reasons above, Defendant respectfully requests that this Court reconsider its Order denying Defendant's Motion for Partial Summary Judgment and grant summary judgment in Defendant's favor, dismiss Plaintiffs' claims related to bonus payments, and award Defendant reasonable costs and attorneys' fees and such other relief the Court deems proper.

Respectfully submitted,

s/ Charles A. Powell IV
Charles A. Powell IV, ASB-9015-O77C
Jennifer Fox Swain, ASB-7761-I67J
Attorneys for Defendant

**LITTLER MENDELSON, P.C.**
420 20th Street North, Suite 2300
Birmingham, AL 35203-3204
Telephone: (205) 421-4700
cpowell@littler.com
jswain@littler.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 9, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Ian D. Rosenthal
HOLSTON, VAUGHAN & ROSENTHAL, LLC
P. O. Box 195
Mobile, AL  36601
idr@holstonvaughan.com

Patrick H. Sims
SIMS LAW FIRM, LLC
P. O. Box 7112
Mobile, AL  36670
Tel: 251.725.1316
patrick@simslawfirm.net

                          s/ Charles A. Powell IV
                          OF COUNSEL