IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM HEATH HORNADY, CHRISTOPHER MILLER, and TAKENDRIC STEWART, etc., <br><br> Plaintiffs, <br><br> -vs- <br><br> OUTOKUMPU STAINLESS USA, LLC, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) CASE NO.: 18-cv- 317-JB-N |

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION (DOC. 316)

Defendant's Motion for Reconsideration of the denial of Defendant's Partial Motion for Summary Judgment (Doc. 316) should be denied for any or all of these reasons:

1. Because the Federal Rules of Civil Procedure do not contemplate a "Motion to Reconsider," such filings, though directed to interlocutory orders, are generally processed as if filed under Rules 59 or 60, which deal with relief from final judgments or orders. Defendant's motion was filed April 9, 2021 and seeks relief from an order entered February 24, 2021. Despite any confusion about Motions to Reconsider, it is clear that such motions, addressing an interlocutory order, must be filed within 28 days of the entry of the order, per Rule 59(e). The Defendant's Motion to Reconsider that order is untimely and should be denied on that basis.

2. In this civil action the Court has already set out its approach to motions to

reconsider. (Doc. 292, PageID 3666). In the interest of saving paper and electrons we will not set out the text of the Court's February 24, 2021 Order here, since it is already part of the record. Those same standards require denial of Defendant's present Motion.

3.      Even on the merits, Defendant's Motion adds absolutely nothing new, and more precisely, nothing warranting revisiting the Court's prior Order. Defendant's Motion is just a rehash of entirely inadequate arguments made by Defendant's prior counsel which were responded to by plaintiffs and rejected by the Court. Several of the cases Defendant cites have already been discussed in the briefs the Court already considered. Defendant has added a couple of additional citations it had not previously included. If anything, the additional citations further support the rationale for the Court's Order.

- The January 7, 2020 DOL Opinion Letter, 2020 WL 122922, deals with a $3,000 bonus earned over a ten-week period. The Opinion Letter says it is to be allocated equally because each week counts equally to fulfill the criteria for the bonus. The result is that for weeks in which an employee works overtime an additional $300 is included in calculating regular rate of pay before and then overtime pay is calculated. Id. at n.1. Nothing in the Opinion Letter says anything that would make OTK's bonuses lawful under the FLSA.

- Defendant is accurate in saying that a class action was not certified in Castillo v. Bank of America, N.A., 2019 WL 3818954 (C.D. Cal. July 16, 2019). Here, of course, the deadline to challenge the condition certification of the collective has long passed. With regard to an "overtime rate" claim that involved a bonus the Court found that "whether defendant's formula was unlawful" was a common

question. Id. at 9. Even in the context of its Rule 23 class analysis, the California District Court Judge said nothing that to suggest that Bank of America's formula (or OTK's) was lawful. The class certification denial was solely on case-specific analysis of individualized issue predominance considerations, applying the California law-based authority of Alvarado v. Dart Container Corp. of California, 511 P.3d 528 (Cal. 2018). Id., at 14. Nothing in Castillo applies here.

- In the 2015 case of Vazquez v. TWC Administration, LLC, 254 F. Supp. 3d 1220 (C.D. Cal. 2015), that California District Court Judge concluded that a fact-specific practice of dividing a bonus equally among workweeks was reasonable, while noting that the plaintiffs there had cited no contrary relevant legal authority. Id, at 1233. But in that case, what TWC did, (and what OTK does not do) was in line with regulations applicable to commissions. 29 CFR § 778.118 et. seq. "[S]corecard incentive compensation for the fiscal month allocation was divided evenly across the work weeks chronologically closest to that period." Specifically, TWC apparently allocated the incentive compensation (earned from the 19th of the one month to the 18th of the next) evenly across the 5 workweeks that would make up that 30 or 31 day period. Id., at 1229. Then, TWC actually paid overtime based on the re-allocated amounts. If, counter-factually, OTK took a bonus paid February 28 and allocated it evenly to the full and partial weeks of January 1-31 (or based on the hours worked each week), and then paid additional overtime pay rates from that allocated pay, it would be in the same position as TWC. It does nothing like that.

In conclusion, Defendant's Motion is due to be denied for all of the above stated reasons.

Respectfully submitted,

**HOLSTON, VAUGHAN & ROSENTHAL, LLC.**

By: /s/ Ian D. Rosenthal
Ian D. Rosenthal – ROSEI6905
Attorney for Plaintiffs
P.O. Box 195
Mobile, AL 36601
(251) 432-8883 (office)
(251) 432-8884 (fax)
Email: idr@holstonvaughan.com

**SIMS LAW FIRM, LLC.**

Patrick H. Sims – SIMSP8145
Attorney for Plaintiffs
P.O. Box 7112
Mobile, AL 36670
(251) 725-1316 (office)
Email: patrick@simslawfirm.net

## CERTIFICATE OF SERVICE

  I hereby certify that I have on this the 25th day of April, 2021, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

    **Devin Dolive, Esq.**
    Burr & Forman, LLP
    420 North 20th Street – Suite 3400
    Birmingham, Alabama 32503

      /s/ Ian Rosenthal
      OF COUNSEL