# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **WILLIAM HEATH HORNADY, et al.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| **v.** ) | CASE NO. 1:18-cv-00317-JB-N |
| ) | |
| **OUTOKUMPU STAINLESS USA, LLC** ) | |
| ) | |
| Defendant. ) | |

## MOTION FOR LEAVE TO SUBMIT A BRIEF REGARDING SANCTIONS ISSUES

Defendant Outokumpu Stainless USA, LLC ("OTK") moves the Court for leave to submit a brief regarding sanctions issues and, in support hereof, states as follows:

1. The Court has stated its intention to enter a liability default against OTK as a sanction, and the Court has before it two Reports and Recommendations recommending various other sanctions and striking defenses. (Docs. 261 & 277.) Both Plaintiffs and OTK filed Objections to the first Report and Recommendation, and OTK has also objected to the second Report and Recommendation. (Docs. 266, 267, & 286.)

2. After the parties filed those various Objections, the Court, at its March 12, 2021 show-cause hearing, identified additional sanctionable conduct on the part of one of the attorneys representing OTK at that hearing. Then, at the status conference on April 13, 2021, the Court stated that it was also planning to enter a liability default as a sanction.

3. The Court's stated intention of entering a default sanction against OTK created and/or exacerbated (among other things) conflicts for the law firm whose attorneys had been representing OTK in this action. OTK thereafter retained new counsel at a different law firm, and the undersigned became OTK's new counsel of record. (Docs. 319 & 323.)

45471349 v1

4. Yesterday, Plaintiffs' counsel and OTK's new counsel learned that audio recordings for five discovery/sanctions hearings are in the process of being transcribed. The resulting written transcripts will, presumably, aid the Court in preparing its forthcoming sanctions ruling. Moreover, because OTK's newly-retained counsel was not present at those hearings, the transcripts may also aid OTK's new counsel in understanding what has transpired in this case and in understanding why the Court is now considering a sanction as draconian as a default.

5. Accordingly, OTK asks that it be granted leave to submit a brief regarding the sanctions issues in this case. This brief would be separate from and in addition to the "joint report" regarding "fact questions" requested by the Court at the April 13, 2021 status conference— Plaintiffs and OTK are presently working to file this "joint report" on May 3.

6. As to timing, OTK asks that it be granted up to 14 days after the court reporter completes transcriptions of all five hearings in which to submit its brief on sanctions issues.[1] In preparing its brief, OTK will follow the formatting requirements of Civil Local Rule 7(e).

7. Before filing this Motion for Leave, OTK's counsel consulted Plaintiffs' counsel to ascertain Plaintiffs' position on briefing regarding the sanctions issues. Plaintiffs' counsel stated that Objections to the Reports and Recommendations had already been briefed. In contrast, additional sanctionable conduct that the Court identified at its March 2021 show-cause hearing has not been briefed on the merits.[2]

---

[1] OTK has already obtained transcripts for two of these five hearings, so the requested 14-day briefing deadline would run from the transcription date for the remaining three transcripts.

[2] In terms of sanctions-specific briefing filed after the show-cause hearing, third-party ADP, Inc. filed a Motion for Attorneys' Fees. (Doc. 312.) In response to that Motion, OTK, still appearing through counsel at its old law firm, said that "Littler [the law firm] apologizes that the alleged actions of one its lawyers has led to this situation" and added that "Littler … believes" that its payment of ADP's fees had "resolved" the matter. (Doc. 315 at PageID # 4047.) As a result,

8. OTK is respectful of Plaintiffs' position that the parties have already briefed Objections to the Reports and Recommendations, but the sanctionable conduct identified at the March 2021 show-cause hearing did not arise in a vacuum. Rather, previous counsel's misstatements on the record were related to issues addressed in the October 2020 Report and Recommendation. The apparent misstatements by OTK's former counsel and the statements by ADP's counsel and ADP's court filings (Docs. 300, 302, & 312) suggest that previous counsel may have been acting against the interests of OTK. Thus, OTK would like the opportunity to brief these issues before the Court enters its sanctions ruling.

9. To the extent possible, OTK will endeavor not to re-brief issues already addressed in the record. OTK is, however, concerned that its previous counsel's conflicts of interest may have impeded the development of a full record regarding the sanctions issues.

WHEREFORE, OTK respectfully asks that this Court enter an Order granting OTK leave to file a brief before the Court enters an order further sanctioning OTK for acts and/or omissions occurring while OTK was represented by its previous counsel, with OTK's brief on these sanctions issues to be submitted within 14 days after receipt of the transcripts for the five hearings.

Respectfully submitted,

*s/ Devin C. Dolive*
Devin C. Dolive (DOLID4671)

Attorney for Defendant
OUTOKUMPU STAINLESS USA, LLC

---

the Court, after noting "no objection" from OTK's then-counsel, entered a written Order granting ADP its requested fees. (Doc. 317 at PageID # 4067.)

**OF COUNSEL:**

BURR & FORMAN LLP
420 North 20th St., Suite 3400
Birmingham, Alabama 35203
Telephone: 205-251-3000
Facsimile:  205-458-5100
ddolive@burr.com

## CERTIFICATE OF SERVICE

  I hereby certify that, on April 30, 2021, I electronically filed the foregoing document using the Court's CM/ECF system, which will automatically send electronic notice to the following:

| | |
|---|---|
| Ian D. Rosenthal<br>HOLSTON, VAUGHN & ROSENTHAL, LLC<br>P.O. Box 195<br>Mobile, AL 36601<br>idr@holstonvaughan.com | Patrick H. Sims<br>SIMS LAW FIRM, LLC<br>P.O. Box 7112<br>Mobile, AL 36670<br>patrick@simslawfirm.com |

          *s/ Devin C. Dolive*
          OF COUNSEL