IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM HEATH HORNADY, et al., | ) |
| Plaintiffs, | ) CASE NO. 1:18-cv-00317-JB-N |
| v. | ) |
| OUTOKUMPU STAINLESS USA, LLC | ) |
| Defendant. | ) |

**DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO
MOTION FOR RECONSIDERATION**

Defendant Outokumpu Stainless USA, LLC ("Defendant" or "OTK") respectfully submits its Reply to Plaintiffs' Opposition (Doc. 324) to its Motion for Reconsideration (Doc. 316) of the Court's Denial (Doc. 291) of its Motion for Partial Summary Judgment (Doc. 253).

**1.     OTK's Motion is not untimely.**

As the Court has already noted: "Motions to reconsider are committed to the sound discretion of the trial court." (Doc. 292 (collecting authorities).) In opposing reconsideration, Plaintiffs rely on those previously-noted authorities and further argue that OTK's April 9 Motion for Reconsideration should be denied as untimely because OTK did not file within 28 days of the entry of the February 24 Order.[1] Plaintiffs' argument glosses over the fact that, in this case, within the 28 days following the Court's Order at issue, OTK's lead counsel had his *pro hac vice* admission revoked (on March 12). It took OTK's subsequent lead counsel (who himself has also since been replaced) another week before

---

[1] Plaintiffs' attempt to label OTK's April 9 filing as untimely might seem hypocritical, given that Plaintiffs' counsel responded to OTK's Motion with a response on April 25, beyond the 14-day deadline for responses as specified in Local Rule 7(c). Regardless, Plaintiffs' criticism of OTK's Motion as untimely ignores that the Court may reconsider its non-final orders at any time.

45475374 v3

appearing, and that temporary lead counsel moved for reconsideration within three weeks of his appearance. (*See* Docs. 306, 324.)

Even if Plaintiffs were right about the 28-day period, that time frame should not apply here because the Court's Order (Doc. 291) denying OTK's Motion for Partial Summary Judgment (Doc. 253) specified that a "Memorandum Opinion shall issue in due course." This has not yet happened. Thus, even were a 28-day period to apply, that period should be tolled until the Court issues its Memorandum Opinion. Under the circumstances, OTK's Motion for Reconsideration is not untimely, and OTK's arguments should be considered while the Court prepares its forthcoming Memorandum Opinion. In fact, the Motion for Reconsideration also has bearing on the Court's direction at the April 13, 2021 status conference that the parties are to submit a "joint list" of "fact questions," with a modified deadline of today. (*See* Doc. 323.) Although there appear to be disputed facts regarding OTK's bonuses, those disputes are not material for the reasons explained in OTK's Motion for Reconsideration.

> 2. **Plaintiffs' Opposition mischaracterizes OTK's percentage-of-total-earnings bonus plan and its exclusion from computation of regular rate of pay.**

As OTK notes in its Motion for Reconsideration, Plaintiffs' argument disregards the flexibility that the FLSA and its implementing regulations provide employers in the design and implementation of their bonus plans to conform to their business operations. OTK's bonus plan clearly complies with the permissible structures and methods under the FLSA, and Plaintiffs have not met their burden to prove otherwise. Although the absence of the Court's forthcoming Memorandum Opinion leads to some guesswork regarding the Court's reasoning, this much is clear: application of Plaintiffs' erroneous legal theory to deny OTK's Motion for Partial Summary Judgment would constitute clear error, warranting reconsideration of the Court's prior decision.

> **3.     OTK's bonus plan is implemented on, and pays on, a percentage of total earnings and is therefore excludable from the regular rate of pay under 29 C.F.R. § 778.210.**
>
>> **a.     Plaintiffs' analysis ignores the nature of the bonus as a percentage of total earnings; OTK pays a percentage of both straight time and overtime.**

OTK's bonus plan pays a percentage bonus which is specifically applied to all overtime worked, in addition to employees' straight time. Therefore, the bonus simultaneously pays overtime compensation due on the bonus, in the express language of 29 C.F.R. § 778.210: "In such instances, of course, payments according to the contract will satisfy in full the overtime provisions of the Act and no recomputation will be required." Here, OTK's bonus plan is a calculated percentage bonus that increases an employee's total straight time earnings and overtime earnings for the period over which the bonus was earned. As such, payment of the bonus does not require a recalculation of the regular rate of pay for the applicable workweek.

>> **b.     Plaintiffs' Opposition does not address the WHD opinion letter's analysis supporting OTK's bonus plan as being in conformance with applicable regulations.**

The WHD Opinion Letter cited in OTK's Motion for Reconsideration supports OTK's position that its bonus plan conforms with 29 C.F.R. § 778.210 for exemption from recalculating the regular rate of pay:

> The other question arises from a proposal to pay the employees a lump sum computed by multiplying the employees' pay for an unspecified period by a fixed percentage. You indicate that the payments would include the same percentage of both the employees' straight time earnings and any overtime compensation paid to the employees for the period in question. *We believe that such a payment would constitute a percentage of total earnings bonus excluded from computation of the employees' regular rate of pay for overtime purposes pursuant to 29 C.F.R. 778.210.* Payment of a bonus and simultaneous payment of the overtime compensation due on the bonus satisfies the overtime requirements of the FLSA and no recomputation is required.

WHD Opinion Letter 1997 WL 998000, at *1 (Jan. 23, 1997) (emphasis added).

Although DOL's interpretive bulletins and opinion letters on percentage bonuses are technically not binding on the Court, the expertise of the DOL on labor matters is accorded deference under *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944); C*havez v. City of Albuquerque*, 630 F.3d 1300, 1308 (10th Cir. 2011); *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1268 n.5 (11th Cir. 2008); and *Brigham v. Eugene Water & Electric Board*, 357 F.3d 931, 940 (9th Cir. 2004).

In addition to the supportive interpretations of § 778.210, courts have upheld bonuses paid as a percentage of total earnings under the FLSA as against challenges of overtime violations based on the bonuses. In *Brock v. Two R Drilling Co., Inc.*, 789 F.2d 1177, 1179-80 (5th Cir. 1986), the court observed that the payment of a bonus calculated as a percentage of the employee's total wages for the period in reference to which the bonus is paid, generally does not require recomputation of the "regular" rate of pay for purposes of section 207(a) because the bonus is deemed to increase the straight time pay and the overtime pay by the same percentage, thus not altering the ratio between them. The *Two R Drilling* court, in turn, quoted from Judge Learned Hand's decision in *Siomkin v. Fairchild Camera & Instrument Corp.,* 174 F.2d 289 (2d Cir. 1949). The *Siomkin* court explained, in language quoted by the Fifth Circuit in *Two R Drilling*:

> A bonus which varies in proportion to "total earnings," varies in proportion to the sum of the straight time payments and the overtime payments, and a percentage of an aggregate is ordinarily computed upon every unit of the aggregate, unless some other purpose appears. It would be purely gratuitous to apply the percentage to "total earnings" over a period upon each dollar of straight time, but upon only sixty-seven cents of each dollar of overtime.
>
> ***
>
> A percentage paid upon current earnings ... has the same effect, as between employee and employer, as though it was added to each unit of pay, the unit and a half earned for overtime as well as the unit earned for straight time; and it ought to be deemed the equivalent of an increment to each of the units for current work.

*Id.* at 292–94. For that matter: "The regulations also give some recognition to the percentage bonus concept. *See* 29 C.F.R. §§ 778.210, 778.503." *Two R Drilling*, 789 F.2d at 1180.

A recent federal district court decision explained the clear logic behind the exclusion of the percentage bonus from the calculation of the regular rate of pay:

> The Department of Labor ("DOL") opines that an employer can avoid this recomputation exercise by paying a percentage bonus based on the employee's "total earnings," including all straight time, overtime, and other remuneration combined. 29 C.F.R. § 778.210. From a mathematical perspective, a percentage bonus under Section 778.210 achieves the same result as recomputation. Thus, percentage bonuses are permissible not because they have some independent legal justification, but because they achieve the same ultimate result for the employee."

*Weiniger v. General Mills Operations, LLC*, 344 F. Supp. 3d 1005, 1009 (E.D. Wisc. 2018).

## Conclusion

For the reasons set forth in its original Motion for Reconsideration, Defendant respectfully requests that this Court reconsider its Order denying Defendant's Motion for Partial Summary Judgment and grant summary judgment in Defendant's favor, and dismiss Plaintiffs' claims related to bonus payments, in addition to such other additional relief as requested in said Motion.

                    Respectfully submitted,

                    *s/ Devin C. Dolive*
                    Devin C. Dolive (DOLID4671)

                    Attorney for Defendant
                    OUTOKUMPU STAINLESS USA, LLC

**OF COUNSEL:**

BURR & FORMAN LLP
420 North 20th St., Suite 3400
Birmingham, Alabama 35203
Telephone: 205-251-3000
Facsimile: 205-458-5100
ddolive@burr.com

45475374 v3

6

## **CERTIFICATE OF SERVICE**

   I hereby certify that, on May 3, 2021, I electronically filed the foregoing document using the Court's CM/ECF system, which will automatically send electronic notice to the following:

Ian D. Rosenthal
HOLSTON, VAUGHN & ROSENTHAL, LLC
P.O. Box 195
Mobile, AL 36601
idr@holstonvaughan.com

Patrick H. Sims
SIMS LAW FIRM, LLC
P.O. Box 7112
Mobile, AL 36670
patrick@simslawfirm.com

             *s/ Devin C. Dolive*
             OF COUNSEL