# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **WILLIAM HEATH HORNADY, et al.,** | ) |
| Plaintiffs, | ) ) CASE NO. 1:18-cv-00317-JB-N |
| **v.** | ) ) ) |
| **OUTOKUMPU STAINLESS USA, LLC** | ) ) |
| Defendant. | ) ) |

## JOINT REPORT AND STIPULATIONS RELATED
## TO AWARD OF FEES AND EXPENSES UNDER THE COURT'S ORDER (DOC. 344)

**THIS JOINT REPORT IS FILED BY COUNSEL FOR DEFENDANT WITH THE CONSENT OF COUNSEL FOR PLAINTIFF.**

Plaintiffs William Heath Hornady, *et al*. and Defendant Outokumpu Stainless USA, LLC jointly submit, in response to the Court's November 18, 2021 Order (Doc. 344), the following report and stipulations regarding the amount of fees and expenses to be awarded to Plaintiffs' counsel under the Order. Specifically, although Defendant reserves all argument about the appropriateness of the sanctions set forth in the Court's Order, the Parties jointly stipulate that, under the Court's Order, Plaintiffs would be entitled to recover attorneys' fees in the amount of $107,600.00 and expenses in the amount of $1,055.40, for a total amount of **$108,655.40**. In support hereof, the Parties further state and/or stipulate as follows:

1. In its Order, the Court determined that "Plaintiffs are entitled to reasonable attorneys' fees and expenses incurred as a result of Defendant's conduct." (Doc. 93 at PageID # 4717.) Therefore, the Court directed Plaintiffs' counsel to "submit a detailed list of fees and expenses which they contend were incurred unnecessarily, including but not limited to the costs and fees expended in having to file and attend conferences and hearings held to adjudicate the numerous motions to compel and for sanctions." (*Id.*)

2. Plaintiffs' counsel prepared a detailed list and submitted it to Defendant's counsel for review. Thereafter, Plaintiffs' counsel and Defendant's counsel conferred about this list, in accordance with the Court's direction that the Parties "confer in order to reach an agreement regarding the amount of the award of fees and expenses …." (Doc 344 at PageID # 4717.)

3. Although the Parties did not necessarily see eye-to-eye on all issues, the Parties do not believe it necessary "to seek intervention from Magistrate Judge" in order "to resolve the total amount." (*See* Doc 344 at PageID # 4717.)

4. Instead, the Parties agree and stipulate (subject to any appeal rights the Defendant may have) that the total amount due to Plaintiffs pursuant to the Court's Order will be $108,655.40 (which breaks down to $107,600.00 in attorneys' fees and $1,055.40 in expenses). This agreement is subject to the following reservations:

> (a) Plaintiffs' agreement to remove or deduct certain entries from its detailed list originally submitted to Defendant's counsel shall not serve to waive or otherwise prejudice any rights Plaintiffs may have, under the FLSA or otherwise, to seek an award of the removed or deducted amounts or entries as part of any future award or judgment in this action, provided that Plaintiffs shall not seek a double recovery for fee and expense items already included within the agreed amounts;
>
> (b) This stipulation is not a waiver of any position of either Party concerning the amount, or basis for calculating, any other attorneys' fees which may be sought in the future in this or any other civil action; and
>
> (c) Defendant's agreement to pay the total amount of $108,655.40 in fees and expenses if the sanctions are upheld shall also not serve to waive or otherwise prejudice any rights Defendant may otherwise have, including, but not limited to, the rights:
>
>> (1) to ask the Court to correct, clarify, reconsider, alter, amend, or vacate its Order (Doc. 344) and any relief awarded therein, provided that a request for such relief shall not include a challenge to the computation of the amount of $108,655.40;
>>
>> (2) to appeal or otherwise seek review of the Court's Order and/or any other ruling of the Court in this action with the United States Court of Appeals for the Eleventh Circuit,

provided that such an appeal or other request for review shall not include a challenge to the computation of the amount of $108,655.40; and

(3) to contest in any regard any future fee applications by Plaintiffs in this action.

5. In essence, the Parties' agreement to the total amount of $108,655.40 in fees and expenses under the Court's Order (Doc. 344) is not intended to have any evidentiary impact on future fee requests or challenges to future fee requests in this or any other action. The Parties ask the Court to decide any such future issues without regard to the amount stipulated and agreed to by the Parties under the Court's November 18, 2021 Order.

6. In agreeing and stipulating to the total amount of $108,655.40, the Parties reserve all rights to address any scrivener's errors contained within this Joint Report and Stipulations.

Respectfully submitted,

*s/ Ian D. Rosenthal (by DCD)*
Ian D. Rosenthal (ROSEI6905)
Patrick H. Sims (SIMSP8145)

Attorneys for Plaintiffs
WILLIAM HEATH HORNADY, et al.:

OF COUNSEL:

Holston, Vaughan & Rosenthal, LLC
P.O. Box 195
Mobile, Alabama 36601
251-432-8883
idr@holstonvaughan.com

P.O. Box 7112
Mobile, Alabama 36670
251-725-1316 (office)
patrick@simslawfirm.net

*s/ Devin C. Dolive*
Devin C. Dolive (DOLID4671)
Ronald W. Flowers, Jr. (FLOWR3635)
H. William Wasden (WASDH4276)

                                             Attorneys for Defendant
                                             OUTOKUMPU STAINLESS USA, LLC

OF COUNSEL:

BURR & FORMAN LLP
11 North Water St., Suite 22200
Mobile, AL 36602
Telephone:  (251) 344-5151
Facsimile:  (251) 344-9696
bwasden@burr.com

BURR & FORMAN LLP
420 North 20th St., Suite 3400
Birmingham, Alabama 35203
Telephone:  205-251-3000
Facsimile:  205-458-5100
ddolive@burr.com
rflowers@burr.com