**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **WILLIAM HEATH HORNADY, ET AL.** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | )   **CASE NO. 1:18-CV-00317-JB-N** |
| | ) |
| **OUTOKUMPU STAINLESS USA, LLC** | ) |
| | ) |
| **Defendant.** | ) |

**JOINT MOTION TO COMPEL PRIOR COUNSEL'S PARTICIPATION IN
THE UPCOMING SETTLEMENT CONFERENCE AND INCORPORATED
MEMORANDUM OF LAW**

Plaintiffs and Defendant Outokumpu Stainless USA, LLC ("OTK") ("Movants"
or "the Parties") jointly move this Court to compel the participation of OTK's prior
counsel, Littler Mendelson ("Littler"), through its outside attorneys or otherwise, at
the settlement conference the Court currently has scheduled for June 6, 2022.[1]

**A.      Procedural Background**

This case commenced in July 2018, first as individual action by three named
Plaintiffs but later as a putative collective action under the FLSA. (*See* Docs. 1 & 16.)
In May 2019, the Court conditionally certified this matter as a collective action under
the FLSA. (*See* Doc. 93.) There are currently 276 individuals who are part of this
collective action. (*See* Doc. 373.)

---

[1] Judge Bivins has been made aware of this motion prior to its filing.

On November 18, 2021, the Court entered an Order granting default judgment in favor of the Plaintiffs and left undecided the amount of damages to award to Plaintiffs. (*See* Doc. 344 at PageID ## 4717-18.) The Court had previously rooted out the source of the problem leading to this Order by suspending the *pro hac vice* admission of OTK's previous lead counsel at the Littler Mendelson law firm. (*See* Doc. 303 at PageID # 3937). That ruling, and its aftermath, eventually led OTK to remove and replace Littler as counsel.  (Docs. 319 & 323). In fact, every single incident the Court listed in its November 18, 2021 Order as evidence of bad faith—spanning from September 4, 2018 to March 21, 2021—occurred before the disqualification of the Littler lawyers and Littler's replacement as counsel. (*See* Doc. 344 at PageID ## 4659-4698.)

On March 7, 2022, the Court began the process of setting the present settlement conference, and on April 21, 2022, the Court formally scheduled the settlement conference to take place on June 6, 2022, and Defendant OTK was specifically required to have all "persons or entities who are required to approve any settlement have representatives, in addition to their counsel, personally present at the settlement conference." (Doc. 376.)[2]  In compliance with this directive, and in preparation for the settlement conference, OTK sought the cooperation of its prior counsel, Littler Mendelson, through Littler's counsel, Mike Bell of Lightfoot Franklin.

---

[2] Meanwhile, on March 10, 2022, OTK, through its new counsel, also filed the Motion to Set Aside Default Motion to Reconsider and Clarify the Courts' November 18, 2021 and February 17, 2022 Orders and to Set Aside Default and Incorporated Memorandum of Law. (Doc. 369.)

In fact, in the last status conference before Judge Bivins preparatory to scheduling the settlement conference, Plaintiffs' counsel specifically requested that Littler or their E&O carrier be required to attend the mediation conference.  Littler's Lightfoot counsel has been present in the courtroom attending the proceedings in this case on previous occasions, most recently the Court's March 4, 2022 hearing.  As of May 26, Mr. Bell advised OTK counsel that Littler was not willing to participate in the settlement conference on June 6 or at any time.  Prior to this refusal, Littler's counsel took the position that they would not participate because they had not been given Plaintiff's damages calculations prior to May 11th.  Even after providing the damages calculations to Littler's counsel, and finally agreeing on an extended date for the mediation with Judge Bivins, they have refused to participate.

Even more concerning, not only has Littler refused to participate in the settlement conference, they have refused to stipulate that OTK's participation in the mediation, making settlement offers, or settling the case would not constitute a waiver of OTK's claims against Littler under a voluntary payment doctrine or other waiver theory.

**B.**  **Argument**

Federal Rule of Civil Procedure 16 provides a district court with the "power to facilitate settlement discussions." *In re Novak,* 932 F.2d 1397, 1403 (11th Cir.1991); *see also* Fed. R. Civ. P. 16(c)(1).[3] Pursuant to Rule 16, the Court "may require that a

---

[3] Although Rule 16 was amended following *Novak,* the Eleventh Circuit's interpretation of Rule 16 nevertheless remains consistent with the amended

party or its representative be present or reasonably available by other means to consider possible settlement" at a pretrial conference. A district court also has "inherent power" beyond that which is explicitly stated in a statute or regulation. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379-81 (1994). Inherent power includes "the power to issue orders necessary to facilitate the activity authorized by statute or rule" and "the power to issue any order necessary to preserve [the Court's] ability to manage and adjudicate a case . . . properly before it." *Novak*, 932 F.2d at 1403, 1406.

Parties and their counsel are under an obligation to participate in good faith at pretrial conferences. *See* Fed. R. Civ. P. 16(f)(1)(B). "If the participants are unprepared, these conferences, rather than assisting in the resolution and management of the case, are simply cathartic exercises." *Novak*, 932 F.2d at 1404. In *Pate v. Winn-Dixie Stores, Inc.*, No. CV213-166, 2015 WL 1097394, at *3 (S.D. Ga. Mar. 11, 2015), the district court considered a situation where "the only means to overcome [a] particular impediment [was] to issue an order directing a representative of the [nonparty insurer] to attend a pretrial settlement conference." Essentially, the nonparty insurer's "refusal to negotiate its rights against the Plaintiff's recovery . . . created an impasse in the parties' settlement discussions." *Id.* Therefore, the district court found that an order directed at the nonparty insurer was necessary "for the

---

language. *See Pate v. Winn-Dixie Stores, Inc.*, No. CV213-166, 2015 WL 1097394, at *3 (S.D. Ga. Mar. 11, 2015).

Court to perform its function of facilitating productive settlement discussions under Rule 16." *Id.*

OTK submits that, similarly, the settlement conference in the matter currently before the Court cannot be productive without the attendance and participation of Littler. OTK has previously requested an agreement with Littler that, if OTK makes an offer of judgment or otherwise makes settlement offers to Plaintiffs, OTK is not doing so voluntarily and is not waiving or compromising any claim OTK has against Littler. Littler has refused to agree to this. Under these circumstances, OTK's ability to negotiate a settlement is significantly impeded, frustrating the goals of Rule 16.

Rule 16(a) specifically authorizes courts, at their discretion, to require the attorneys of record to appear before it at pre-trial conferences for such purposes as facilitating the settlement of a case. Fed. R. Civ. P. 16(a); *see also Farmer v. Banco Popular of N. Am.*, 791 F.3d 1246 (10th Cir. 2015); *see also Theard v. United States*, 354 U.S. 278, 281 (1957) (courts possess broad inherent authority over attorneys who practice before it.). Littler attorneys were counsel of record at all times relevant to the Court's determination that default judgment was an appropriate sanction. Accordingly, it follows that the Court has the inherent authority to require OTK's prior counsel of record—whether directly or through their current outside counsel, who have been present at subsequent public hearings before this Court in this matter—to attend the settlement conference.  The actions of prior counsel are placed at issue in the Court's November 18, 2021 Order, and Littler's presence at the settlement conference is necessary for a meaningful mediation session.

## C.     Conclusion

For these reasons, the Parties respectfully request that the Court require Littler's participation in the upcoming settlement conference.

Respectfully submitted,

*/s/ H. William Wasden*
Devin C. Dolive (DOLID4671)
Ronald W. Flowers, Jr. (FLOWR3635)
H. William Wasden (WASDH4276)
Cheri Turnage Gatlin (Appearing *Pro Hac Vice)*

Attorneys for Defendant
OUTOKUMPU STAINLESS USA, LLC

*/s/ Ian D. Rosenthal*
Ian D. Rosenthal (ROSEI6905)
Holston Vaughan & Rosenthal, LLC.
Post Office Box 195
Mobile, Alabama 36601
(251) 432-8883 (office)
(251) 432-8884 (fax)
Email: idr@holstonvaughan.com
Attorney for Plaintiffs

*FILED BY DEFENDANT WITH CONSENT OF COUNSEL FOR PLAINTIFFS*

**OF COUNSEL:**

BURR & FORMAN LLP
11 North Water St., Suite 22200
Mobile, AL 36602
Telephone:  (251) 344-5151
Facsimile:  (251) 344-9696
bwasden@burr.com

BURR & FORMAN LLP
420 North 20th St., Suite 3400
Birmingham, Alabama 35203
Telephone:  205-251-3000
Facsimile:  205-458-5100
ddolive@burr.com
rflowers@burr.com

BURR & FORMAN LLP
190 East Capitol Street, Suite M-100
Jackson, Mississippi 39201
Telephone: (601) 355-3434
Facsimile: (601) 355-5150
cgatlin@burr.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have on June 1, 2022, electronically filed the foregoing document using the Court's CM/ECF system, which will send electronic notice to the following:

Ian D. Rosenthal, Esq.                    Patrick H. Sims, Esq.
Holston Vaughan & Rosenthal LLC            P. O. Box 2906
211 South Cedar Street                     Mobile, Alabama 36652
Mobile, Alabama 36602                      patrick@simslawfirm.net
idr@holstonvaughan.com

I further certify that, on this same day, I have sent a copy of the foregoing, via U.S. Mail and e-mail, to the following:

Michael L. Bell, Esq.                      Wesley B. Gilchrist, Esq.
The Clark Building                         The Clark Building
400 20th Street North                      400 20th Street North
Birmingham, Alabama 35203                  Birmingham, Alabama 35203
mbell@lightfootlaw.com                     wgilchrist@lightfootlaw.com


                              /s/ H. William Wasden
                              OF COUNSEL

48014348 v1                              7