IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| WILLIAM HEATH HORNADY, CHRISTOPHER MILLER, TAKENDRIC STEWART, and COLIN HARTERY Individually and on behalf of all others similarly situated who have opted to participate in this action,<br><br>Plaintiffs,<br><br>v.<br><br>OUTOKUMPU STAINLESS USA, LLC,<br><br>Defendant. | CASE NO.: 18-cv- 317-JB-N |

_____

**PLAINTIFFS' MISCELLANEOUS SUBMISSION ABOUT DEFENDANT'S PENDING MOTION TO RECONSIDER ETC. (Doc. 369)**

Defendant Outokumpu Stainless USA, LLC ("OTK") has filed a motion (Doc 369) seeking relief from the default judgment entered by the court last November (Doc 344). Because OTK has fully presented its arguments for relief in that motion, and thus has been heard, the court may choose to deny that motion without further proceedings.

The court has directed plaintiffs not to file a response to the motion without directions from the court. This filing is not a response to OTK's motion but is made to provide the court with supplemental information regarding relevant events and testimony since the motion was filed. Two of the critical bases of the motion are declarations of Melissa Pledger and David Scheid. In recent weeks, the depositions of both Ms. Pledger and Mr. Scheid were taken in the case of Gibson v Outokumpu Stainless USA, LLC, 1:21-cv-00103-JB-N. Mr. Scheid and Ms. Pledger were not questioned in detail about their lengthy declarations in this case, but their testimony about

1

overlapping matters in Gibson established that there are substantial misstatements in their declarations that were filed in this case.

It is almost unbelievable that Plaintiffs have to make this submission. The gap between "almost unbelievable" and "this is where we are" is bridged by the fact that the declarants are the same OTK personnel who were intimately involved in what the Court has previously described as OTK's "obstinate refusal to produce time and pay records", "misconduct [that] was deliberate and in bad faith", "willful and prejudicial discovery abuse[s]", "calculated sabotage of the judicial process", "bad faith, stalling, inconsistent answers, falsehoods, and all-around subversive approach to discovery", "flagrant bad faith designed to derail the orderly resolution of Plaintiffs' lawsuit", the production of "fabricated and inaccurate pay rates" in "verified" records, "willful disregard of the justice system", the "creation and production of inaccurate and incomplete pay and time records", "fraudulent and manipulative tactics", "pervasive and intentional misconduct", "privy to similar misconduct and sanctions before", and "proclivities for misconduct." Doc. 344, PageId. 4632, 4634, 4649-4650, 4654, 4685, 4687, 4690, 4698, 4709, 4712)  These are individuals who the record already demonstrated do not understand that the oaths given at the outset of deposition testimony, or the attestations that go with discovery responses or other verifications mean . . . anything at all.

It is understandable, as a matter of advocacy, why current counsel for OTK would look to Mr. Scheid and Ms. Pledger to provide declarations – once the dubious decision to seek reconsideration was made.  It is, perhaps, understandable that current counsel for OTK would assume (especially if the critical need for accuracy were emphasized to the declarants by counsel) that declarations would not be signed unless 100% of the content was, in fact, true and correct, based on personal knowledge, and the declarant "could and would competently testify" to it.  But,

in hindsight, it is obvious that the fundamental problem (which was already evident from OTK's prior deposition testimony and other discovery) is that these declarants will say whatever they think will help OTK at the moment they are saying it.

It is Plaintiffs' core position that nothing OTK said in its motion would, even if true, warrant any different outcome than the default that was properly entered. However, it is now clear that OTK's as-yet-uncontradicted submission does not even accurately portray the prior conduct and knowledge of OTK's own declarants.

Plaintiffs anticipate that an adversarial presentation and / or evidentiary hearing with testimony about OTK's submission will demonstrate:

(a) That the declarations of Melissa Pledger and Dave Scheid which OTK filed in support of its motion (Docs. 368-7 and 368-8) contain substantive mis-statements of fact.[1] Those mis-statements are presented in combination with mis-statements about the personal knowledge of the declarants, their competency to testify about the matters stated, and their purported review(s) of documents, etc. This would be a serious issue with any declaration, but the context in which these declarations are presented to the Court makes any inaccuracies exponentially worse.

(b) That what OTK and Littler Mendelson actually did to stall this litigation was more extreme than what the Court was able to discern from the record before it when its prior Orders were entered, and more extreme that even what Plaintiffs could perceive in real-time.

---

[1] Beginning May 12, 2022 (after Ms. Pledger was deposed in Gibson) Plaintiffs' counsel raised the issue of apparent inaccuracies in the declarations filed in this case with counsel for Defendant and requested that the Motion to Reconsider be withdrawn.

(c) That the declaration of Dr. Carole Amidon-Johansson which, supposedly, is based on her personal knowledge is, in fact, not.[2]  Further, that while Dr. Amidon-Johansson may well be an expert in the ordinary sense, the statements throughout her declaration which read like expert opinions (as opposed to statements of fact based on personal knowledge) would not survive Daubert scrutiny in addition to potential issues with factual accuracy.

Last but not least, OTK's Motion to Reconsider includes a small subset of apparently carefully selected  communications between it and its former counsel.  This means that there are no attorney-client or attorney work product privileges for any other materials.  Notably absent from OTK's submission was any mention of the role its own in-house counsel played in monitoring the litigation, or ensuring compliance with discovery obligations, etc.

What OTK would have the Court consider now (and, perhaps, eventually the Eleventh Circuit to consider later) is just what it chooses to file and say.  OTK's presentation to the Court is made while OTK is not disclosing its own complete file materials.  It is made without the Court or Plaintiffs having access to Littler Mendelson's file materials.  And, it is made without Littler Mendelson's attorneys having an opportunity (or standing) to take factual positions about OTK's self-serving, curated description of communications.

Frankly, if it meant that this case would really end once and for all sooner rather than later, then the Plaintiffs would prefer that the Court take OTK's submission at face value, deny the motion, and end the case.  The reality is that – as matters stand now – that probably would not avoid a potential appeal.  If, however, Plaintiffs are right about what further scrutiny of OTK's

---

[2] Dr. Carole Amidon-Johansson was designated by OTK as a purported expert in Gibson by OTK and the report that she signed in that case contained some of the exact language in the declaration from her that was filed in this case.  She was also deposed in Gibson in May, 2022.

4

Motion to Reconsider will reveal then it is hard to imagine what theoretical appeal grounds OTK would have the chutzpah to assert.

Plaintiffs are caught between a rock and a hard place. OTK benefits from every delay, and the Plaintiffs are harmed by every delay. Taking discovery, etc. and holding hearings involves delay. What Plaintiffs suggest here is just one approach the Court could consider. Specifically:

1. The Court require OTK to withdraw any declaration which the declarant does not still stand by, under penalty of perjury, as 100% accurate, including the introductory claims of "personal knowledge."

2. The Court require OTK to quickly make available for inspection and review all materials, emails, etc. about both its communications with Littler Mendelson and its own internal communications about this litigation (prior to the substitution of current counsel).

3. The Court require all in-house counsel for OTK (who were employed during the period before the substitution of current counsel) to testify by deposition as to their role(s) in monitoring this litigation and ensuring that OTK's discovery obligations were met.

4. That by request from OTK, or via subpoena, the entirety of Littler Mendelson's file materials, including texts, emails, notes, and voice mails is obtained and produced. (Alternatively, Plaintiffs' counsel has already provided Defendant with a draft subpoena to. Defendant has not provided any substantive input about that subpoena yet.)

All of that would involve a massive amount of work for counsel. But at least initially it would not require very much of the Court's time. The potential benefit, however, to the Court and the Plaintiffs in terms of judicial economy and substantive fairness is substantial.

Respectfully submitted,

**HOLSTON, VAUGHAN & ROSENTHAL, LLC.**

By: /s/ Ian D. Rosenthal
Ian D. Rosenthal – ROSEI6905
Attorney for Plaintiffs
P.O. Box 195
Mobile, AL 36601
(251) 432-8883 (office)
(251) 432-8884 (fax)
Email:  idr@holstonvaughan.com

**SIMS LAW FIRM, LLC.**

Patrick H. Sims – SIMSP8145
Attorney for Plaintiffs
P.O. Box 7112
Mobile, AL 36670
(251) 490-9424
Email: patrick@simslawfirm.net

## CERTIFICATE OF SERVICE

I hereby certify that I have on this the 17th day of June, 2022, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

**William H. Wasden, Esq**.
Burr & Forman, LLP
11 North Water Street – Suite 22200
Mobile, Alabama 36602
E-Mail: bwasden@burr.com

**Devin C. Dolive, Esq.**
Burr & Forman, LLP
420 North 20th Street – Suite 3400
Birmingham, Alabama 32503
E-Mail:  ddolive@burr.com

**Ronald W. Flowers, Jr., Esq.**
Burr & Forman, LLP

420 North 20th Street – Suite 3400
Birmingham, Alabama 32503
E-Mail:  rflowers@burr.com

**Cheri Turnage Gatlin, Esq.**
Burr & Forman, LLP
190 East Capitol Street, Ste M-100
Jackson, MS 39201
Email: cgatlin@burr.com

        /s/ Ian Rosenthal
        OF COUNSEL