IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **WILLIAM HEATH HORNADY, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | CIVIL ACTION NO. 1:18-00317-JB-N |
| ) | |
| **OUTOKUMPU STAINLESS USA,** ) | |
| ) | |
| **Defendant.** ) | |

**<u>FINAL JUDGMENT</u>**

In accordance with the November 18, 2021, Order [Adopting in Part, Modifying in Part the Report and Recommendations re Motion for Sanctions (Doc. 261)] (Doc. 344) entering a default judgment on liability against Defendant Outokumpu Stainless USA, LLC ("Defendant"), the February 17, 2022 Order [that finds Plaintiffs' well-pleaded allegations in the Third Amended Complaint state claims under the FLSA and Alabama common law] (Doc. 351), the March 8, 2022 Order [commemorating hearing on damage calculation objections of March 4, 2022] (Doc. 366) and the parties' stipulations[1] contained within the "Joint Submission Regarding Damages" (Doc.

---

[1] The Parties stipulated, in part, as follows:

> [T]he calculations are derived from time and pay data of Plaintiffs' employment and / or reasonable estimates of such time and pay. Occurrences of temporary stepup pay rates were estimated for certain time periods, as explained in more detail below. The parties stipulate that Defendant has had the opportunity to review the underlying calculations summarized in Exhibit [A], and to identify any areas of disagreement with the data utilized, the estimates made using this data, and/or the mechanical calculations performed. The parties stipulate that, for purposes of further proceedings in this case and except for specific disagreements noted below, the calculations in Exhibit [A] are consistent with the rulings reflected in the March 8, 2022 Order (Doc. 366), and both parties reserve objections previously stated as to the rulings contained in the Court's Order.

406), it is hereby ORDERED, ADJUDGED and DECREED that a Final Default Judgment is entered in favor of Plaintiffs, and against Defendant, in the amount of **$13,171,958.56**.[2]

In support thereof, the parties submitted an "Overall Summary" of damages due to each Plaintiff, prepared in accordance with the rulings set forth the Court's March 8, 2022 Order (Doc. 366), and attached hereto as Exhibit "A".

Total Damages are comprised of the following:

1) Overtime wages, under the FLSA, together with liquidated damages (*see* 29 U.S.C.A. § 216(b)), in the amount of **$12,606,408.58** (a spreadsheet detailing individual FLSA damage calculations for each Plaintiff, as well as an overall total is attached hereto as Exhibit "B"); and,

2) Damages for common law claims for unpaid wages in the amount of **$565,549.98**, (a spreadsheet detailing individual common law damage calculations for each Plaintiff, as well as an overall total is attached hereto as Exhibit "C").

Additionally, calculations for an exemplar Plaintiff were also submitted to the Court. These calculations demonstrate the underlying data used to calculate individual damages. (*See* Exhibit "D" ("Exemplar individual report of overtime and common law damages calculations within the

---

(Doc. 406).

[2] In the "Joint Submission Regarding Damages," the parties raise additional objections, some of which this Court has addressed in prior opinions, concerning the methodology in which damages are calculated. The Court reviewed the filing.

The Court realizes Defendant would like a "set off" for early payments made to 126 Plaintiffs on their rounding claims. (Doc. 406). Also, Plaintiffs do not dispute that 126 of them received payments with a total in excess of $334,045.58 in the spring of 2022. However, after considering positions from both parties the Court declines to adjust the amount of final damages to exclude these early payments, which do not appear to comply with the Court's instructions on the methodology to calculate damages. (Doc. 406; *see also* Docs. 344, 351, 366 and 409).

applicable FLSA statute of limitations period") and Exhibit "E" ("Exemplar individual report of common law damages calculations pre-dating applicable FLSA limitations period.")).

Under the FLSA, "in addition to any judgment award to plaintiff ..." "[t]he court in such action shall" "allow a reasonable attorney's fee to be paid by the defendant, and the cost of the action." 29 U.S.C. § 216(b).  The Parties agree, under Fed. R. Civ. P. 58(e), the issue of Plaintiffs' entitlement to attorneys' fees and costs need not be resolved before the Court enters a final judgment.  Accordingly, this Order is final and appealable under Fed. R. Civ. P. 54(b), there being no just reason for delay pending a determination of attorneys' fees and costs.  Entitlement to attorneys' fees and costs will be addressed by subsequent stipulation and / or Court Order.

**DONE and ORDERED** this 4th day of October, 2022.

/s/ JEFFREY U. BEAVERSTOCK
CHIEF UNITED STATES DISTRICT JUDGE