# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **WILLIAM HEATH HORNADY**, et. al,    ) | |
|                 ) | |
|         Plaintiffs,    ) | |
|                 ) | |
| VS.                 ) | CASE NO.: 18-cv-317-JB-N |
|                 ) | |
| **OUTOKUMPU STAINLESS USA, LLC,**   ) | |
|                 ) | |
|        Defendant.    ) | |
|                 ) | |

## <u>Chad Lee's Motion for Leave to Intervene As a Plaintiff</u>

As provided for by Fed. R. Civ. P. 24 Chad Lee moves the Court to allow him to intervene as a Plaintiff (as opposed to seeking relief by separate civil action).Exhibit 1 (attached) is the proposed complaint in intervention. See Fed. R. Civ. P. 24(c). (Ex. 1) Because the relief demanded flows directly from the civil contempt of the Defendant in this civil action, intervention is simpler than consolidation of a separate action as allowed by Fed. R. Civ. P. 42 but that is an alternative.

Lee recognizes that a district court often loses jurisdiction of a case when a notice of appeal is filed. This judge-made general rule is limited to the circumstances defined when it was created in *Griggs V. Provident Consumer Discount Co*, 459 US 56 (1982). There the Supreme Court said that a court of appeals had exclusive jurisdiction over "those aspects of the case involved in the appeal." *Id.,* at 58. In this case, nothing about the motion to intervene is involved with the issues raised by OTK on its appeal, so there is no "exclusive jurisdiction" issue.

As grounds, Chad Lee states:

1.    Plaintiffs William Heath Hornady, Christopher Miller, Colin Hartery and Takendric Stewart brought this action against Defendant Outokumpu Stainless USA, LLC ("Defendant")

individually and on behalf of all others similarly situated seeking relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, et seq.

2.      On May 30, 2019 the Court entered an Order for Conditional Certification. (Doc. 93) OTK did not oppose the basics of conditional certification and notice. (Doc. 63. pp. 2-3) OTK was required to produce to a Third Party Administrator that it selected the last known mailing addresses, etc. "of all those individuals to whom notice is to be sent" in Excel format. (Doc. 93, p. 5) The information was to be "verified by Defendant." (Doc. 93, p. 5) The Court ordered that notice was due to all "employees described by the Collective paid by Defendant at any time since July 30, 2015." (Doc. 93, p. 7)

3.      Chad Lee was employed by Defendant as an hourly manufacturing employee since it began operations in Calvert, Alabama because he was already working for ThyssenKrupp AG when Defendant acquired the facility. His hourly-based employment continued after July 30, 2015 and into 2018 when he became a salaried employee of Defendant.

4.      On June 26, 2019, OTK's counsel provided to Plaintiffs' counsel via email an Excel list of the names it provided to its chosen Third Party Administrator. The transmittal email is Ex. 2. The Excel list did not contain Chad Lee's name and information. This is reflected in the attached Declaration of Ian Rosenthal. (Ex. 3) The entire list is, of course, available but it includes the names and addresses of many non-parties.

5.      On March 11, 2020 Melissa Pledger provided deposition testimony as the corporate representative of Defendant. (Cited excerpts attached as Ex. 4) One of the subjects she was designated to testify about was:

> (N) The methodology by which the list of employees required by District Court Judge Beaverstock was prepared, and the identify [sic] of the person who can verify its accuracy.

6.      As OTK's representative, Pledger acknowledged that she was designated to provide testimony on that subject. (Ex. 4, p. 18) She testified that she was the person responsible for preparing the list of employees to whom notice about the lawsuit was sent. (Ex. 4, p. 18, 181) Under oath, she testified as to procedures she claimed to follow to identify employees who were salaried for part of the time period and hourly for part of the time period. (Ex. 4, p. 182-183) She was specifically asked about how an employee named Andy Godwin (who had been paid hourly for part of the time period and salaried for part of the time period) could have been omitted given the criteria she used. She had no explanation. (Ex. 4, pp. 183-184) Mr. Godwin is a Plaintiff in the *Hornady* case. He was also omitted from Defendant's lists. As is clear from Pledger's sworn testimony, the only way an employee such as Mr. Lee (or Mr. Godwin) would be omitted from the final lists was if she, or someone else, deleted their name twice. (See Ex. 4, pp. 184-186)

7.      In October, 2024 Mr. Lee learned that people who had been awarded a judgment in this *Hornady* case that had been affirmed included co-employees who he worked with on an hourly basis in 2016 and 2017. (See Declaration attached as Ex. 5)

8.      A party engages in contempt when he, she, or it "violates a definite and specific" court order. *S.E.C. v First Fin. Grp. Of Texas*, *Inc.*, 659 F. 2d 660, 669 (5th Cir. Oct. 21 1981); see also *Jasper Contractors, Inc.*, 2017 WL 8186721, at *3 (N.D. Ga. June 8, 2017); *Acosta v Eagle Eye Communications, L.L.C.*, 2018 WL 4474640, at *2 (N.D. Ga. June 7, 2018) Defendant violated a definite and specific court order when it provided an inaccurate and incomplete list of employees. District courts have wide discretion to fashion remedies for civil contempt. *E.E.O.C. v. Guardian Pools, Inc.*, 828 F. 2d 1507, 1515 (11th Cir. 197); *U.S. v. City of Miami*, 195 F. 3d 1292, 1298 (11th Cir. 1999)

9.      As reflected in the proposed complaint in intervention, OTK's acts and omissions are actionable under multiple overlapping theories. Because OTK's underlying misconduct was the direct violation of a court order in this case on claims brought by the named Plaintiffs that were intended to benefit similarly situated employees like Lee, intervention is a particularly appropriate procedural vehicle. Furthermore, because the relief to make Lee whole will overlap with the methodology of the awards to the other Plaintiffs, intervention is appropriate – especially because the most recent ruling of the 11th Circuit Court of Appeals contemplates this Court's further consideration of the temporal scope of the damages due the Plaintiffs that are similarly situated to Lee. *Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367, 1386 (11th Cir. 2024) Of course, it is acknowledged that OTK has sought further appellate review of its arguments – consistent with its standard practice with regard to adverse rulings by federal courts.

Respectfully submitted,

*/s/Ian Rosenthal*

Ian D. Rosenthal – ROSEI6905
Patrick H. Sims – SIMSP8145
Frederick G. Helmsing, Jr., Esq. HELMF3421

**Attorneys for Plaintiffs and Chad Lee**

DAVIS, DAVIS AND ASSOCIATES, P.C.
Ian D. Rosenthal
27180 Pollard Road
Daphne, AL 36526
Telephone:  (251) 621-1555
Email: ian@ddalawfirm.com

SIMS LAW FIRM, LLC.
Patrick H. Sims
Post Office Box 7112
Mobile, AL 36670
(251) 490-9424

Email: patrick@simslawfirm.net

JONES WALKER, LLP
Frederick G. Helmsing, Jr., Esq.
11 North Water Street, Suite 1200
Mobile, Alabama 36602 (251) 432-1414 (office) (251) 439-7356 (fax)
E-Mail: fhelmsing@joneswalker.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have on this the 11th day of November, 2024 electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

**William H. Wasden, Esq**.
Burr & Forman, LLP
11 North Water Street – Suite 22200
Mobile, Alabama 36602
E-Mail: bwasden@burr.com

**Devin C. Dolive, Esq.**
Burr & Forman, LLP
420 North 20th Street – Suite 3400
Birmingham, Alabama 32503
E-Mail:  ddolive@burr.com

**Ronald W. Flowers, Jr., Esq.**
Burr & Forman, LLP
420 North 20th Street – Suite 3400
Birmingham, Alabama 32503
E-Mail:  rflowers@burr.com

**Cheri Turnage Gatlin, Esq.**
Burr & Forman, LLP
190 East Capitol Street, Ste M-100
Jackson, MS 39201
E-Mail: cgatlin@burr.com


/s/ Ian Rosenthal
OF COUNSEL

.