IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **WILLIAM HEATH HORNADY, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | CASE NO. 1:18-CV-00317-JB-N |
| v. ) | |
| ) | |
| **OUTOKUMPU STAINLESS USA, LLC,** ) | |
| ) | |
| **Defendant.** ) | |

### DEFENDANT'S RESPONSE TO CHAD LEE'S MOTION TO INTERVENE AS A PLAINTIFF

Defendant Outokumpu Stainless USA, LLC ("OTK") hereby responds to the "Motion to Intervene as a Plaintiff" (Doc. 448) filed by third party Chad Lee ("Mr. Lee"). OTK does not dispute two of the underlying facts that Mr. Lee shows in support of his Motion: first, Mr. Lee should have been provided with an opt-in notice in the summer of 2019, and second, Mr. Lee's name does not appear to have been on the list that OTK provided to the third-party administrator in the summer of 2019. Therefore, although Mr. Lee does not specifically request this relief, if Mr. Lee is prepared to state, under oath, that he would have returned an opt-in notice had he received one in the summer of 2019, OTK would **not** oppose Mr. Lee joining this action as the 277th opt-in Plaintiff for FLSA claims. Further, if Mr. Lee is prepared to state, under oath, that he would have returned an opt-in notice had he received one in the summer of 2019, then, provided the Eleventh Circuit affirms the Final Default Judgment (Doc. 410) as to the 276 current Plaintiffs, then OTK also would **not** oppose the award of default FLSA damages to Mr. Lee using the same methodologies used in calculating the FLSA damages for the other 276 Plaintiffs.

However, OTK opposes that portion of Mr. Lee's Motion to Intervene asking that OTK be held in contempt and further opposes allowance of the proposed Complaint in Intervention (Doc. 448-1) to bring claims for (1) "Civil Contempt"; (2) "Breach of Contract"; and (3) "Fraudulent Suppression." Further, to the degree that the Court is considering holding OTK in contempt, OTK requests that the Court set a hearing on this issue. OTK is also prepared to submit a brief regarding Mr. Lee's contempt arguments fourteen (14) days before any hearing. In further support of this Response, OTK shows as follows:

1. As an initial matter, Mr. Lee's counsel did not consult OTK before filing the Motion to Intervene (Doc. 448). Had such consultation occurred, perhaps the present dispute over Mr. Lee's intervention would not be before this Court, and the parties could likely have agreed on a way forward that would allow Mr. Lee to bring claims. For the Court's convenience, attached, as "**Exhibit 1**," is an e-mail string between counsel dated November 15-19, 2024. Mr. Lee and OTK do not appear to be that far apart in terms of what resolution of the issues surrounding Mr. Lee might look like, but Mr. Lee "jumped the gun" by filing the present Motion to Intervene without consulting OTK's counsel. Therefore, OTK opposes Mr. Lee's Motion to Intervene, at least in its current form.

2. Mr. Lee's Motion to Intervene begins by arguing that this Court has jurisdiction to hear his Motion, notwithstanding the pending Eleventh Circuit appeal of this Court's October 2022 Final Default Judgment (Doc. 410). (*See* Doc. 448, PageID 8175.) In response, OTK takes no position at this time on whether the Court has jurisdiction but notes that the question is arguably an academic issue, insofar as this Court will eventually obtain jurisdiction again once the Eleventh Circuit issues its mandate. If this Court does not think it has jurisdiction at this time, the solution is simply to defer ruling on Mr. Lee's Motion to Intervene until such time as the Eleventh Circuit issues its mandate in the pending appeal.

3. Mr. Lee further argues that "OTK has sought further appellate review of its argument – consistent with its standard practice with regard to adverse rulings by federal courts." (Doc. 448, PageID 8178.) OTK disagrees with this characterization. To the extent that Mr. Lee is referring to the "Petition for Panel Rehearing and/or Rehearing *En Banc*" that OTK filed with the Eleventh Circuit on November 1, 2024 and to the extent Mr. Lee is attempting to argue the merits of that Petition before this Court (rather than in the Eleventh Circuit), that matter is squarely before the Eleventh Circuit and not this Court. The pending Petition, moreover, speaks for itself. Among other things, the Eleventh Circuit's October 11, 2024 decision found that OTK "has not provided the plaintiffs with time and pay records from 2015 to 2017 …. Those records no longer exist, and it was Outokumpu who failed to maintain them." *Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367, 1378 (11th Cir. 2024). As this Court is well aware, OTK produced various records from the 2015 to 2017 time period, and Plaintiffs relied on those records in seeking summary judgment from this Court. (*See, e.g.,* Docs. 188, 188-1, 188-3, 188-4, 188-5, 188-6, 188-7, & 244-10 (Plaintiffs' evidentiary submissions containing records covering the 2015-2017 time period).) Accordingly, OTK is seeking clarification of the Eleventh Circuit's decision via a Petition for Rehearing.

4. However, although OTK disagrees with Mr. Lee's arguments about OTK's pending Eleventh Circuit Petition, OTK does not disagree that Mr. Lee has shown some sort of potential entitlement to relief here. The Court's opt-in notice should have gone to those who could say that "I am now employed by Outokumpu in Calvert, Alabama in an hourly-paid, manufacturing position" or "I was last employed by Outokumpu in such a position after July 30, 2015." (Doc. 104, p. 5.) Mr. Lee fell into the second category: OTK employed him in an hourly-paid, manufacturing position until he moved into a salaried position in 2018. (*See* Doc. 448-5, PageID 8211.) Further, based on its initial investigation following receipt of Mr. Lee's Motion to

Intervene, OTK agrees with Mr. Lee that his name does not appear to have been included on the list of 1,342 names that OTK's counsel sent to the third-party administrator in the summer of 2019. (*See* Doc. 448-3, PageID 8189.)

5. Missing from Mr. Lee's Declaration (Doc. 448-5), however, is any statement that Mr. Lee would have returned an opt-in notice in the summer of 2019 had OTK provided his name to the third-party administrator as should have happened. If Mr. Lee is prepared to remedy this omission and state, under oath, that he would have returned an opt-in notice in the summer of 2019, then OTK would be prepared for Mr. Lee to join this lawsuit as the 277th Plaintiff, provided that he brings the same FLSA claims as the other 276 Plaintiffs. (Per Doc. 373, there are currently 276 Plaintiffs in this matter.) The under-oath statement from Mr. Lee is necessary because the opt-in notices went to 1,342 individuals in the summer of 2019, and of these 1,342 individuals, only 276 are parties to the Final Default Judgment. Presumably, had some of the 1,066 individuals (i.e., the 1,342 minus the 276) who received notices but who either did not opt-in at all or else opted-in but did not stay in the lawsuit until the Final Default Judgment known, at the time, that there would eventually be a Default Judgment against OTK, the opt-in rate would have been higher than it was. OTK desires to put Mr. Lee in the same position as the 1,342 individuals who received opt-in notices in the summer of 2019, not to put him in a better position than these 1,342 individuals.

6. Further, had Mr. Lee received and returned an opt-in notice in the summer of 2019 and then remained in the lawsuit after returning his opt-in notice, he would have been covered by the same Final Default Judgment (Doc. 410) entered against OTK as to the other 276 Plaintiffs. Therefore, depending on the posture of this case once the Eleventh Circuit issues its mandate, OTK also would **not** oppose the award of default FLSA damages to Mr. Lee using the same methodologies used in calculating the FLSA damages for the other 276 Plaintiffs, provided that the Eleventh Circuit affirms the Final Default Judgment as to the other 276 Plaintiffs.

7. This seems a simpler solution than that proposed by Mr. Lee's proposed Complaint in Intervention (Doc. 448-1). OTK does not agree that it should be held in contempt (Mr. Lee's proposed "Count One"); does not agree that it breached any contract with Mr. Lee (his proposed "Count Two"); and does not agree that it engaged in "fraudulent suppression" as to Mr. Lee (his proposed "Count Three").

8. In arguing for contempt here, Mr. Lee maintains that Melissa Pledger "or someone else" would have had to "delete" Mr. Lee's name "twice" when compiling the list of 1,342 current and former hourly-paid, manufacturing employees provided to the third-party administrator. (Doc. 448, PageID 8177.) OTK disagrees with this characterization but has not yet completed its investigation into what happened in the summer of 2019. Therefore, to the degree that the Court is considering holding OTK in contempt, OTK requests that the Court set a hearing on this issue. OTK is also prepared to submit a brief regarding Mr. Lee's contempt arguments fourteen (14) days before the hearing.

WHEREFORE, OTK opposes the Motion to Intervene (Doc. 448) in its present form and instead proposes as follows:

(A) If Mr. Lee is prepared to state, under oath, that he would have returned an opt-in notice had he received one in the summer of 2019, OTK would **not** oppose Mr. Lee joining this action as the 277th opt-in Plaintiff for FLSA claims;

(b) Further, if Mr. Lee is prepared to state, under oath, that he would have returned an opt-in notice had he received one in the summer of 2019, then, provided the Eleventh Circuit affirms the Final Default Judgment as to the 276 current Plaintiffs, then OTK also would **not** oppose the award of default FLSA damages to Mr. Lee using the same methodologies used in calculating the FLSA damages for the other 276 Plaintiffs;

(C) Based on the relief granted in (A) and (B) above, the Court should deny Mr. Lee leave to file the proposed Complaint in Intervention (Doc. 448-1) in its current form;

(D) To the degree that the Court is considering holding OTK in contempt, OTK requests that the Court set a hearing on this issue; and

(E) OTK also seeks leave to submit a brief regarding Mr. Lee's contempt arguments fourteen (14) days before any hearing.

Respectfully submitted,

*/s/ Devin C. Dolive*
Devin C. Dolive (DOLID4671)
Ronald W. Flowers, Jr. (FLOWR3635)
H. William Wasden (WASDH4276)
Cheri Turnage Gatlin (Appearing *Pro Hac Vice*)

Attorneys for Defendant
OUTOKUMPU STAINLESS USA, LLC

**OF COUNSEL:**

BURR & FORMAN LLP
11 North Water St., Suite 22200
Mobile, AL 36602
Telephone: (251) 344-5151
Facsimile: (251) 344-9696
bwasden@burr.com

BURR & FORMAN LLP
420 North 20th St., Suite 3400
Birmingham, Alabama 35203
Telephone: 205-251-3000
Facsimile: 205-458-5100
ddolive@burr.com
rflowers@burr.com

BURR & FORMAN LLP
190 East Capitol Street, Suite M-100
Jackson, Mississippi 39201
Telephone: (601) 355-3434
Facsimile: (601) 355-5150
cgatlin@burr.com

## **CERTIFICATE OF SERVICE**

  I do hereby certify that I have on November 25, 2024, electronically filed the foregoing document using the Court's CM/ECF system, which will send electronic notice to the following:

Ian D. Rosenthal, Esq.
Davis, Davis and Associates
27180 Pollard Road
Daphne, Alabama 36526
ian@ddalawfirm.com

Patrick H. Sims, Esq.
P. O. Box 2906
Mobile, Alabama 36652
patrick@simslawfirm.net

Frederick G. Helmsing, Jr., Esq.
Jones Walker LLP
11 N. Water Street, Suite 1200
Mobile, Alabama 36602
fhelmsing@joneswalker.com

              */s/ Devin C. Dolive*
              OF COUNSEL