IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **WILLIAM HEATH HORNADY**, et. al, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| VS. ) | CASE NO.: 18-cv-317-JB-N |
| ) | |
| ) | |
| **OUTOKUMPU STAINLESS USA, LLC,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

<u>Plaintiffs' Reply Brief About the Inapplicability of the FLSA Statute of Limitations</u>

This Court studiously looks to Eleventh Circuit and Supreme Court precedent about what it can do, what it must do, what it cannot do, and what it has discretion to do. Armed with the helpful guidance of the Eleventh Circuit, Plaintiffs submitted a brief based on the precedent of those higher courts showing that on the procedural facts in this case this Court could not apply the FLSA's three year statute of limitations ("SOL") after it was struck (three times). Whether (or when) a SOL that is not before the Court can nonetheless be applied is the narrow legal issue. In its reply, OTK basically ignores it – except for a couple of brief comments that it gets wrong.

What this Court can do is based on the rules and the precedent applicable in this Circuit. Plaintiffs rely on it and OTK ignores it. At a basic level OTK offers nothing in support of its position that a SOL that was struck can be applied anyway. If the burden to show that an affirmative defense applies is on a defendant, then the burden of showing that an affirmative defense that was struck applies anyway is also OTK's. OTK fails to identify any authority for the position that it takes that an SOL defense that is struck can eliminate claims under the FLSA that might be barred if the SOL defense was not struck.

1

In paragraph 1, OTK says nothing responsive to the basic issue of how a struck SOL defense could be applied. It does acknowledge that the Court's ruling eliminated the FLSA claims of 22 Plaintiffs and reduced the FLSA recovery for parts of 2015 /2016 for almost 200 others.

OTK says nothing about the United States Supreme Court opinions cited by the Eleventh Circuit and then by Plaintiffs. That seems like a noteworthy omission. In paragraphs 2 and 3, OTK does acknowledge *Day v. Liberty National Life Ins. Co.*, 122 F. 3d 1012, 1014-1015 (11th Cir. 1997). It then inaccurately describes *Day*. OTK tells this Court that "nothing in *Day*" "means this Court must award" the Plaintiffs FLSA damages. *Day* shows that the Court cannot apply a SOL to limit (or eliminate) damages when there is no SOL defense. The dispositive issue in *Day* was whether a two year SOL could be applied when it was not pled by the defendant. The Eleventh Circuit held it could not. Strangely, OTK tells this Court that the issue in *Day* was whether the trial court abused its discretion by applying a two year SOL rather than a three year SOL. (Doc. 465 PageID. 8351) That is simply wrong. Nothing in *Day* involved a three year SOL. The Plaintiff's claims were based on events between two and three years before suit. Only the two year SOL theoretically mattered and the Eleventh Circuit held it could not be applied because it was not pled.

In paragraphs 4, 7, 9 and 12 OTK insists that the SOL provisions in 29 U.S.C. §§ 255(a) and 256 matter even when the defense they provide is struck. Section 255(a) is the FLSA's SOL provision and OTK does not have that statutory defense. In turn. § 256 only matters when there is a SOL defense. It deals with the temporal benchmarks for that defense. (Those benchmarks can be adjusted through equitable tolling of an un-struck SOL defense.[1]) Compounding its misplaced reliance on the statutory provisions for the SOL defense it forfeited, in paragraphs 9 and 11 OTK

---

[1] In paragraph 4 OTK also claims that *Grayson v. K Mart Corp.* 79 F. 3d 1086, 1106 n. 38 (11th Cir. 1996) confirms that § 256 means what it says. In *Grayson* there was a SOL defense to apply and § 256 was in play. Here it is not because there is no SOL defense.

suggests that a three year period matters "by operation of" §§ 255(a) and 256 and then OTK contends that the Plaintiffs have to explain why they are to be awarded the damages they pled entitlement to in the Amended Complaint. The short answers are that §§ 255(a) and 256 have no field of operation when there is no SOL, and that the issue on remand is why (or how) a struck SOL could be applied to limit the relief the Plaintiffs pled entitlement to in the Amended Complaint. As Plaintiffs set out in their initial brief, the precedents of the Supreme Court and the Eleventh Circuit establish that there is no way to properly apply a struck SOL here.

In paragraph 5 OTK says that Plaintiff has not cited a single FLSA collective action case in which a court allowed plaintiffs to go back more than three years. Plaintiffs briefed the issue the Eleventh Circuit identified on remand – which is whether a struck SOL can be applied. There are hardly any FLSA cases where an SOL is not pled, but when that happens the SOL is not applied because it cannot be applied. The one case with those facts from this Circuit (that Plaintiffs can identify) is *Richardson v. Boyd Sch., Inc.*, 2014 WL 1577015, at *3 (N.D. Ala., 2014). Because there was no SOL defense, the Plaintiff's recovery was based on the time-frame of her well-pleaded allegations. In *Richardson*, that was her entire period of employment which exceeded three years.

OTK incorrectly posits that there is some absolute three year period (whether or not a SOL defense is pled) in FLSA collective actions as if there were a statute of repose. While this case was on appeal, the Eleventh Circuit made it absolutely clear that the statute's SOL period can be equitably tolled in collective actions: "*Mickles* establishes that equitable tolling is available in Fair Labor Standards Act cases . . ." *Wright v. Waste Pro USA, Inc.*, 69 F 4th 1332, 1340 (11th Cir. June 13, 2023); S*ee also Manasco v. Best In Town,* Inc., 2022 WL 816469, at *11 (N.D. Ala. Mar. 17, 2022). What matters from those cases is that they illustrate the plausibility of equitable tolling of collective actions within this Circuit. Additionally, there is the concurrence in *Clark v. A&L*

3

*Homecare & Training Ctr., LLC,* 68 F.4th 1003, 1012 (6th Cir. May 19, 2023) which advances positions very similar to those made by Plaintiffs here. But, to the extent that the allegations of Plaintiffs Amended Complaint matter (even in the absence of a SOL defense) they explicitly sought a FLSA recovery for the Collective based on 3 years from its filing and that is a plausible claim for entitlement – which is the standard after default. *Harris by & through Davis v. Autry*, 2022 WL 392169, at *3 (11th Cir. Feb. 9, 2022); *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)

In paragraph 6 OTK asserts the 10th Circuit case of *Yellen v. Cooper* 828 F. 2d 1471 (10th Cir. 1987) is "more analogous to the present scenario" than *Latimer v. Roaring Toyz, Inc.*, 601 F. 3d 1224, 1239-1240 (11th Cir. 2010) OTK does not try to explain how *Yellen* is authority for applying a struck SOL. It is not. *Yellen* involved the *sua sponte* application of a waiver defense applicable to the Interstate Agreement on Detainers Act. The Plaintiff had signed documents that constituted a waiver. 828 F. 2d at 1474. That issue in *Yellen* has nothing to do with what happens to parties that forfeit their potential defenses, or waive them by not pleading them.

In paragraph 8 OTK cites the same cases it relied on in its appellate submissions. The Eleventh Circuit mentioned none of them. A couple of those cases OTK acknowledges (in parentheticals) involved SOL defenses that were presented in Answers. The *Clark v Ga. Pardons & Paroles Bd.* case actually refutes OTK's argument (in its entirely unrelated context). Acknowledging that a pleading asserting SOL barred claims could be dismissed as frivolous, the Court stated there was nothing in *Clark* to conclude it was frivolous. 915 F. 2d 636, 640 n. 2 (11th Cir. 1990)

In paragraph 10, OTK strangely says "there was no finding of the amount of damages" in November, 2021. That is true, but in that Order the SOL defense was struck (again). The issue is

4

that almost a year later when the Court entered its final judgment and quantified damages, it applied a SOL that it had already struck – to limit the damages it quantified. OTK fails to identify any authority that the Court could do so. Plaintiffs have shown that under applicable precedent it did not.

<u>Paragraph 11</u> of OTK's brief has nothing to do with the issue on remand about the SOL. As the Court knows (and as OTK admitted in the joint filings on damages) because OTK did not have complete or accurate records from 2015 – 2017 the parties stipulated to some ways to approximate the information OTK no longer had.

Conclusion

In sum, OTK has chosen to ignore the issue that the Eleventh Circuit remanded. It offers nothing as authority for applying a struck SOL under any circumstances (let alone those presented here). In paragraph 13 OTK announces without citation that the Court was "free to find" "that it would consider proof of damages going back only three years." OTK's wishes are neither the law nor precedent, and Plaintiffs submit that when the applicable law and precedent are considered, the simple conclusion is that the struck SOL could not be applied to temporally limit the claims that were presented for the Collective in the Amended Complaint.

Respectfully submitted,

*/s/Ian Rosenthal*

Ian D. Rosenthal – ROSEI6905
Patrick H. Sims – SIMSP8145
Frederick G. Helmsing, Jr., Esq. HELMF3421

**Attorneys for Plaintiffs**

DAVIS, DAVIS AND ASSOCIATES, P.C.
Ian D. Rosenthal
27180 Pollard Road
Daphne, AL 36526
Telephone: (251) 621-1555
Email: ian@ddalawfirm.com

SIMS LAW FIRM, LLC.
Patrick H. Sims
Post Office Box 7112
Mobile, AL 36670
(251) 490-9424
Email: patrick@simslawfirm.net

JONES WALKER, LLP
Frederick G. Helmsing, Jr., Esq.
11 North Water Street, Suite 1200
Mobile, Alabama 36602 (251) 432-1414 (office) (251) 439-7356 (fax)
E-Mail: fhelmsing@joneswalker.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this the 25th day of March, 2025 electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

**William H. Wasden, Esq**.
Burr & Forman, LLP
11 North Water Street – Suite 22200
Mobile, Alabama 36602
E-Mail: bwasden@burr.com

**Devin C. Dolive, Esq.**
Burr & Forman, LLP
420 North 20th Street – Suite 3400
Birmingham, Alabama 32503
E-Mail:  ddolive@burr.com

**Ronald W. Flowers, Jr., Esq.**
Burr & Forman, LLP
420 North 20th Street – Suite 3400
Birmingham, Alabama 32503
E-Mail:  rflowers@burr.com

**Cheri Turnage Gatlin, Esq.**
Burr & Forman, LLP
190 East Capitol Street, Ste M-100
Jackson, MS 39201
E-Mail: cgatlin@burr.com

**Natalie Cosmich, Esq.**
Burr & Forman, LLP
190 East Capitol Street, Ste M-100
Jackson, MS 39201
E-Mail: ncosmich@burr.com

　　　　　　　　　　　　　　　　　　　　　*/s/ Ian Rosenthal*
　　　　　　　　　　　　　　　　　　　　　OF COUNSEL