IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **WILLIAM HEATH HORNADY, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | CASE NO. 1:18-CV-00317-JB-N |
| v. ) | |
| ) | |
| **OUTOKUMPU STAINLESS USA, LLC,** ) | |
| ) | |
| **Defendant.** ) | |

**<u>DEFENDANT'S ANSWER TO COMPLAINT IN INTERVENTION</u>**

Defendant Outokumpu Stainless USA, LLC ("OTK") hereby responds to the Complaint in Intervention (Doc. 461) filed "[w]ith regard to Chad Lee." OTK has previously represented to the Court, in relevant part:

> [I]f Mr. Lee is prepared to state, under oath, that he would have returned an opt-in notice had he received one in the summer of 2019, OTK would **not** oppose Mr. Lee joining this action as the 277th opt-in Plaintiff for FLSA claims. Further, if Mr. Lee is prepared to state, under oath, that he would have returned an opt-in notice had he received one in the summer of 2019, then, provided the Eleventh Circuit affirms the Final Default Judgment (Doc. 410) as to the 276 current Plaintiffs, then OTK also would **not** oppose the award of default FLSA damages to Mr. Lee using the same methodologies used in calculating the FLSA damages for the other 276 Plaintiffs.

(Doc. 449, PageID 8212.) Since OTK made that representation, Mr. Lee has submitted the attached Declaration dated December 10, 2024 ("**Exhibit A**"), and the Eleventh Circuit has issued its Mandate (Doc. 450). Therefore, consistent with its previous representations to this Court, OTK does **not** oppose Mr. Lee joining this action as the 277th opt-in Plaintiff for FLSA claims and does **not** oppose the Court awarding FLSA damages to Mr. Lee using the same methodologies the Court directs, on remand from the Eleventh Circuit, be used in calculating the FLSA damages for the other 276 Plaintiffs. For such purposes, OTK will deem Mr. Lee to have opted-in to this action **as**

60586402 v1

**of July 18, 2019**, which is the day the first consent was filed using the form provided by the third-party administrator. (*See* Doc. 109.) OTK further notes that, at the status conference held on March 5, 2025, the Court directed OTK to file a status report no later than April 4, 2025 regarding Mr. Lee's omission from the list used for opt-in notices. By responding to the Complaint in Intervention, OTK reserves and does not waive any issues to be addressed via OTK's forthcoming status report.

Otherwise, in response to the Complaint in Intervention, OTK denies that its acts and omissions "constitute actionable civil contempt," denies any "misconduct," and responds to the numbered paragraphs of the Complaint in Intervention as follows:

1.   In response to numbered paragraph 1 of the Complaint in Intervention, OTK states that its previous Limited Opposition to Plaintiffs' Motion for Class Certification (Doc. 63) and this Court's subsequent May 30, 2019 Order for Conditional Certification (Doc. 93) speak for themselves. OTK denies any allegations in numbered paragraph 1 that are inconsistent with what is contained in those referenced documents.

2.   In response to numbered paragraph 2 of the Complaint in Intervention, OTK denies, on information and belief, that Mr. Lee was ever employed directly by ThyssenKrupp AG. OTK avers that the facility in Calvert now operated by Outokumpu Stainless USA, LLC was previously operated by ThyssenKrupp Stainless USA, LLC. It appears that ThyssenKrupp Stainless USA, LLC originally hired Mr. Lee. OTK admits that it employed Mr. Lee in Calvert, Alabama in an hourly-paid, manufacturing position at all relevant times between July 30, 2015 and his promotion to a salaried position in or around September 2018. OTK denies all remaining allegations in numbered paragraph 2.

3.   OTK states that that it is without information sufficient to admit or deny the allegations in numbered paragraph 3 of the Complaint in Intervention. Further, the wording in

numbered paragraph 3 differs somewhat from the wording Mr. Lee used in his previously submitted Declaration (Doc. 448-5). Therefore, those allegations are denied at this time, and OTK demands strict proof thereof.

4. Admitted.

5. In response to numbered paragraph 5 of the Complaint in Intervention, OTK states that Plaintiffs' previous deposition notice and OTK's response thereto speak for themselves. OTK denies any allegations in numbered paragraph 5 that are inconsistent with the referenced documents.

6. In response to numbered paragraph 6 of the Complaint, OTK denies that Melissa Pledger or anyone at OTK deleted Mr. Lee's name twice and further denies that Ms. Pledger or anyone else at OTK would have intentionally deleted either Mr. Lee's name or the name of "an employee such as Mr. Lee" (i.e., any employee whom OTK employed "in Calvert, Alabama in an hourly-paid, manufacturing position … after July 30, 2015") from the list prepared in or around June 2019. OTK states that the deposition testimony Ms. Pledger provided in the year 2020 speaks for itself, and therefore, OTK denies any allegations in numbered paragraph 6 inconsistent with that testimony. OTK denies any remaining allegations in numbered paragraph 6.

7. In response to numbered paragraph 7 of the Complaint in Intervention, OTK repeats the admissions and denials set forth in the preceding paragraphs above as if fully stated herein.

8. In response to numbered paragraph 8 of the Complaint in Intervention, OTK denies any allegation that it intentionally violated a definite and specific court order. Otherwise, the omission of Mr. Lee's name from the June 2019 list of 1,342 current and former employees will be addressed as part of the status report that OTK will be submitting no later than April 4, 2025, as discussed at the Court's March 5, 2025 status conference. The remainder of numbered paragraph 8 consists of legal conclusions to which no response is required.

9. Numbered paragraph 9 of the Complaint in Intervention consists of legal conclusions to which no response is required.

10. In response to numbered paragraph 10 of the Complaint in Intervention, OTK has previously represented to the Court, in relevant part:

> [I]f Mr. Lee is prepared to state, under oath, that he would have returned an opt-in notice had he received one in the summer of 2019, OTK would **not** oppose Mr. Lee joining this action as the 277th opt-in Plaintiff for FLSA claims. Further, if Mr. Lee is prepared to state, under oath, that he would have returned an opt-in notice had he received one in the summer of 2019, then, provided the Eleventh Circuit affirms the Final Default Judgment (Doc. 410) as to the 276 current Plaintiffs, then OTK also would **not** oppose the award of default FLSA damages to Mr. Lee using the same methodologies used in calculating the FLSA damages for the other 276 Plaintiffs.

(Doc. 449, PageID 8212.) Since OTK made that representation, Mr. Lee has submitted the attached Declaration dated December 10, 2024 ("Exhibit A"), and the Eleventh Circuit has issued its Mandate (Doc. 450). OTK denies any allegations in numbered paragraph 10 that are inconsistent with OTK's previous representations in Doc. 449, with Mr. Lee's own Declarations, or with the Eleventh Circuit's *Hornady* opinion.

11. In response to numbered paragraph 11 of the Complaint in Intervention, OTK repeats the admissions and denials set forth in paragraph 1-6 above as if fully stated herein.

12. Denied.

13. Numbered paragraph 13 of the Complaint in Intervention consists of legal conclusions to which no response is required.

14. Numbered paragraph 14 of the Complaint in Intervention consists of legal conclusions to which no response is required.

15. In response to numbered paragraph 15 of the Complaint in Intervention, OTK has already told the Court that, under the circumstances, it will not oppose the award of default FLSA damages to Mr. Lee using the same methodologies used in calculating the FLSA damages for the

other 276 Plaintiffs. (*See* Doc. 449, PageID 8212.) For such purposes, OTK will deem Mr. Lee to have opted-in to this action as of July 18, 2019, which is the day the first consent was filed using the form provided by the third-party administrator. (*See* Doc. 109.) OTK denies any remaining allegations in numbered paragraph 15.

16.     In response to numbered paragraph 16 of the Complaint in Intervention, OTK repeats the admissions and denials set forth in paragraph 1-6 above as if fully stated herein.

17.     In response to numbered paragraph 17 of the Complaint in Intervention, OTK avers that the Court's May 30, 2019 Order for Conditional Certification (Doc. 93) speaks for itself. OTK denies any allegations in numbered paragraph 17 that are inconsistent with what is contained in the Court's Order.

18.     In response to numbered paragraph 18 of the Complaint in Intervention, OTK avers that Mr. Lee's name and contact information were not included on the lists that OTK's counsel at the time provided the third-party administrator or to Plaintiffs' counsel. OTK denies any remaining allegations in numbered paragraph 18.

19.     OTK states that that it is without information sufficient to admit or deny the allegations in numbered paragraph 19 of the Complaint in Intervention. Therefore, those allegations are denied at this time, and OTK demands strict proof thereof.

20.     In response to numbered paragraph 20 of the Complaint in Intervention, OTK has already told the Court that, under the circumstances, it will not oppose the award of default FLSA damages to Mr. Lee using the same methodologies used in calculating the FLSA damages for the other 276 Plaintiffs. (*See* Doc. 449, PageID 8212.) For such purposes, OTK will deem Mr. Lee to have opted-in to this action as of July 18, 2019, which is the day the first consent was filed using the form provided by the third-party administrator. (*See* Doc. 109.) OTK denies any remaining allegations in numbered paragraph 20.

21.   In response to numbered paragraph 21 of the Complaint in Intervention, OTK admits that it had Mr. Lee's name and contact information as of June 2019, insofar as Mr. Lee was OTK's salaried employee at that time. OTK denies that it knowingly suppressed any material facts and denies that it knew at the time that Mr. Lee was entitled to receive notice of the opportunity to opt-in to the *Hornady* case. OTK denies any remaining allegations in numbered paragraph 21.

22.   In response to numbered paragraph 22 of the Complaint, OTK denies that it acted fraudulently in any respect and denies that any of its alleged acts or omissions were reckless or intentional. Otherwise, the omission of Mr. Lee's name from the June 2019 list will be addressed as part of the status report that OTK will be submitting no later than April 4, 2025, as discussed at the Court's March 5, 2025 status conference.

23.   In response to numbered paragraph 23 of the Complaint in Intervention, OTK has already told the Court that, under the circumstances, it will not oppose the award of default FLSA damages to Mr. Lee using the same methodologies used in calculating the FLSA damages for the other 276 Plaintiffs. (*See* Doc. 449, PageID 8212.) For such purposes, OTK will deem Mr. Lee to have opted-in to this action as of July 18, 2019, which is the day the first consent was filed using the form provided by the third-party administrator. (*See* Doc. 109.) OTK denies that Mr. Lee is entitled to any punitive damages and denies the remaining allegations in numbered paragraph 23.

In response to the unnumbered "WHEREFORE" paragraph immediately following numbered paragraph 23 of the Complaint in Intervention, OTK has already told the Court that, under the circumstances, it will not oppose the award of default FLSA damages to Mr. Lee using the same methodologies used in calculating the FLSA damages for the other 276 Plaintiffs. (*See* Doc. 449, PageID 8212.) For such purposes, OTK will deem Mr. Lee to have opted-in to this action as of July 18, 2019, which is the day the first consent was filed using the form provided by

the third-party administrator. (*See* Doc. 109.) OTK denies that Mr. Lee is entitled to any punitive damages and denies the remaining allegations in this unnumbered "WHEREFORE" paragraph.

OTK denies each and every allegation of the Complaint in Intervention not specifically admitted above.

                                                Respectfully submitted,

                                                */s/ Devin C. Dolive*
                                                Devin C. Dolive (DOLID4671)
                                                Ronald W. Flowers, Jr. (FLOWR3635)
                                                H. William Wasden (WASDH4276)
                                                Cheri Turnage Gatlin (GATC5673)
                                                Natalie Cosmich (admitted *pro hac vice*)

                                                Attorneys for Defendant
                                                OUTOKUMPU STAINLESS USA, LLC

**OF COUNSEL**:

For Mr. Wasden:

BURR & FORMAN LLP
11 North Water St., Suite 22200
Mobile, AL 36602
Telephone: (251) 344-5151
Facsimile: (251) 344-9696
bwasden@burr.com


For Messrs. Dolive & Flowers:

BURR & FORMAN LLP
420 North 20th St., Suite 3400
Birmingham, Alabama 35203
Telephone: 205-251-3000
Facsimile: 205-458-5100
ddolive@burr.com
rflowers@burr.com

For Mses. Gatlin & Cosmich:

BURR & FORMAN LLP
190 East Capitol Street, Suite M-100
Jackson, Mississippi 39201
Telephone: (601) 355-3434
Facsimile: (601) 355-5150
cgatlin@burr.com
ncosmich@burr.com

## CERTIFICATE OF SERVICE

      I do hereby certify that I have on April 1, 2025, electronically filed the foregoing document using the Court's CM/ECF system, which will send electronic notice to the following:

Ian D. Rosenthal, Esq.
Davis, Davis and Associates
27180 Pollard Road
Daphne, Alabama 36526
ian@ddalawfirm.com

Patrick H. Sims, Esq.
P. O. Box 2906
Mobile, Alabama 36652
patrick@simslawfirm.net

Frederick G. Helmsing, Jr., Esq.
Jones Walker LLP
11 N. Water Street, Suite 1200
Mobile, Alabama 36602
fhelmsing@joneswalker.com

                                    */s/ Devin C. Dolive*
                                    OF COUNSEL